IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| K.C. HOPPS, LTD, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Case No. 4:20-CV-437 |
| | ) | |
| vs. | ) | |
| | ) | |
| THE CINCINNATI INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S MOTIONS *IN LIMINE* NO. 4-11 WITH SUGGESTIONS IN SUPPORT

COMES NOW Plaintiff, by and through its attorneys of record, and moves this Court to for an order excluding any and all evidence, references to evidence, testimony, and argument concerning Plaintiff's Motions *In Limine* below and directing that no party or witness be questioned, and no reference be made by counsel or witnesses in the presence of the jury, as to the following matters described *infra*.

### ARGUMENT AND AUTHORITIES

The Court has the inherent authority to control trial proceedings, including ruling on motions *in limine*. *See e.g., Luce v. United States*, 469 U.S. 38, 40, n.2 and 4 (1984). "Typically, a motion in limine is used to determine the admissibility of evidence at trial . . . ." *Aerotronics, Inc. v. Pneumo Abex Corp.*, 62 F.3d 1053, 1066 (8th Cir. 1995). This Court encourages parties to file motions *in limine* relating to key evidentiary issues, in order to ensure efficient use of trial time. Doc. 39.

Federal Rule of Evidence Rule 402 establishes that only relevant evidence is admissible and specifically prohibits admission of irrelevant evidence. Rule 401 states that evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without

1

the evidence, and (b) the fact is of consequence in determining the action. *Spring/United Mgmt. Co. v. Medelsohn*, 552 U.S. 379, 388 (2008). Further, the Advisory Committee has stated that "relevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case." Fed. R. Evid. 401. Irrelevant evidence is properly excluded because its admission tends to draw the jury's attention away from the issues it has been called upon to resolve. *State v. Walden*, 490 S.W.2d 391, 393 (Mo. Ct. App. 1973). The burden is on the proponent of the evidence to prove its relevance. *Nolte v. Ford Motor Co.,* 458 S.W.3d 368, 382 (Mo. Ct. App. 2014).

In addition, the Court may exclude otherwise relevant evidence "if its probative value is substantially outweighed by the danger of . . . unfair prejudice confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Evidence is considered prejudicial if it is confusing or misleading, lending more to the injection of collateral issues than to material facts. *See Still v. Ahnemann*, 984 S.W.2d 568, 574-75 (Mo. Ct. App. 1999). Further, evidence may be excluded when there is significant danger that the jury might base its decision on emotion, or when non-party events would distract reasonable jurors from the real issues in the case. *Tennison v. Circus Circus Enterprises, Inc.*, 244 F.3d 684, 690 (9th Cir. 2001); *see also Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.,* 406 F.3d 1052, 1059 (8th Cir. 2005) (upholding district court's decision excluding evidence "that would serve only to distract the jury from the key issues."); *U.S. v. Allerheiligen,* No. 97-40090-01-DES, 1998 WL 918841, at *3 (D. Kan. Nov. 19, 1998) (excluding evidence that is "collateral to the issues of this trial and would only serve to confuse and distract the jury").

The following matters have little to no probative value, and as such, should be excluded for lacking relevance. To the extent the following matters have any relevance at all to the contested

2

issues in this case, their limited probative value is greatly outweighed by their prejudicial nature. As such, any argument, evidence, or reference to the following items should be excluded:

**4. Argument or evidence that Plaintiff did not request, ask about, or discuss insurance for pandemics or that Plaintiff did not ask about the meaning of physical loss or damage, pandemics, or viruses as related to insurance with its insurance agent.**

Plaintiff anticipates that Cincinnati will seek to introduce evidence that Plaintiff did not request, ask about, or discuss insurance for pandemics and/or that Plaintiff did not ask about the meaning of physical loss or damage, pandemics, or viruses in its conversations about insurance with its insurance agent. Indeed, Defendant's deposition designations for Ed Nelson include Plaintiff's testimony in this regard. Doc. 119, ¶¶ 114, 128-132. Plaintiff surmises that Cincinnati seeks to introduce such evidence to persuade the jury that there should not be a finding of coverage here. However, such evidence or argument does not provide any probative value as to either (1) the presence or non-presence of the virus at the subject property or (2) whether coverage exists under the Policy for the business interruption losses Plaintiff has asserted. Regardless, matters of policy interpretation will be determined by the Court. *Blue Springs Dental Care, LLC v. Owners Ins. Co.*, 488 F. Supp.3d 867, 872 (W.D. Mo. 2020).

