IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| K.C. HOPPS, LTD, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Case No. 4:20-CV-437 |
| | ) | |
| vs. | ) | |
| | ) | |
| THE CINCINNATI INSURANCE COMPANY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTIONS *IN LIMINE* NO. 12-19
WITH SUGGESTIONS IN SUPPORT**

COMES NOW Plaintiff, by and through its attorneys of record, and moves this Court to for an order excluding any and all evidence, references to evidence, testimony, and argument concerning Plaintiff's Motions *In Limine* below and directing that no party or witness be questioned, and no reference be made by counsel or witnesses in the presence of the jury, as to the following matters described *infra*.

### ARGUMENT AND AUTHORITIES

The Court has the inherent authority to control trial proceedings, including ruling on motions *in limine*. *See e.g., Luce v. United States*, 469 U.S. 38, 40, n.2 and 4 (1984). "Typically, a motion in limine is used to determine the admissibility of evidence at trial . . . ." *Aerotronics, Inc. v. Pneumo Abex Corp.*, 62 F.3d 1053, 1066 (8th Cir. 1995). This Court encourages parties to file motions *in limine* relating to key evidentiary issues, in order to ensure efficient use of trial time. Doc. 39.

Federal Rule of Evidence Rule 402 establishes that only relevant evidence is admissible and specifically prohibits admission of irrelevant evidence. Rule 401 states that evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without

1

the evidence, and (b) the fact is of consequence in determining the action. *Spring/United Mgmt. Co. v. Medelsohn*, 552 U.S. 379, 388 (2008). Further, the Advisory Committee has stated that "relevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case." Fed. R. Evid. 401. Irrelevant evidence is properly excluded because its admission tends to draw the jury's attention away from the issues it has been called upon to resolve. *State v. Walden*, 490 S.W.2d 391, 393 (Mo. Ct. App. 1973). The burden is on the proponent of the evidence to prove its relevance. *Nolte v. Ford Motor Co.,* 458 S.W.3d 368, 382 (Mo. Ct. App. 2014).

In addition, the Court may exclude otherwise relevant evidence "if its probative value is substantially outweighed by the danger of . . . unfair prejudice confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Evidence is considered prejudicial if it is confusing or misleading, lending more to the injection of collateral issues than to material facts. *See Still v. Ahnemann*, 984 S.W.2d 568, 574-75 (Mo. Ct. App. 1999). Further, evidence may be excluded when there is significant danger that the jury might base its decision on emotion, or when non-party events would distract reasonable jurors from the real issues in the case. *Tennison v. Circus Circus Enterprises, Inc.*, 244 F.3d 684, 690 (9th Cir. 2001); *see also Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.,* 406 F.3d 1052, 1059 (8th Cir. 2005) (upholding district court's decision excluding evidence "that would serve only to distract the jury from the key issues."); *U.S. v. Allerheiligen,* No. 97-40090-01-DES, 1998 WL 918841, at *3 (D. Kan. Nov. 19, 1998) (excluding evidence that is "collateral to the issues of this trial and would only serve to confuse and distract the jury").

The following matters have little to no probative value, and as such, should be excluded for lacking relevance. To the extent the following matters have any relevance at all to the contested

issues in this case, their limited probative value is greatly outweighed by their prejudicial nature. As such, any argument, evidence, or reference to the following items should be excluded:

**12. Comment or argument about Plaintiff's attorneys' fees.**

Any argument or statement relating to Plaintiff's attorneys having a contingency or interest in the outcome of this case is irrelevant, is prejudicial to Plaintiff, and serves no purpose in advancing any of the issues in dispute. Therefore, Plaintiff respectfully requests that this Court prohibit Defendants from referencing Plaintiff's attorneys' fees or Plaintiff's contingency fee agreement with his attorneys. Matters relating to attorney fees also are irrelevant, prejudicial and should be excluded. *See Almendarez v. BNSF Ry. Co.*, C13-0086-MAT, 2014 WL 1338090, at *1 (W.D. Wash. Apr. 2, 2014) (excluding evidence or argument regarding potential claim for fees "based on the risk of unfair prejudice posed to plaintiffs.").

