IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| K.C. HOPPS, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 4:20-CV-437 |
| | ) | |
| v. | ) | |
| | ) | |
| THE CINCINNATI INSURANCE COMPANY, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S TRIAL BRIEF RE *VOIR DIRE* EXAMINATION
AND STRIKING POTENTIAL JURORS FOR CAUSE**

Plaintiff respectfully submits the following trial brief, which outlines the legal framework for conducting *voir dire* in the district courts. The procedure for jury selection is controlled by Federal Rule of Civil Procedure 47, and the trial court enjoys great discretion to determine the questions that may be asked of the venire. However, the substantive scope of *voir dire* is subject to the parties' right to an impartial jury. *Fietzer v. Ford Motor Co.*, 622 F.2d 281, 284 (7th Cir. 1980). "Courts have consistently held that the trial court, when endeavoring to preserve that right, should permit a reasonably extensive examination of prospective jurors so that the parties have a basis for an intelligent exercise of the right to challenge." *Id.*

I. **THE RIGHT TO AN IMPARTIAL JURY AND THE PURPOSE OF JURY SELECTION**

The parties' constitutional right to a fair and impartial jury is the cornerstone of our judicial system. *Fietzer*, 622 F.3d at 284.

> Amendment VII preserves "the right of trial by jury" in civil cases, and although the impartiality of the jury is not expressly mentioned it is inherent in the right of trial by jury and is implicit in the requirement of the Fifth Amendment that "No person shall . . . be deprived of life, liberty, or property without due process of law."

*Kiernan v. Van Schaik*, 347 F.2d 775, 778 (3rd Cir. 1965). *Voir dire* plays a crucial role in guaranteeing that the parties' right to an impartial jury is satisfied, and enabling them to

1

intelligently exercise their for-cause and peremptory challenges. *Mu'Min v. Virginia*, 500 U.S. 415, 431 (1991); *U.S. v. Lancaster*, 96 F.3d 734, 738 (4th Cir. 1996). Therefore, higher courts have consistently held that trial courts should permit a reasonably extensive *voir dire*. *Fietzer*, 622 F.3d at 284.

> A jury's impartiality may not be assumed without inquiry, as in the case of a judge. Jurors are drawn from the general body of the community for a short term of service, usually lasting a few weeks, and then return to their customary occupations with neither training nor traditions of impartiality. They must often be unaware of their own disqualification in specific cases, especially since the standards for jury service differ in various parts of the country. Litigants therefore have the right, at the least, to some surface information regarding the prospective jurors. Such information may uncover ground for challenge for cause. If it does not, it will be available in the intelligent use of the peremptory challenge, which is the antithesis of challenge for cause. The traditional right of peremptory challenge recognizes that matters of bias or prejudice may be sensed or suspected without possibility of proof, and therefore permits counsel to exercise his inarticulate instinctive judgment, which he need not, if he could, attempt to justify.

*Kiernan*, 347 F.2d at 778.

In order for a *voir dire* to be considered adequate, it must "call to the attention of the veniremen those important matters that might lead them to recognize or display their disqualifying attributes." *U.S. v. Lewin*, 467 F.2d 1132 (7th Cir. 1972). "[T]he trial court 'must exercise its discretion so as not to block the reasonable exploration of germane factors that might expose a basis for challenge, whether for cause or peremptory.'" *Fietzer*, 622 F.2d at 285 (*quoting Lewin*, 467 F.2d at 1138). Therefore, the trial court has an affirmative duty to pose questions "that go beyond" those that elicit information to sustain a challenge for cause. *Fietzer*, 622 F.2d at 285. Unreasonably restricting *voir dire* such that these goals are undermined constitutes an abuse of discretion. *Id*.; *see also U.S. v. Allsup*, 566 F.2d 68, 71 (9th Cir. 1977) ("It is error for a court to force a party to exhaust his peremptory challenges on persons who should be excused for cause, for this has the effect of abridging the right to exercise peremptory challenges.").

