IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

K.C. HOPPS, LTD.,      )
          )
    Plaintiff,      )    CASE NO. 4:20-CV-437
          )
    vs.        )
          )
THE CINCINNATI INSURANCE     )
COMPANY,        )
          )
    Defendant.     )

**DEFENDANT'S MOTON IN LIMINE NUMBER 11 TO LIMIT THE TESTIMONY AND EVIDENCE OF PLAINTIFF'S EXPERT KEVIN GRUDZIEN TO THE INFORMATION IN HIS MARCH 29, 2021 REPORT**

**COMES NOW** Defendant The Cincinnati Insurance Company, through its attorneys, and requests this Court's order limiting the testimony and evidence of Plaintiff's expert Kevin Grudzien to the information in his March 29, 2021 report. In support of its Motion, Defendant states:

1. During a hearing before the Court on September 15, 2021, Plaintiff indicated an intent that its retained expert, Kevin Grudzien, was supplementing his report in order to add two additional months of claimed business income/interruption damages. This was the first time that Plaintiff disclosed this intention.

**Expert Disclosures and Discovery**

2. By email dated March 3, 2021, Plaintiff requested Defendant's consent to a joint Motion to Continue expert deadlines by two weeks. *See* Exhibit 1.

3. By email dated March 4, 2021 Plaintiff amended the request such that the extension would be 3 weeks instead of two weeks. *See* Exhibit 2.

4. Defendant consented to both requests.

5. Plaintiff provided its expert disclosures and reports on March 29, 2021.

102107629.v1

Case 4:20-cv-00437-SRB Document 134 Filed 09/17/21 Page 1 of 29

EXHIBIT
A

6. Plaintiff's disclosed claimed expert Kevin Grudzien's report indicated, "We have prepared detailed Business Interruption loss calculations for each of the locations referenced about through December 29, 2020 totaling $1,727,739." *See* Exhibit 3.

7. Defendant served its expert reports, including those of C.P.A. Dave Schlader, on April 30, 2020.

8. Plaintiff's disclosed damages expert, Mr. Grudzien, was deposed on May 29, 2021. He testified as follows:

Q.    Okay, and what was the period of restoration for this.

A.    The claim is from March through December 29th of 2020.

...

Q.    So do you, at the moment, intend to supplement your opinions as contained in Exhibit 1 [Mr. Grudzien's report]?

A.    I think the intention will be yes.  My intention is that we will be updating or supplementing our report.  We have not been asked to do that yet.

Q.    How so?

A.    So I would say that when we prepared this report, it went through the time period based upon the date that we had available to us.  So we've discussed whether, you know, there are continuing COVID losses and that, at some point in time, there will be the opportunity to supplement the report.

Q.    When you say we have discussed, who is we?

A.    Would be us at Pyxis [Mr. Grudzien's firm], likely me and Dan, Lizzie with Matt and possibly the Stueve folks.

MR. LYTLE:  I'm going to counsel the witness at this point not to disclose, unless it goes

102107629.v1

to assumptions, facts, data that you relied on. Do not disclose the content of communications with counsel.

MR. BROWN: Here is the problem is that the deadlines fall past in this case. We're almost at the close of discovery and he's saying he's going to update his opinions?

MR. LYTLE: We can talk off the record, Mike.

MR. BROWN: Can we?

MR. LYTLE: I'm happy to have a discussion and I'm happy to talk to you about that. I'm going to counsel the Witness at this point not to disclose conversations he may have had with Counsel unless they involve assumptions, data or facts that he relied upon in forming his opinions.

MR. BROWN: Let's go off the record for a second.

(Whereupon, a discussion was had off the record.) (Whereupon, a break was taken, after which the following proceedings were had:)

MR. BROWN: If you're okay, I'll just ask the question and we can get the testimony in?

THE WITNESS: Sure.

BY MR. BROWN:

Q.    We took a short break and it's my understanding now that you have no present intent to supplement or modify your report as contained in Exhibit 1; is that correct?

A.    That is correct.

...

Q.    Do you intend to express any opinions at trial that we have not discussed today and are not contained in your report?

A.    Not that I'm aware of.

3

102107629.v1

Q.     And nobody else would be aware of whether or not you intended to do that, right?

A.     Correct.

…

Exhibit 4, Deposition of Kevin Grudzien, p. 89, l. 2 – p. 90, l. 24; p. 143, l. 23 – p. 144, l. 1; p. 225, ll. 2-8.

## Plaintiff failed to timely supplement Expert reports

9. Plaintiff had sufficient information by at least May 7, 2021 to supplement its expert disclosure, should Plaintiff have so desired, to include any claimed business interruption for January and February, 2021.

