IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| K.C. HOPPS, LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-cv-00437-SRB |
| ) | |
| THE CINCINNATI INSURANCE COMPANY, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant The Cincinnati Insurance Company's ("Defendant") Motion in Limine Number 11 to Limit the Testimony and Evidence of Plaintiff's Expert Kevin Grudzien to the Information in his March 29, 2021 Report. (Doc. #142.) For the reasons stated below, the motion is DENIED.

On March 29, 2021, Plaintiff K.C. Hopps, LTD ("Plaintiff") provided to Defendant its expert disclosures and reports, including the expert report of Kevin Grudzien ("Grudzien"), Plaintiff's damages expert. On September 17, 2021, Grudzien supplemented his expert report and Plaintiff provided that supplement to Defendant. Grudzien's supplemental report states, "I have supplemented my calculation and opinion of [Plaintiff's] Business Interruption losses from COVID-19 to include those losses [Plaintiff] incurred for the period December 30, 2020, through March 23, 2021 . . . the period for which completed financial reports were not yet available when I prepared my report dated March 29, 2021[.]" (Doc. #162-1, p. 4.)[1]

Defendant contends that Plaintiff's supplementation of Grudzien was untimely, the untimeliness was not substantially justified, and Defendant would be prejudiced by Plaintiff's

---

[1] All page numbers refer to pagination automatically generated by CM/ECF.

use of the supplemental report because it would have "to spend time on this Motion as opposed to preparing for trial," Defendant has already prepared significant pretrial filings, and "it was during oral arguments in opposition to Defendant's Motion for Summary Judgment that Plaintiff first indicated an intent to supplement Mr. Grudzien's opinions." (Doc. #142, pp. 6-7.) Accordingly, Defendant argues that the evidence and testimony of Grudzien at trial should be limited to the information in Grudzien's March 29, 2021, report. Plaintiff disagrees, arguing that the supplemental report was timely disclosed, that nothing in the Federal Rules or the Court's Scheduling Order bars Plaintiff from supplementing Grudzien's report, and that the timing of the supplemental report was substantially justified and harmless.

Upon review, the Court agrees with Plaintiff. First, the Court finds the supplement was timely. Federal Rule of Civil Procedure 26(e)(2) provides that an expert's supplemental report must be disclosed "by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Included in the Rule 26(a)(3) disclosures is "an identification of each document or other exhibit . . . the party expects to offer and those it may offer if the need arises." Fed. R. Civ. P. 26(a)(3)(A)(iii). Pursuant to the Scheduling Order, Plaintiff's exhibit list was due on September 17, 2021, the same day Plaintiff supplemented Grudzien's expert report. The Court finds the supplemental report was disclosed by the time the parties' Rule 26(a)(3) disclosures were due and thus was timely.

Even if the disclosure was late, the Court finds the timing is harmless. "The district court may exclude the information or testimony as a self-executing sanction unless the party's failure to comply is substantially justified or harmless." *Wegner v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008). "Courts have allowed an expert to supplement his or her report when the supplementation is consistent with prior testimony and merely expands upon or clarifies the initial opinions

offered by the expert." *Nachurs Alpine Solutions, Corp. v. Nutra-Flo Co.*, No. 15-CV-4015-LTS, 2017 WL 3948534, at *5 (N.D. Iowa Sept. 8, 2017) (cleaned up, citation omitted) (collecting cases). Here, Grudzien did not substantially alter his opinion. Grudzien's supplemental report merely includes three additional months of financial data that were not previously made available to him in order to give a complete estimate of Plaintiff's alleged damages. In doing so, Grudzien applied the same methodology that he identified in his March 29, 2021, report, which was the subject of Defendant's prior deposition of Grudzien. The Court finds Defendant has "had an opportunity to test [Grudzien's damages methodology] during discovery" and therefore the timing of the supplemental report is harmless. *Wilson Rd. Dev. Corp. v. Fronabarger Concreters, Inc.*, 971 F. Supp. 2d 896, 903 (E.D. Mo. 2013).

Defendant also admits that "Plaintiff possessed and produced the balance sheets for January and February, 2021 of various K.C Hopps entities to Defendant on May 7, 2021." (Doc. #142, p. 6.) While Defendant provides this information to argue that the timing of the supplemental report was not substantially justified, this fact also means Defendant will not be prejudiced because it has already been privy to the majority of the financial data Grudzien relies on in his supplemental report. *See Dunning v. Bush*, 536 F.3d 879, 890 (8th Cir. 2008) (holding that if the financial data relied on by an expert was readily available to the defendants, "then clearly [the defendants] suffered no prejudice. Those [d]efendants would be able to verify or challenge [the expert's] opinion with ease.").

Given the lack of prejudice to Defendant, the importance of Plaintiff's ability to present all of its potential damages, the fact that Grudzien did not have the full financials when issuing his previous report, and because the supplemental report was disclosed five weeks before trial and thus will not disrupt the order and efficiency of this case, the Court finds that excluding the

supplemental report from evidence and Grudzien's testimony is inappropriate. Still, to cure any potential prejudice to Defendant, Plaintiff shall make Grudzien available by October 18, 2021, so Defendant may take a limited deposition regarding his supplemental report.

Accordingly, it is hereby **ORDERED** that Defendant's Motion in Limine Number 11 to Limit the Testimony and Evidence of Plaintiff's Expert Kevin Grudzien to the Information in his March 29, 2021 Report (Doc. #142) is DENIED. It is **FURTHER ORDERED** that Plaintiff shall make Grudzien available by October 18, 2021, so Defendant may take a limited deposition regarding his supplemental report.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: September 28, 2021