Even if this evidence were rationally relevant as to the second question to be determined in this case, such evidence would not be relevant to any question that will be submitted for the jury's consideration and determination and would thus serve merely to waste time and confuse the jury. Furthermore, any rational relevance is outweighed by the evidence being unduly remote and/or by the danger that it would confuse rather than enlighten the jury. *Cotton v. U.S.*, 361 F.2d 673, 676 (8th Cir. 1966) ("[E]ven if rationally relevant, the offered evidence may still be inadmissible as lacking legal relevancy.") In the area of legal relevancy, the law "wisely invests the trial court with wide latitude of action" and "[o]nly with reluctance will [an appellate court]

substitute its judgment for that of the trial judge who is an eminently superior position to weight the competing circumstances." *Id.* Because this evidence has no probative value to any jury question, and would be unduly prejudicial, it should be excluded.

**5.     Argument or evidence that prior to obtaining the policy, Plaintiff did not discuss with its insurance agent whether the Policy had a virus exclusion.**

Plaintiff anticipates that Cincinnati will also seek to introduce evidence that prior to obtaining the Policy, Plaintiff did not discuss with its insurance agent whether the Policy had a virus exclusion. Again, Defendant's deposition designations for Ed Nelson include Plaintiff's testimony in this regard. Doc. 119, ¶ 132. And again, Plaintiff suspects that Cincinnati seeks to introduce such evidence to impermissibly persuade the jury that there should not be a finding of coverage here. Such evidence or argument does not provide any probative value as to either (1) the presence or non-presence of the virus at the subject property or (2) whether coverage exists under the Policy for the business interruption losses Plaintiff has asserted. Regardless, matters of policy interpretation will be determined by the Court. *Blue Springs Dental Care, LLC v. Owners Ins. Co.*, 488 F. Supp.3d 867, 872 (W.D. Mo. 2020).

Even if this evidence were rationally relevant as to the second question to be determined in this case, such evidence would not be relevant to any question submitted for the jury's consideration and determination and would thus serve merely to waste time and confuse the jury. Furthermore, any rational relevance is outweighed by the evidence being unduly remote and/or by the danger that it would confuse rather than enlighten the jury. *Cotton v. U.S.*, 361 F.2d 673, 676 (8th Cir. 1966) ("[E]ven if rationally relevant, the offered evidence may still be inadmissible as lacking legal relevancy.") In the area of legal relevancy, the law "wisely invests the trial court with wide latitude of action" and "[o]nly with reluctance will [an appellate court] substitute its judgment for that of the trial judge who is an eminently superior position to weight the competing

circumstances." *Id.* Because this evidence has no probative value to any jury question, and would be unduly prejudicial, it should be excluded.

**6. Argument or evidence that Plaintiff chose the Policy issued by Cincinnati because it was cheaper than other alternatives or that price was a priority in coverage.**

It is also anticipated that Cincinnati will seek to introduce evidence that Plaintiff elected to place its property insurance coverage with Cincinnati because it was cheaper than other alternatives or that price was a priority in coverage. Defendant has identified Plaintiff's testimony in this regard in its deposition designations. Doc. 119, ¶ 114. As above, introduction of such evidence would solely be aimed at influencing the jury that there should not be a finding of coverage here. Such evidence or argument does not provide any probative value as to either (1) the presence or non-presence of the virus at the subject property or (2) whether coverage exists under the Policy for the business interruption losses Plaintiff has asserted. Regardless, matters of policy interpretation will be determined by the Court. *Blue Springs Dental Care, LLC v. Owners Ins. Co.*, 488 F. Supp.3d 867, 872 (W.D. Mo. 2020).

Even if this evidence were rationally relevant as to the second question to be determined in this case, such evidence would not be relevant to any question submitted for the jury's consideration and determination and would thus serve merely to waste time and confuse the jury. Furthermore, any rational relevance is outweighed by the evidence being unduly remote and/or by the danger that it would confuse rather than enlighten the jury. *Cotton v. U.S.*, 361 F.2d 673, 676 (8th Cir. 1966) ("[E]ven if rationally relevant, the offered evidence may still be inadmissible as lacking legal relevancy.") In the area of legal relevancy, the law "wisely invests the trial court with wide latitude of action" and "[o]nly with reluctance will [an appellate court] substitute its judgment for that of the trial judge who is an eminently superior position to weight the competing

5

Case 4:20-cv-00437-SRB   Document 132   Filed 09/13/21   Page 5 of 11

circumstances." *Id.* Because this evidence has no probative value to any jury question, and would be unduly prejudicial, it should be excluded.