**13. Informing the jury that Plaintiff alone bears the burden of proof.**

Defendant must not be allowed to explain or suggest that Plaintiff has the sole burden of proof in this case, as it misstates the law. Missouri Approved Instruction 3.01, effective January 1, 1998, states: "The burden is upon the party who relies upon any such proposition to cause you to believe that such proposition is more likely to be true than not true." Accordingly, Defendant have certain burdens in this case, *e.g.*, the burden to prove their affirmative defenses. Therefore, Plaintiff respectfully requests that the Court prohibit Defendant from making any statement or suggestion that Plaintiff has the sole burden of proof.

**14. Any evidence or argument of the consequences that an award on Plaintiff's claims and claims like Plaintiff's will cause Cincinnati or the insurance industry including argument regarding the impact of Plaintiff's recovery (if any) on insurance premiums.**

Evidence or argument alluding to the financial consequences that Cincinnati or the insurance industry generally may suffer from a verdict on Plaintiff's claims or business

3

interruption insurance claims generally related to losses from the pandemic is irrelevant and should be excluded. Likewise, any reference or suggestion that Defendants are of limited financial means, that Defendants are struggling, or any other similar reference should be prohibited. *Lewis v. Hubert*, 532 S.W.2d 860, 866 (Mo. App. 1975) ("[N]either the wealth of one nor the poverty of the other shall be permitted to affect the administration of the law.") (internal citation omitted).

The jury is not authorized to concern itself with the effect of its verdict, as its responsibility is to find a true verdict according to the evidence and the law. *Id.* As stated in *Hancock v. Crouch*: "Trials before juries ought to be conducted with dignity and in such manner as to bring about a verdict based solely on the law and the facts." 267 S.W.2d 36, 44 (Mo. App. 1954) (internal citations omitted). Therefore, Plaintiffs respectfully request that the Court prohibit Cincinnati from presenting any evidence or argument about the financial impact on Cincinnati or the insurance industry generally of a verdict in favor of Plaintiffs' claims or business interruption insurance claims.

Plaintiff further requests the Court prohibit Cincinnati from presenting any evidence or argument about any effect a verdict in favor of Plaintiff's claims or business interruption claims generally would have on insurance premiums and any evidence of how increased insurance premiums would impact consumers. "It is generally held improper for counsel to make an argument appealing to self-interests of the jurors." *Williams v. North River Ins. Co.*, 579 S.W.2d 410, 413 (Mo. Ct. App. 1979). References to rising costs being passed on to consumers should be prohibited as it would improperly prejudice the jury against the Plaintiff for their own financial interests. *Huggins v. City of Hannibal*, 280 S.W. 74, 75 (Mo.App. 1926).

Further, while such matters are inadmissible, in some cases defense counsel may present arguments or comments to the jury such as "the Plaintiff is seeking to have my clients pay a lot of money" or a "large verdict could financially ruin my client." Such testimony should be excluded.

**15.     Any reference to pleadings filed in this case by the parties hereto.**

It is axiomatic that:

> Pleadings are addressed to the court, not the jury. It is said that pleadings are generally inadmissible in evidence in the same case because they do not possess the characteristics inherent in admissions against interest. The mischief of bringing trial pleadings before the jury is readily apparent: if one pleading is read, another could be read in explanation of it and utter confusion would result.

*Littell v. Bi-State Transit Development Agency*, 423 S.W.2d 34, 39 (Mo. App. 1967) (internal citations and quotation marks omitted). *Accord, Bank of America, N.A. v. Stevens*, 83 S.W.3d 47, 56 (Mo. Ct. App. 2002).

Because pleadings filed by the parties are generally inadmissible, Plaintiff submits that if a Defendant seeks to admit portions of a pleading in evidence, or intends to refer to a pleading, said Defendant should be required to approach the bench, out of the hearing of the jury, and demonstrate why the pleading is admissible.