2

## II. JURORS WHO MAKE UNEQUIVOCAL STATEMENTS OF BIAS OR PREJUDICE MUST BE STRICKEN FOR CAUSE AND CANNOT BE REHABILITATED

When a prospective juror has made unequivocal statements of bias or prejudice, that person **must** be stricken for cause and **cannot** be rehabilitated. *U.S. v. Howell*, 231 F.3d 615, 627 (9th Cir. 2000). In *Howell*, a prospective juror admitted that he was unable to fairly weigh the testimony of a police officer against that of a civilian and, based on that admission, he was excused by the court. *Id.* Counsel for the defendant requested the opportunity to ask the potential juror additional questions, presumably to rehabilitate him, but the court refused. *Id.* The Ninth Circuit upheld the trial court's removal of the prospective juror, stating: "The trial judge's obligation to 'excuse a prospective juror if actual bias is discovered,' not only supported the district court's decision to excuse the potential juror, but necessitated it." *Id.* at 628 (internal citation omitted); *see also U.S. v. Allsup*, 566 F.2d 68, 71 (9th Cir. 1977) ("A court must excuse a prospective juror if actual bias is discovered during voir dire. Bias can be revealed by a juror's express admission of that fact, but, more frequently, jurors are reluctant to admit actual bias, and the reality of their biased attitudes must be revealed by circumstantial evidence.").

Moreover, venireperson cannot be rehabilitated by affirmatively answering a coercive, leading question regarding his or her ability to be impartial. *U.S. v. Beckner*, 69 F.3d 1290, 1293 (5th Cir. 1995) ("Jurors are in a poor position to make determinations as to their own impartiality."). An individual who is "under the influence of personal prejudice is presumed to have a bias on his mind which will prevent an impartial decision of the case, according to the testimony." *Dyer v. Calderon*, 151 F.3d 970, 984 (9th Cir. 1998) (*quoting U.S. v. Burr*, 25 F.Cas. 49, 50 (D. Vir. 1807)). In Aaron Burr's trial for treason, Chief Justice John Marshall explained that biased jurors cannot be genuinely "rehabilitated":

> He may declare that notwithstanding these prejudices he is determined to listen to the evidence, and be governed by it; but the law will not trust him. . . . Such a person

may believe that he will be regulated by the testimony, but the law suspects him, and certainly not without reason. He will listen with more favor to the testimony which confirms, than to that which would change his opinion; it is not to be expected that he will weigh evidence or argument as fairly as a man whose judgment is not made up in the case.

*Burr*, 25 F. Cas. at 50.

Therefore, Plaintiff respectfully requests that the Court sustain challenges for cause when jurors have expressed or implied that they are unable to be impartial. Furthermore, Plaintiff requests that the Court refrain from and prohibit the parties from attempting to rehabilitate biased jurors by coercive and leading questions about their ability to be impartial or apply the law to the facts without regard to their prejudices.

### III. PROPER VOIR DIRE QUESTIONS

A. It is proper to ask the venire panel about any preconceived prejudices or personal feelings which would prevent them from following the court's instructions. *U.S. v. McKissck*, 204 F.3d 1282, 1300 (10th Cir. 2000).

B. A plaintiff in a personal injury action has the right to ascertain whether, due to the fact or amount of damages he or she is seeking from the defendant, any members of the venire panel are biased or prejudiced and would, therefore, be unable to render a fair and impartial verdict based on the law and the evidence. *Nanninga v. Three Rivers Elec. Co-op.*, 236 F.3d 902, 906 (8th Cir. 2000); *Smith v. Vicorp, Inc.*, 107 F.3d 816, 818 (10th Cir. 1997).

C. It is proper to explain legal concepts to the venire panel during *voir dire* in order to determine whether any of the panelists have any personal misgivings about following the law. *See U.S. v. Ibarra-Zelaya*, 465 F.3d 596 (5th Cir. 2006); *U.S. v. Ortiz*, 315 F.3d 873, 896 (8th Cir. 2002).

D. A person who is prejudiced in favor of corporations and against an individual litigant should be excused for cause. *Nanninga*, 236 F.3d at 906.