10. Plaintiff did not provide rebuttal expert reports by the deadline of May 21, 2020.

11. By email dated August 30, 2021, Defendant requested that Plaintiff supplement interrogatory responses. They have not been supplemented.

12. Defendant's first knowledge of Plaintiff's plan to supplement its damages expert's opinions was during oral arguments in Court on September 15, 2021.

13. This afternoon (September 17, 2021), at 2:28 p.m., after Defendant inquired concerning Plaintiff's statement that it was going to serve a supplemental expert disclosure, Defendant received a supplemental report. Exhibits 5 and 6.

## Federal Rules clearly prohibit expert disclosure after pretrial disclosures have been made.

14. Federal Rule 26(e)(2) establishes when expert reports may be supplemented and requires that "Any additions or changes to this information *must* be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." (emphasis added).

15. Pursuant to the Court's Amended Order, and Rule 26(a)(3) Defendant filed

4

deposition designations on September 9, 2021.

16. "Expert witnesses may testify only as to matters contained in the report required by Rule 26(a)(2)(B), unless leave of Court is granted upon good cause shown." The Court's October 13, 2020 Scheduling and Trial Order for Jury Trial, ECF No. 39, p. 6(c).

17. Pursuant to the Court's Amended Order, and Rule 26(a)(3) Defendant filed deposition counter-designations, witness lists, objections to Plaintiff's deposition designations and Motions in Limine on September 13, 2021.

## Federal common law favors excluding any testimony or evidence concerning Plaintiff's claimed damages, that is not contained in Mr. Grudzien's report.

18. When a party fails to timely identify expert opinions in compliance with Rule 26(a) or (e), the district court has wide discretion to fashion a remedy appropriate for the particular circumstances of the case. *Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1008 (8th Cir. 1998).

19. The district court should exclude the information or testimony unless the party's failure to comply is substantially justified or harmless. *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008) (Supplement expert disclosure 2 ½ weeks prior to trial was prejudicial).

20. When fashioning a remedy, the district court should consider:

    a. The reason for noncompliance;

    b. The surprise and prejudice to the opposing party;

    c. The extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and

    d. The importance of the information or testimony. *Wegener v. Johnson*, 527

5

F.3d 687, 692 (8th Cir. 2008).

21. Plaintiff possessed and produced the balance sheets for January and February, 2021 of various K.C. Hopps entities to Defendant on May 7, 2021. Nonetheless, during Mr. Grudzien's May 29, 2021 deposition, he did not have balance sheets containing any 2021 financial information. The information provided to him ended with financial information ending on December 29, 2021.

22. Plaintiff offered no explanation, and when defendant attempted to question Mr. Grudzien on any intent to supplement his report, he was instructed "not to disclose conversations he may have had with Counsel unless they involve assumptions, data or facts that he relied upon in forming his opinions. " That quickly changed into sworn testimony that there was no intention to supplement the report.

23. If supplementation were important to Plaintiff to avoid prejudice, Plaintiff should have supplemented Mr. Grudzien's report prior to the close of discovery, or at least prior to the deadline to file Daubert Motions and Dispositive Motions.

24. Waiting until this late date to supplement an expert opinion would give Plaintiff a strategic advantage. Such a strategy is not allowed. Courts disfavor 'lying in the weeds' in anticipation of an ambush. *U.S. v. Calvert*, 523 F.2d 895, 912 (8th Cir. (Mo) 1975).

25. Defendant would be prejudiced. Having to spend time on this Motion as opposed to preparing for trial is prejudicial.

26. Defendant has prepared and filed deposition designations, objections to plaintiff's deposition designations, and counter-designations. Defendant has prepared and filed its witness lists and Motions in Limine. Significant other filings are due on

102107629.v1

Monday, September 20, 2021 and Tuesday, September 21, 2021. The pretrial conference is scheduled for September 24, 2021.

27. Defendant's Motion for Summary Judgment has been fully briefed and argued. In fact, it was during oral arguments in opposition to Defendant's Motion for Summary Judgment that Plaintiff first indicated an intent to supplement Mr. Grudzien's opinions.

**WHEREFORE,** The Cincinnati Insurance Company requests this Court to issue an Order in Limine limiting the testimony and evidence of Plaintiff's expert Kevin Grudzien, and Plaintiffs claimed damages to the information in Mr. Grudzien's March 29, 2021 report and for such other relief as the Court deems appropriate.