### 7. Argument or evidence that Plaintiff did not read the Policy.

Plaintiff anticipates that Cincinnati will seek to introduce evidence that Plaintiff did not read the Policy upon receipt. Defendant has identified Plaintiff's testimony in this regard in its deposition designations. Doc. 119, ¶ 115. Cincinnati's purpose in introducing this evidence can only be to imply that there should not be a finding of coverage here. Such evidence or argument does not provide any probative value as to either (1) the presence or non-presence of the virus at the subject property or (2) whether coverage exists under the Policy for the business interruption losses Plaintiff has asserted. Regardless, matters of policy interpretation will be determined by the Court. *Blue Springs Dental Care, LLC v. Owners Ins. Co.*, 488 F. Supp.3d 867, 872 (W.D. Mo. 2020).

Even if this evidence were rationally relevant as to the second question to be determined in this case, such evidence would not be relevant to any question submitted for the jury's consideration and determination and would thus serve merely to waste time and confuse the jury. Furthermore, any rational relevance is outweighed by the evidence being unduly remote and/or by the danger that it would confuse rather than enlighten the jury. *Cotton v. U.S.*, 361 F.2d 673, 676 (8th Cir. 1966) ("[E]ven if rationally relevant, the offered evidence may still be inadmissible as lacking legal relevancy.") In the area of legal relevancy, the law "wisely invests the trial court with wide latitude of action" and "[o]nly with reluctance will [an appellate court] substitute its judgment for that of the trial judge who is an eminently superior position to weight the competing circumstances." *Id.* Because this evidence has no probative value to any jury question, and would be highly prejudicial, it should be excluded.

6

Case 4:20-cv-00437-SRB   Document 132   Filed 09/13/21   Page 6 of 11

**8.      Argument or evidence that Plaintiff has no criticisms of anybody at Cincinnati relating to this claim other than it would have preferred Cincinnati to pay the claim.**

In Defendant's deposition designations, it has identified Plaintiff's testimony that Plaintiff has no criticisms of anyone at Cincinnati related to this claim other than it would have preferred Cincinnati to pay the claim. Doc. 119, ¶ 116. Such evidence or argument does not provide any probative value as to either (1) the presence or non-presence of the virus at the subject property or (2) whether coverage exists under the Policy for the business interruption losses Plaintiff has asserted. Because this evidence has no probative value, it should be excluded.

**9.      Argument or evidence related to the separate riot-related business interruption coverage claim Plaintiff made under the Policy on behalf of O'Dowd's in 2020, including that Plaintiff made a riot-related claim for business interruption coverage under the Policy on behalf of O'Dowd's and that Cincinnati paid for losses regarding that claim.**

Plaintiff anticipates that Cincinnati will seek to introduce evidence regarding the above. Once more, Defendant has identified Plaintiff's testimony on this issue in its deposition designations. Doc. 119, ¶¶ 117-118. Such evidence or argument does not provide any probative value as to either (1) the presence or non-presence of the virus at the subject property or (2) whether coverage exists under the Policy for the business interruption losses Plaintiff has asserted. Further, this evidence is highly prejudicial, as it is likely to confuse the issues and mislead the jury and would improperly paint Plaintiff as prone to filing claims, inject issues that would distract the jury from the key questions at issue here, and waste the Court's, jury's, and parties' time on matters that are not probative of any issue in this lawsuit. Because this evidence has no probative value, and regardless any probative value would be severely outweighed by unfair prejudice, it should be excluded.

**10. Argument or evidence that Plaintiff did not advise customers of its knowledge that 50 or so of its employees tested positive for COVID-19 in and around the Summer of 2020.**

Plaintiff anticipates that Cincinnati will seek to introduce evidence regarding the above. Defendant has identified Plaintiff's testimony on this issue in its deposition designations. Doc. 119, ¶ 99. Such evidence or argument does not provide any probative value as to either (1) the presence or non-presence of the virus at the subject property; or (2) whether coverage exists for the business interruption losses Plaintiff has asserted. Further, this evidence is highly prejudicial, as it is likely to confuse the issues and mislead the jury and would improperly inject issues that would distract the jury from the key questions at issue here, and waste the Court's, jury's and parties' time on matters that are not probative of any issue in this lawsuit. Because this evidence has no probative value, and regardless any probative value would be substantially outweighed by unfair prejudice, it should be excluded.