**16.     Argument or evidence relating to attorney advertising, plaintiff's engagement of counsel, or societal litigiousness.**

How, when, or under what circumstances Plaintiff became represented by counsel is not relevant. Attorney advertising is proper. Nevertheless, some people have negative perceptions of attorney advertising, and Cincinnati should not be permitted to exploit such biases. *E.g., In re Norplant Contraceptive Prods. Liab. Litig.,* MDL 1038, 1997 WL 81087, at *1 (E.D. Tex. Feb. 21, 1997) (probative value of evidence of attorney advertisements "is substantially outweighed by the danger of unfair prejudice"). When Plaintiff decided to hire counsel has no tendency to prove

5

or disprove any fact or corroborate any other relevant evidence in this case. *See Carlyle v. Lai*, 783 S.W.2d 925, 929 (Mo. Ct. App. 1989).

Cincinnati also should be precluded from suggesting that this case is lawyer driven or similar inferences.[1] Any suggestion that our society is overly litigious also should be precluded. *See Crawford v. MuscleTech Rsch. & Dev. Inc.*, No. CIV-01-1298-C, 2002 WL 31852848, at *1 (W.D. Okla. Oct. 10, 2002) (precluding defendants "from suggesting in any way that America is a litigious society or that numerous frivolous lawsuits are filed").

**17.     Any arguments or implication by defendant that this lawsuit is frivolous.**

Defendants often preface certain lines of *voir dire* questioning with the comment that "anyone can file a lawsuit for anything," "all it takes to file a lawsuit is some paper and a computer," or other similar sentiments. This type of commentary has no legitimate purpose. It is only intended to poison the jury pool and incite "tort reform" sentiments. Plaintiff respectfully asks the Court for an Order *in limine* precluding any such commentary by Defendant, its counsel, or any of its witnesses.

In the alternative, Plaintiff seeks the Court's permission to ask the following question in *voir dire*:

> Ladies and gentlemen, our legal system is designed to "weed out" claims and lawsuits that lack merit. There are at least two important impediments to any lawsuit. First, a defendant can move to have a lawsuit dismissed for failing to state a claim upon which relief can be granted. If the Judge agrees, then that lawsuit is dismissed. Second, a defendant can file a motion for summary judgment, asking the judge to find in its favor as a matter of law. A lawsuit that makes it all of the way to trial has either survived either of these motions or both or, because of the merit in the claims, the defendant elected never to file any such motions. Despite

---

[1] *See Achterberg v. Albaugh, LLC*, No. 5:16-CV-06097-DGK, 2017 WL 5924262, at *3 (W.D. Mo. Nov. 30, 2017) (excluding "[a]ny personal attacks against Plaintiff's counsel, such as blaming Plaintiff's counsel for the jury being present or suggesting that the lawsuit is lawyer driven"); *Pahoua Xiong v. Knight Transp., Inc.*, 658 Fed. App'x. 884, 890 (10th Cir. 2016) (proper exclusion of evidence to show plaintiff as a "suit filer" in order "to keep such contaminating details away from the jury."); *Hendrian v. Safety-Kleen Sys. Inc.*, No. 08-14371, 2014 WL 117315, at *4 (E.D. Mich. Jan. 13, 2014) (excluding evidence that case was "lawyer-driven" or that plaintiff's counsel regularly litigates toxic tort cases).

6

Case 4:20-cv-00437-SRB    Document 133    Filed 09/13/21    Page 6 of 10

this, are there any of you who still believe lawsuits that make it to the trial stage are frivolous?

If Defendant is allowed to make comments or ask questions with the type of preface described above, then Plaintiff respectfully submits that it should also be entitled to ask similar questions prefaced with the comments in the paragraph above. *See, e.g., Keith v. Burlington N. R.R. Co.*, 889 S.W.2d 911 (Mo. Ct. App. 1995) (Discussing what is a "fair retort" in the context of a "retaliatory" response to an improper statement); *Heisler v. Jetco Serv.*, 849 S.W.2d 91, 94-95 (Mo. Ct. App. 1993) ("The right of retaliation to misleading argument is well recognized…plaintiffs should have been allowed to correct the misleading intimations" thereby reversing trial court on these grounds). Accordingly, Plaintiff respectfully asks the Court for an Order *in limine* precluding commentary regarding "all it takes to file a lawsuit" and/or similar statements.