E. The scope of proper inquiry on *voir dire* includes the discovery of a venireperson's partiality toward a particular category of testimony—*e.g.*, the panelist is more likely to believe the testimony of a law enforcement officer over that of any other witness. *U.S. v. Anagnos*, 853 F.2d 1, 3-4 (1st Cir. 1988); *U.S. v. Contreras-Castro*, 825 F.2d 185, 187 (9th Cir. 1987).

F. The parties may inquire whether the prospective jurors or any members of their families are employed by or have a financial interest in the defendant company and/or the defendant's insurance company. *Fietzer*, 622 F.2d at 285; *Nanninga*, 236 F.3d at 906.

G. It is proper to ask the panel whether they or their close family and friends have been involved in an incident similar to the one giving rise to Plaintiff's claim. *Fietzer*, 622 F.2d at 285.

H. It is proper to ask venirepersons whether there is a moral, religious, philosophical or other reason why he or she cannot sit in judgment of another person. Such an inquiry is relevant to whether the panelists can follow the court's instructions and to whether the panelist has any preconceptions or predispositions that would prevent open-minded consideration of the case. *U.S. v. Lockett*, 601 F.3d 837, 842 (8th Cir. 2010).

## **CONCLUSION**

Jury selection in this case must be sufficient to preserve the parties' right to an impartial jury, and extensive enough to allow the parties to intelligently exercise their for-cause and peremptory challenges. As such, the Plaintiff requests that the Court allow counsel the time and opportunity to sufficiently probe into the prospective jurors' expressed and implied biases, in

5

accordance with the case law set forth above. A juror who evinces bias or prejudice during the course of *voir dire* examination cannot be genuinely rehabilitated; therefore, Plaintiff requests that the Court and counsel refrain from attempting such "rehabilitation" by way of coercive, leading questions regarding the ability to be fair and impartial.

Respectfully submitted,

**LANGDON & EMISON**


*/s/ Brett A. Emison*
Brett A. Emison, MO #52072
J. Kent Emison, MO #29721
Patricia L. Campbell, MO #60917
911 Main Street
Lexington, Missouri 64067
Telephone:   660-259-6175
Facsimile:    660-259-4571
Email:  brett@lelaw.com
Email:  kent@lelaw.com
Email:  tricia@lelaw.com


**STUEVE SIEGEL HANSON LLP**

Patrick J. Stueve, MO #13847
Bradley T. Wilders, MO #78301
Curtis Shank, MO #66221
Abby E. McClellan, MO #66069
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone:    816-714-7100
Facsimile:     816-714-7101
Email: stueve@stuevesiegel.com
Email: wilders@stuevesiegel.com
Email: shank@stuevesiegel.com
Email: mcclellan@stuevesiegel.com

MILLER SCHIRGER LLC

John J. Schirger, MO # 60583
Matthew W. Lytle, MO #59145
Joseph M. Feierabend, MO #62563
4520 Main Street, Suite 1570
Kansas City, Missouri 64111
Telephone: 816-561-6500
Facsimile: 816-561-6501
Email: jschirger@millerschirger.com
Email: mlytle@millerschirger.com
Email: jfeierabend@millerschirger.com

**SHAFFER LOMBARDO SHURIN, P.C.**

Richard F. Lombardo, MO #29748
2001 Wyandotte Street
Kansas City, Missouri 64108
Telephone: 816-931-0500
Facsimile: 816-931-5775
Email: rlombardo@sls-law.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that September 13, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to:

Michael L. Brown
Kelvin J. Fisher
Wallace Saunders, P.C.
10111 West 87th Street
Overland Park, KS 66212
mbrown@wallacesaunders.com
kfisher@wallacesaunders.com

Daniel G. Litchfield (admitted *pro hac vice*)
Litchfield Cavo LLP
303 West Madison, Suite 300
Chicago, IL 60606
litchfield@litchfieldcavo.com

Ericka Hammett (admitted *pro hac vice*)
Litchfield Cavo LLP
250 E. Wisconsin Ave., Suite 800
Milwaukee, WI 53202
hammett@litchfieldcavo.com
*Attorneys for Defendant*

                                               /s/ *Brett A. Emison*
                                               Brett A. Emison