WALLACE SAUNDERS

BY: /s/        Michael L. Brown
Michael L. Brown    KS# 21313
Kelvin J. Fisher      KS#22014
10111 West 87th Street
Overland Park, KS 66212
(913) 888-1000 FAX - (913) 888-1065
mbrown@wallacesaunders.com
kfisher@wallacesaunders.com

AND

LITCHFIELD CAVO LLP
Daniel Litchfield     *PHV*
Ericka Hammett      *PHV*
303 West Madison Street
Suite 300
Chicago, IL 60606
(312) 781-6669 FAX (312) 781-6630
litchfield@litchfieldcavo.com
hammett@litchfieldcavo.com

ATTORNEYS FOR DEFENDANT THE
CINCINNATI INSURANCE COMPANY

7

102107629.v1

CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to:

John J. Schirger
Matthew W. Lytle
Joseph M. Feierabend
Miller Schirger LLC
4520 Main St., Suite 1570
Kansas City, MO 64111
jschirger@millerschirger.com
mlytle@millerschirger.com
jfeierabend@millerschirger.com

Patrick J. Stueve
Bradley T. Wilders
Curtis Shank
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
stueve@stuevesiegel.com
wilders@stuevesiegel.com
shank@stuevesiegel.com

J. Kent Emison
Patricia L. Campbell
Langdon & Emison LLC
911 Main Street
PO Box 220
Lexington, MO 64067
kent@lelaw.com
tricia@lelaw.com


  /s/   Michael L. Brown
For the Firm

102107629.v1

**Michael L. Brown**

| | |
|---|---|
| **From:** | Matthew W. Lytle <MLytle@millerschirger.com> |
| **Sent:** | Wednesday, March 03, 2021 5:38 PM |
| **To:** | Michael L. Brown |
| **Cc:** | John J. Schirger |
| **Subject:** | KC Hopps v. Cincinnati - Deadline Extensions |

Mike:

Thanks for your time on the phone just now. As we discussed, due to some unforeseen medical circumstances involving my partner John Schirger and our client representative, we are requesting a modest two week extension of the following deadlines:

| Deadline | From | To |
|---|---|---|
| Plaintiff's Expert Trial Witness Disclosures | March 8, 2021 | March 22, 2021 |
| Defendant's Expert Trial Witness Disclosures | March 29, 2021 | April 12, 2021 |
| Rebuttal Witnesses | April 19, 2021 | May 3, 2021 |
| Pretrial Discovery Complete | May 3, 2021 | May 17, 2021 |
| Daubert / Dispositive Motions | May 20, 2021 | June 3, 2021 |

The requested extensions will not impact any other deadlines in the schedule. Please let me know as soon as possible if Cincinnati will agree to the requested extensions so we can prepare a motion to amend the scheduling order accordingly. Thanks, Mike.

**Matthew W. Lytle**

# Miller | Schirger LLC

4520 Main St., Ste. 1570
Kansas City, MO 64111
816.561.6510 (Direct)
816.419.2249 (Mobile)
816.561.6501 (Fax)
www.millerschirger.com

*************************PRIVATE AND CONFIDENTIAL***************************

This electronic message transmission and any files transmitted with it are a communication from Miller Schirger LLC. This message contains information protected by the attorney/client privilege and is confidential or otherwise the exclusive property of the intended recipient of Miller Schirger LLC. This information is solely for the use of the individual or entity that is the intended recipient. If you are not the designated recipient, please be aware that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this electronic transmission in error, please notify the sender by telephone at 816-561-6500, collect if necessary, or by electronic mail at mlytle@millerschirger.com and promptly destroy the original transmission. Thank you for your assistance.

**EXHIBIT**

**Michael L. Brown**

| | |
|---|---|
| **From:** | Matthew W. Lytle <MLytle@millerschirger.com> |
| **Sent:** | Thursday, March 04, 2021 6:05 PM |
| **To:** | Michael L. Brown |
| **Cc:** | John J. Schirger |
| **Subject:** | RE: KC Hopps v. Cincinnati - Deadline Extensions |

Thanks, Mike. We've had some further discussion on our end and, out of an abundance of caution, would like to move for a three week extension, as opposed to two. The new deadlines would be as follows:

| Deadline | From | To |
|---|---|---|
| Plaintiff's Expert Trial Witness Disclosures | March 8, 2021 | March 29, 2021 |
| Defendant's Expert Trial Witness Disclosures | March 29, 2021 | April 19, 2021 |
| Rebuttal Witnesses | April 19, 2021 | May 10, 2021 |
| Pretrial Discovery Complete | May 3, 2021 | May 24, 2021 |
| Daubert / Dispositive Motions | May 20, 2021 | June 10, 2021 |

The further extension would still not impact any other deadlines in the scheduling order. Please let me know as soon as possible if Cincinnati will agree to the extra week, and I'll put together a joint motion to modify. Thanks, Mike.