**11. Argument or evidence regarding Plaintiff's insurance agent's training concerning or discussions about insurance coverage for pandemics, SARS, or biological viruses.**

Plaintiff also anticipates that Cincinnati will seek to introduce evidence that Plaintiff's insurance agent did not receive any training concerning insurance coverage for pandemics; did not talk about coverage for pandemics; did not think about writing or trying to obtain insurance coverage for pandemics; did not receive any training concerning or talk about insurance coverage for Severe Acute Respiratory Syndrome (SARS); and did not receive training or talk about coverage for biological viruses. Defendant has identified Plaintiff's testimony on this issue in its deposition designations. Doc. 121, ¶¶ 11-12. Such evidence or argument does not provide any probative value as to either (1) the presence or non-presence of the virus at the subject property; or (2) whether coverage exists for the business interruption losses Plaintiff has asserted. Matters

of policy interpretation will be determined by the Court. *Blue Springs Dental Care, LLC v. Owners Ins. Co.*, 488 F. Supp.3d 867, 872 (W.D. Mo. 2020).

Even if this evidence were rationally relevant as to the second question to be determined in this case, such evidence would not be relevant to any question submitted for the jury's consideration and determination and would thus serve merely to waste time and confuse the jury. Furthermore, any rational relevance is outweighed by the evidence being unduly remote and/or by the danger that it would confuse rather than enlighten the jury. *Cotton v. U.S.*, 361 F.2d 673, 676 (8th Cir. 1966) ("[E]ven if rationally relevant, the offered evidence may still be inadmissible as lacking legal relevancy.") In the area of legal relevancy, the law "wisely invests the trial court with wide latitude of action" and "[o]nly with reluctance will [an appellate court] substitute its judgment for that of the trial judge who is an eminently superior position to weight the competing circumstances." *Id.* Because this evidence has no probative value to any jury question, and would be highly prejudicial, it should be excluded.

WHEREFORE, Plaintiff respectfully requests that the Court grant these Motions *In Limine* to preclude evidence, questions, testimony, or argument relating to Plaintiff's Motions *In Limine* Numbers 4 through 11 above; to instruct Defendant and Defendant's counsel to advise all witnesses accordingly; and for such other and further relief as the Court deems just and proper.

Respectfully submitted by:

**LANGDON AND EMISON LLC**

*/s/ Patricia L. Campbell*
Brett A. Emison, MO #52072
J. Kent Emison, MO #29721
Patricia L. Campbell, MO #60917
911 Main Street
Lexington, Missouri 64067
Telephone:   660-259-6175
Facsimile:    660-259-4571
Email:  brett@lelaw.com
Email:  kent@lelaw.com
Email:  tricia@lelaw.com


**STUEVE SIEGEL HANSON LLP**

Patrick J. Stueve, MO #13847
Bradley T. Wilders, MO #78301
Curtis Shank, MO #66221
Abby E. McClellan, MO #66069
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone:    816-714-7100
Facsimile:     816-714-7101
Email: stueve@stuevesiegel.com
Email: wilders@stuevesiegel.com
Email: shank@stuevesiegel.com
Email: mcclellan@stuevesiegel.com

**MILLER SCHIRGER LLC**

John J. Schirger, MO # 60583
Matthew W. Lytle, MO #59145
Joseph M. Feierabend, MO #62563
4520 Main Street, Suite 1570
Kansas City, Missouri 64111
Telephone:    816-561-6500
Facsimile:     816-561-6501
Email: jschirger@millerschirger.com
Email: mlytle@millerschirger.com
Email: jfeierabend@millerschirger.com

**SHAFFER LOMBARDO SHURIN, P.C.**

Richard F. Lombardo, MO #29748
2001 Wyandotte Street
Kansas City, Missouri 64108
Telephone: 816-931-0500
Facsimile: 816-931-5775
Email: rlombardo@sls-law.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to:

Michael L. Brown
Kelvin J. Fisher
Wallace Saunders, P.C.
10111 West 87th Street
Overland Park, KS 66212
mbrown@wallacesaunders.com
kfisher@wallacesaunders.com

Daniel G. Litchfield (admitted *pro hac vice*)
Litchfield Cavo LLP
303 West Madison, Suite 300
Chicago, IL 60606
litchfield@litchfieldcavo.com

Ericka Hammett (admitted *pro hac vice*)
Litchfield Cavo LLP
250 E. Wisconsin Ave., Suite 800
Milwaukee, WI 53202
hammett@litchfieldcavo.com
*Attorneys for Defendant*

/s/ *Patricia L. Campbell*
Patricia L. Campbell