**18.  Any argument or statement by defendant that it is "innocent until proven guilty."**

Any argument that Defendant is innocent until proven guilty clearly invokes a standard of proof that is not applicable in a civil action and improperly suggests that Plaintiff is attempting to hold Defendant criminally liable or that Defendant is innocent until proved beyond a reasonable doubt. Such argument would be highly misleading to the jury and grossly prejudicial to Plaintiff. Therefore, Plaintiff respectfully requests that the Court enter an Order *in limine* prohibiting Defendant from arguing that it is "innocent until proven guilty," and prohibiting Defendant from suggesting to the jury that the concepts of "innocence," "guilt," or "beyond a reasonable doubt" have any application in this civil action.

7

**19. Counsel must refrain from referencing motions *in limine* in the jury's presence.**

The fact that motions *in limine* have been filed is not relevant to any issue in this case, and any argument or reference to such motions would be unfairly prejudicial. Therefore, Plaintiff respectfully requests that the Court prohibit Defendant from making any reference to the motions *in limine* filed in this case.

WHEREFORE, Plaintiff respectfully requests that the Court grant these Motions *In Limine* to preclude evidence, questions, testimony, or argument relating to Plaintiff's Motions *In Limine* Numbers 12 through 19 above; to instruct Defendant and Defendant's counsel to advise all witnesses accordingly; and for such other and further relief as the Court deems just and proper.

Respectfully submitted by:

**LANGDON AND EMISON LLC**

*/s/ Patricia L. Campbell*
Brett A. Emison, MO #52072
J. Kent Emison, MO #29721
Patricia L. Campbell, MO #60917
911 Main Street
Lexington, Missouri 64067
Telephone:   660-259-6175
Facsimile:    660-259-4571
Email:  brett@lelaw.com
Email:  kent@lelaw.com
Email:  tricia@lelaw.com

**STUEVE SIEGEL HANSON LLP**

Patrick J. Stueve, MO #13847
Bradley T. Wilders, MO #78301
Curtis Shank, MO #66221
Abby E. McClellan, MO #66069
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone:	816-714-7100
Facsimile:	816-714-7101
Email: stueve@stuevesiegel.com
Email: wilders@stuevesiegel.com
Email: shank@stuevesiegel.com
Email: mcclellan@stuevesiegel.com

**MILLER SCHIRGER LLC**

John J. Schirger, MO # 60583
Matthew W. Lytle, MO #59145
Joseph M. Feierabend, MO #62563
4520 Main Street, Suite 1570
Kansas City, Missouri 64111
Telephone:	816-561-6500
Facsimile:	816-561-6501
Email: jschirger@millerschirger.com
Email: mlytle@millerschirger.com
Email: jfeierabend@millerschirger.com

**SHAFFER LOMBARDO SHURIN, P.C.**

Richard F. Lombardo, MO #29748
2001 Wyandotte Street
Kansas City, Missouri 64108
Telephone:	816-931-0500
Facsimile:	816-931-5775
Email: rlombardo@sls-law.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

       I hereby certify that on September 13, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to:


Michael L. Brown
Kelvin J. Fisher
Wallace Saunders, P.C.
10111 West 87th Street
Overland Park, KS 66212
mbrown@wallacesaunders.com
kfisher@wallacesaunders.com

Daniel G. Litchfield (admitted *pro hac vice*)
Litchfield Cavo LLP
303 West Madison, Suite 300
Chicago, IL 60606
litchfield@litchfieldcavo.com


Ericka Hammett (admitted *pro hac vice*)
Litchfield Cavo LLP
250 E. Wisconsin Ave., Suite 800
Milwaukee, WI 53202
hammett@litchfieldcavo.com
*Attorneys for Defendant*

                                                                         /s/ *Patricia L. Campbell*
                                                                         Patricia L. Campbell