**Matthew W. Lytle**

**Miller | Schirger** LLC
4520 Main St., Ste. 1570
Kansas City, MO 64111
816.561.6510 (Direct)
816.419.2249 (Mobile)
816.561.6501 (Fax)
www.millerschirger.com

**From:** Michael L. Brown <mbrown@wallacesaunders.com>
**Sent:** Thursday, March 4, 2021 1:29 PM
**To:** Matthew W. Lytle <MLytle@millerschirger.com>
**Cc:** John J. Schirger <JSchirger@millerschirger.com>
**Subject:** RE: KC Hopps v. Cincinnati - Deadline Extensions

No objection Matt.



**MICHAEL L. BROWN**
**Wallace Saunders | Attorneys at Law**
913.752.5588 | mbrown@wallacesaunders.com
10111 West 87th Street | Overland Park, KS 66212
Phone 913.888.1000 | Fax 913.888.1065


EXHIBIT
2
tabbies®

**wallacesaunders.com**

**Susan Davis | Secretary**
913.752.5522 | sbowling@wallacesaunders.com



**From:** Matthew W. Lytle <MLytle@millerschirger.com>
**Sent:** Wednesday, March 03, 2021 5:38 PM
**To:** Michael L. Brown <mbrown@wallacesaunders.com>
**Cc:** John J. Schirger <JSchirger@millerschirger.com>
**Subject:** KC Hopps v. Cincinnati - Deadline Extensions

Mike:

Thanks for your time on the phone just now. As we discussed, due to some unforeseen medical circumstances involving my partner John Schirger and our client representative, we are requesting a modest two week extension of the following deadlines:

| Deadline | From | To |
|---|---|---|
| Plaintiff's Expert Trial Witness Disclosures | March 8, 2021 | March 22, 2021 |
| Defendant's Expert Trial Witness Disclosures | March 29, 2021 | April 12, 2021 |
| Rebuttal Witnesses | April 19, 2021 | May 3, 2021 |
| Pretrial Discovery Complete | May 3, 2021 | May 17, 2021 |
| Daubert / Dispositive Motions | May 20, 2021 | June 3, 2021 |

The requested extensions will not impact any other deadlines in the schedule. Please let me know as soon as possible if Cincinnati will agree to the requested extensions so we can prepare a motion to amend the scheduling order accordingly. Thanks, Mike.

**Matthew W. Lytle**

**Miller | Schirger** LLC
4520 Main St., Ste. 1570
Kansas City, MO 64111
816.561.6510 (Direct)
816.419.2249 (Mobile)
816.561.6501 (Fax)
www.millerschirger.com

*************************PRIVATE AND CONFIDENTIAL***************************
This electronic message transmission and any files transmitted with it are a communication from Miller Schirger LLC. This message contains information protected by the attorney/client privilege and is confidential or otherwise the exclusive property of the intended recipient of Miller Schirger LLC. This information is solely for the use of the individual or entity that is the intended recipient. If you are not the designated recipient, please be aware that any dissemination, distribution, or copying of this communication is strictly prohibited.

If you have received this electronic transmission in error, please notify the sender by telephone at 816-561-6500, collect if necessary, or by electronic mail at mlytle@millerschirger.com and promptly destroy the original transmission. Thank you for your assistance.

## Disclaimer

This e-mail (including any attachments) may contain material that (1) is confidential and for the sole use of the intended recipient, and (2) may be protected by the attorney-client privilege, attorney work product doctrine or other legal rules. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

EXPERT WITNESS REPORT

of

Kevin M. Grudzien

K.C. Hopps, LTD. v. The Cincinnati Insurance Company, Inc.

In the United States District Court
For the Western District of Missouri

Case No. 4:20-cv-00437-SRB

Prepared by:

Kevin M. Grudzien
Managing Director
Pyxis Group, LLC

1

EXHIBIT
3

## Introduction / Engagement

My name is Kevin Michael Grudzien, and I am the Managing Director of Pyxis Group, LLC. We have been retained to perform a forensic accounting review and calculation of Business Interruption losses incurred by K.C. Hopps, LTD. (KC Hopps) as a result of "severe acute respiratory syndrome coronavirus 2" or "SARS-CoV2," more commonly known and abbreviated, including for this report, as "COVID-19."

## My Background

Pyxis Group, LLC is a forensic accounting and consulting firm primarily focused on the calculation and measurement of business interruption losses and guiding policyholders through the insurance claim process. Our business address is 905 Joliet Street, #310, Dyer, IN 46311. I have a Bachelor of Arts degree in Accounting from Upper Iowa University in Fayette, Iowa. I started in my field on January 2, 1996, and have been dedicated full-time to the industry ever since. Over these 25 plus years, I estimate that I have analyzed thousands of businesses in numerous industries in the capacity described above. This includes the review of many companies in the restaurant industry. A full version of my curriculum vitae is included as Exhibit 1 to this report, which outlines all of my publications, speaking experience, and expert testimony. I am being compensated at an hourly rate of $265 for my work connected with this matter. My compensation is not contingent on the outcome of this litigation.

Our typical engagement requires a detailed review of an entities' various financial documentation and other non-quantitative information. Our forensic review of this

2

documentation and information is used to establish the financial performance of a business, absent a loss incident. The typical financial information review includes but is not limited to monthly income statements, payroll reports, balance sheets, sales data, relevant market data, budgets, forecasts, customer-specific data, orders, production, inventory records, tax returns, cost reports, general ledger details, expense invoices, etc.

While most of the financial data we review are similar between engagements, the non-quantitative data we incorporate into our analysis can vary significantly. Some examples of information we consider are significant changes in ownership, changes in key positions, new customers, lost customers, operational challenges, expansions, acquisitions, competition, etc. In addition, there is a need to understand or "learn the business" and the companies' relative industry or market as best possible. We obtain an understanding of a businesses' operational details, and this basic level of understanding helps reach reasonable and accurate opinions.

All of this documentation and information, along with our experience, allows us to arrive at our conclusions. These conclusions reasonably assess how a loss incident impacted a business. The same review has been applied to KC Hopps for purposes of this engagement to arrive at a reasonable degree of certainty typically expected of a forensic accounting review for insurance claim purposes.

**Summary of Opinions**

Our opinions are based on the information provided and reviewed to date. This information is listed in the "Documentation Reviewed" section at the end of this report. Based upon our review of the available information, it is my opinion that as of December 29, 2020, KC Hopps suffered Business Interruption losses totaling $1,727,739 as a result of COVID-19.

**KC Hopps Background**

The insured owns and operates several restaurants, catering, and foodservice locations in the Kansas City Metropolitan area, including the following:

- O'Dowd's, LLC, a Missouri limited liability company, O'Dowd's Gastrobar, 4742 Pennsylvania Avenue, Kansas City, MO 64112;

- Briarcliff Events, LLC, a Missouri limited liability company, The View at Briarcliff Event Space, 4000 N Mulberry Drive, Kansas City, MO 64116;

- Arena Promotions, LLC, a Missouri limited liability company providing food, beverage, and catering services at Hy-Vee Arena, 1800 Genessee Street, Kansas City, MO 64102;

- Southeast KC Restaurant Co., LLC, a Missouri limited liability company, Blue Moose Bar & Grill, Red Bridge, 11134 Holmes Road, Kansas City, MO 64131;

- Blue Moose, LLC, a Kansas limited liability company, d/b/a Blue Moose Bar & Grill, Prairie Village, 4160 W 71st Street, Prairie Village, KS 66208;

- Barley's Brewhaus, LLC, a Kansas limited liability company, d/b/a Barley's Brewhaus, 16649 Midland Drive, Shawnee, KS 66217;

4

- Falcon Ridge Restaurant, LLC, a Kansas limited liability company, d/b/a Blue Moose Bar & Grill, Lenexa, 10064 Woodland Road, Lenexa, KS 66220;

- Hopps Catering, LLC, a Kansas limited liability company, d/b/a Relish Classic Catering and Moose Truck food truck, 9112 Cody Street, Overland Park, KS 66214; and

- Pan Fried 2, LLC, a Kansas limited liability company, d/b/a Stroud's Overland Park, 8301 W 135th Street, Overland Park, KS 66223.

These locations are listed in the policy, and each has separate financial statements. Most of the insured's locations are traditional family "sitdown" restaurants unless indicated below. Additional information about each location can be found on the insured's website at www.kchopps.com.

- The View At Briarcliff – This is event space rented by the insured located in the Courtyard by Marriott hotel. The facility is available to host special events and can accommodate guests ranging from 5 to 500. Additional information can be found on the insured's website at www.theviewatbriarcliff.com.

- Hopps Catering – The insured offers several catering options, which can be found on the insured's website at www.kchopps.com/hopps-catering/

- Arena – The insured operates a food service counter in the Hy-Vee Arena located in Kansas City, Missouri.

- Management – This location represents the insured's corporate overhead costs. Also, note that there is a management fee allocated to the individual locations, which is reflected as revenue on this location's income statement.

5

**Basis for Opinions**

As previously indicated, our opinions are based upon our review of the documentation provided to date, discussions with the insured, and our experience. We have prepared detailed Business Interruption loss calculations for each of the locations referenced above through December 29, 2020, totaling $1,727,739. A summary of the calculated Business Interruption losses can be found on Exhibit B. It is important to note that the insured operates on a 13-period fiscal year.

On Exhibit B, you will find a reference to Exhibits B1 through B10, which coincide with a separate detailed Business Interruption calculation for each location. Within each of these detailed calculations, you will find a "Summary," which summarizes the calculated lost revenue and non-continuing expenses for the location through December 29, 2020.

"Schedule 1" represents a more detailed summary of the calculated losses through December 29, 2020. This schedule summarizes our calculations in total for the period at the individual general ledger account level. Within the sub-tabs (Schedules 1A through 1K), you will find the details of our calculation by each individual period. In particular, these schedules outline our "Method of Projection" for each general ledger account but-for the COVID-19 impact. All other assumptions, base periods, and footnotes are clearly outlined within these schedules. Note that the methodologies may vary by location and within the individual months, depending on the account's nature and impact.

6

Also, our calculation of lost sales can be found on Schedule 2 and subsequent Schedule 2 series of tabs/sub-schedules.  Note that while our methodologies are similar by location, the assumptions, trends, and projections vary.  We have considered the unique nature of each location's situation, micro-market, and trends.

Lastly, each of the Exhibits B1 through B10 includes a Schedule 3, which is the insured's detailed periodic income statements.  These income statements are a significant basis of our calculations and analysis.

**Documentation Reviewed:**

- Periodic Profit and Loss Statements for KC Hopps Arena Promotions, LLC – January 2019 to December 2020

- Periodic Profit and Loss Statements for KC Hopps Barley's Brewhaus, LLC– January 2018 to December 2020

- Periodic Profit and Loss Statements for KC Hopps Blue Moose Falcon Ridge – January 2018 to December 2020

- Periodic Profit and Loss Statements for KC Hopps Blue Moose Prairie Village – January 2018 to December 2020

- Periodic Profit and Loss Statements for KC Hopps Blue Moose Red Bridge – January 2018 to December 2020

- Periodic Profit and Loss Statements for KC Hopps Briarcliff Events, LLC – January 2018 to December 2020

- Periodic Profit and Loss Statements for KC Hopps Hopps Catering, LLC – January 2018 to December 2020

- Periodic Profit and Loss Statements for KC Hopps Hopps Management, LLC – January 2018 to December 2020

- Periodic Profit and Loss Statements for KC Hopps O'Dowd's, LLC – January 2018 to December 2020

- Periodic Profit and Loss Statements for KC Hopps Stroud's 135th Street – January 2018 to December 2020

- Periodic Budget for KC Hopps Arena Promotions, LLC – 2020

- Daily Net Sales Detail with Covers for KC Hopps – January 2018 to March 3, 2021

- US Foods Master Distribution Agreement – March 16, 2020

- US Foods – Amendment to the Master Disbribution Agreement – October 12, 2020

- US Foods – Amendment to the Master Disbribution Agreement – August 17, 2020

Signed March 29, 2021

Kevin M. Grudzien

8

```
 1              IN THE UNITED STATES DISTRICT COURT
                  WESTERN DISTRICT OF MISSOURI
 2                      EASTERN DIVISION

 3

 4    K.C. HOPPS, LTD.,              )
                                     )
 5              Plaintiff,           )
                                     )
 6         -vs-                      ) No. 20 CV 00437
                                     )
 7    THE CINCINNATI INSURANCE       )
      COMPANY, INC.,                 )
 8                                   )
                Defendant.           )
 9    _____)

10

11

12              The deposition of KEVIN GRUDZIEN, called by

13    the Defendant for examination, pursuant to notice and

14    pursuant to the Federal Rules of Civil Procedure for

15    the United States District Courts pertaining to the

16    taking of depositions, taken before Linda A. Barger,

17    Certified Shorthand Reporter within and for the County

18    of Cook and State of Illinois, at 303 West Madison

19    Street, Chicago, Illinois, commencing at the hour of

20    9:22 a.m. on the 27th day of May, A.D., 2021.

21

22

23

24

25
```

**EXHIBIT**
**4**

Case 4:20-cv-00437-SRB   Document 134   Filed 09/17/21   Page 21 of 29

1          A.    Not at the moment.

2          Q.    So do you, at the moment, intend to

3     supplement your opinions as contained in Exhibit 1?

4          A.    I think the intention will be yes.  My

5     intention is that we will be updating or supplementing

6     our report.  We have not been asked to do that yet.

7          Q.    How so?

8          A.    So I would say that when we prepared this

9     report, it went through the time period based upon the

10    data that we had available to us.  So we've discussed

11    whether, you know, there are continuing COVID losses

12    and that, at some point in time, there will be the

13    opportunity to supplement the report.

14         Q.    When you say we have discussed, who is we?

15         A.    Would be us at Pyxis, likely me and Dan,

16    Lizzie with Matt and possibly the Stueve folks.

17                MR. LYTLE:  I'm going to counsel the witness

18    at this point to not disclose, unless it goes to

19    assumptions, facts, data that you relied on.  Do not

20    disclose the content of communications with Counsel.

21                MR. BROWN:  Here is the problem is that the

22    deadlines fall past in this case.  We're almost at the

23    close of discovery and he's saying he's going to

24    update his opinions?

25                MR. LYTLE:  We can talk about it off the

Case 4:20-cv-00437-SHB   Document 134-1   Filed 09/17/21   Page 22 of 29

1     record, Mike.

2              MR. BROWN:  Can we?

3              MR. LYTLE:  I'm happy to have a discussion

4     and I'm happy to talk to you about that.  I'm going to

5     counsel the Witness at this point not to disclose

6     conversations he may have had with Counsel unless they

7     involve assumptions, data or facts that he relied upon

8     in forming his opinions.

9              MR. BROWN:  Let's go off the record for a

10    second.

11                        (Whereupon, a discussion was

12                         had off the record.)

13                        (Whereupon, a break was taken,

14                         after which the following

15                         proceedings were had:)

16             MR. BROWN:  If you're okay, I'll just ask the

17    question and we can get the testimony in?

18             THE WITNESS:  Sure.

19    BY MR. BROWN:

20        Q.   We took a short break and it's my

21    understanding now that you have no present intent to

22    supplement or modify your report as contained in

23    Exhibit 1; is that correct?

24        A.   That is correct.

25        Q.   All right.  Just as an estimate prior to this

Case 4:20-cv-04437-SFEB Document 134-21 Filed 09/17/21 Page 23 of 29

1    BY MR. BROWN:

2        Q.   What did your organization mean when they say

3    they wanted to look through and find possible errors

4    in overstated expenses not historically but going

5    forward?

6        A.   I believe what that intention means is that

7    the period three going forward, a period of loss, to

8    review their actual expenses in them -- in the lost

9    period.

10       Q.   So if I look through here -- so that is tab

11   B4, correct?

12       A.   Blue Moose, yes.

13       Q.   One of the categories on the first page is

14   non-continuing expenses, correct?

15       A.   Correct.

16       Q.   And what that means by non-continuing

17   expenses is expenses they saved; they didn't have to

18   pay otherwise what they would have, fair?

19            MR. LYTLE:  Object to form.

20            THE WITNESS:  Correct, in the context of

21   would have stayed during the period of restoration.

22   BY MR. BROWN:

23       Q.   Okay.  And what was the period of restoration

24   for this?

25       A.   The claim is from March through December 29th

Case 4:20-cv-00437-SEB   Document 134-21   Filed 09/17/21   Page 24 of 29

1      of 2020.

2            Q.   That's the dates you were given as the period

3      of restoration, right?

4                  MR. LYTLE:  Object to the form.

5                  THE WITNESS:  That is the date that we

6      measured our calculation through.

7      BY MR. BROWN:

8            Q.   And I take it you were there and somebody

9      told you that day; is that right?

10                 MR. LYTLE:  Object to the form.

11                 THE WITNESS:  I don't believe that's the

12     case.

13     BY MR. BROWN:

14           Q.   Okay.  What is a period of restoration?  What

15     is your understanding of a period of restoration?

16                 MR. LYTLE:  Object to the form.

17                 THE WITNESS:  That is a term that is usually

18     defined in most insurance policies and usually there

19     is a specific definition within each and can vary

20     slightly between the various policies.

21     BY MR. BROWN:

22           Q.   Is that something you need to know in making

23     your determination as to what is the business

24     interruption during the period of restoration?

25           A.   Of course.

Case 4:20-cv-00437-SFB   Document 134   Filed 09/17/21   Page 25 of 29

BY MR. BROWN:

    Q.   Do you intend to express any opinions at trial that we have not discussed today and are not contained in your report?

    A.   Not that I'm aware of.

    Q.   And nobody else would be aware of whether or not you intended to do that, right?

    A.   Correct.

    Q.   All right.  Well, I just have a few more wrap-up questions.  Told the truth today?

    A.   I did.

    Q.   You didn't provide answers to any questions you didn't understand?

    A.   That's correct.

        MR. BROWN:  That's all the questions I have. How do you want to handle the record on this?

        MR. LYTLE:  Signature is reserved.

        MR. BROWN:  I would like a dirty copy as quickly as possible.

        THE COURT REPORTER:  Would you like a copy, Mr. Lytle?

        MR. LYTLE:  Yes.  I don't need the rough.

            (Witness excused at 4:45 p.m.)

Case 4:20-cv-00437-SFR   Document 134-21   Filed 09/19/21   Page 26 of 29

**Michael L. Brown**

| | |
|---|---|
| **From:** | Michael L. Brown |
| **Sent:** | Friday, September 17, 2021 11:16 AM |
| **To:** | 'Matthew W. Lytle'; Hammett, Ericka |
| **Cc:** | mcclellan_stuevesiegel.com; tricia_lelaw.com; Kent Emison; rlombardo_sls-law.com; dparsons_sls-law.com; Joe Feierabend; Litchfield, Daniel; John J. Schirger; stueve_stuevesiegel.com; wilders_stuevesiegel.com; brett_lelaw.com; Todd McGuire |
| **Subject:** | RE: K.C. Hopps v. Cincinnati - Goodman Trial Deposition |

Dear Matt:

During oral arguments Wednesday, Plaintiff stated an intent that Mr. Grudzien was going to supplement his opinions. Is this indeed the case.? If so, do you object to leave for us to file an additional Motion in Limine out of time concerning the same? The timing of this is driven by the fact that the issue was first raised during Wednesday's argument. Please let us know today. Thanks, Mike



**MICHAEL L. BROWN**
**Wallace Saunders | Attorneys at Law**
913.752.5588 | mbrown@wallacesaunders.com
10111 West 87th Street | Overland Park, KS 66212
Phone 913.888.1000 | Fax 913.888.1065
**wallacesaunders.com**

**Susan Davis | Secretary**
913.752.5522 | sbowling@wallacesaunders.com



**From:** Matthew W. Lytle <MLytle@millerschirger.com>
**Sent:** Thursday, September 16, 2021 12:02 PM
**To:** Hammett, Ericka <hammett@litchfieldcavo.com>
**Cc:** Michael L. Brown <mbrown@wallacesaunders.com>; mcclellan_stuevesiegel.com <mcclellan@stuevesiegel.com>; tricia_lelaw.com <tricia@lelaw.com>; Kent Emison <kent@lelaw.com>; rlombardo_sls-law.com <rlombardo@sls-law.com>; dparsons_sls-law.com <dparsons@sls-law.com>; Joe Feierabend <JFeierabend@millerschirger.com>; Litchfield, Daniel <litchfield@litchfieldcavo.com>; John J. Schirger <JSchirger@millerschirger.com>; stueve_stuevesiegel.com <stueve@stuevesiegel.com>; wilders_stuevesiegel.com <wilders@stuevesiegel.com>; brett_lelaw.com <brett@lelaw.com>; Todd McGuire <mcguire@stuevesiegel.com>
**Subject:** K.C. Hopps v. Cincinnati - Goodman Trial Deposition

Ericka:



EXHIBIT
5

Attached is a file stamped copy of the notice for Dr. Goodman's trial deposition. Adam Weaver from Alaris / Lexitas will be contacting you to talk about logistics related to the remote platform and handling of exhibits. Please let me know if you have any questions. Thanks.

**Matthew W. Lytle**

# Miller | Schirger ₘ

4520 Main St., Ste. 1570
Kansas City, MO 64111
816.561.6510 (Direct)
816.419.2249 (Mobile)
816.561.6501 (Fax)
www.millerschirger.com

*************************PRIVATE AND CONFIDENTIAL**************************

This electronic message transmission and any files transmitted with it are a communication from Miller Schirger LLC. This message contains information protected by the attorney/client privilege and is confidential or otherwise the exclusive property of the intended recipient of Miller Schirger LLC. This information is solely for the use of the individual or entity that is the intended recipient. If you are not the designated recipient, please be aware that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this electronic transmission in error, please notify the sender by telephone at 816-561-6500, collect if necessary, or by electronic mail at mlytle@millerschirger.com and promptly destroy the original transmission. Thank you for your assistance.

**Michael L. Brown**

| | |
|---|---|
| **From:** | Michelle Campbell <campbell@stuevesiegel.com> |
| **Sent:** | Friday, September 17, 2021 2:28 PM |
| **To:** | litchfield@litchfieldcavo.com; hammett@litchfieldcavo.com; Michael L. Brown |
| **Cc:** | kemison@langdonemison.com; Abby McClellan; Brad Wilders; brett@lelaw.com; John Schirger; Joe Feierabend; Matt Lytle; tricia@lelaw.com; Patrick Stueve; rlombardo@sls-law.com |
| **Subject:** | KC Hopps v. Cincinnati Insurance:  Supplemental Expert Report of Kevin Grudzien |

Please use the below link to access and download the supplemental report, together with exhibits, of Kevin Grudzien.  Let me know if you encounter any difficulties accessing or downloading.  This link will expire in one week from today.

Regards,
Michelle Campbell

https://sshlaw.sharefile.com/d-s456a3422e699479099bdaa1122d97273

**Michelle R. Campbell**
Senior Litigation Paralegal
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
(816) 714-7137
www.stuevesiegel.com

This email (including any attachments) is intended only for the use of the recipient to whom it is addressed and may contain information that is privileged, confidential, or protected by law. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please delete the email and any attachments and notify us immediately. Thank you.

EXHIBIT
tabbies®
6