IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| K.C. HOPPS, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 4:20-CV-437 |
| | ) | |
| vs. | ) | |
| | ) | |
| THE CINCINNATI INSURANCE COMPANY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Subject to the submission of further proposed instructions or modifications or withdrawal of these instructions after the Court's final ruling on the parties' Motions *in Limine* for trial, to reflect other developments between now and the time of trial and/or following the completion of the submission of evidence at trial, Defendant The Cincinnati Insurance Company. ("Defendant") submits the following proposed jury instructions taken from and/or drawn in the manner of the Model Civil Jury Instructions for the District Courts of the Eighth Circuit (2020) and/or Missouri Approved Jury Instructions (Civil), Eighth Edition, and/or Kansas P.I.K. Instructions, and/or the insurance policy, and/or appropriate law where available and appropriate.

Defendant objects to the failure to give these instructions and objects to the use of any other instructions without Defendant's agreement. Defendant further requests the opportunity to state its distinct grounds for objections to any instruction

herein that are not submitted or any instructions submitted that are inconsistent with the instructions herein.

Defendant reserves its right pursuant to Rules 51(b)(2) and 51(c)(2) to make additional objections before the instructions and argument. Without waiver of additional objections and pursuant to Rule 51(c), Defendant objects to Plaintiff's proposed instructions as follows:

- **Plaintiff's Instruction No. 3**: Defendant objects to Plaintiff's proposed instruction number 3 which is based on the 8th Circuit Model Instruction 1.03. Plaintiff's description of the case is not supported by the evidence and it misstates the evidence and is not objective. Defendant reserves the right to assert additional objections.

- **Plaintiff's Instruction No. 10**: Defendant objects to providing any stipulations or stipulations of facts to the jury not expressly agreed to by Defendant. Defendant reserves the right to assert additional objections..

- **Plaintiff's Instruction No**. 11: Defendant objects to providing any stipulations or stipulations of facts to the jury not expressly agreed to by Defendant. Defendant reserves the right to assert additional objections.

- **Plaintiff's Instruction No**. 12: Defendant objects to providing any stipulations or stipulations of facts to the jury not expressly agreed to by Defendant. Defendant reserves the right to assert additional objections.

- **Plaintiff's Instruction No. 20**: Defendant objects to Plaintiff's proposed instruction number 20. Plaintiff has modified Eighth Circuit Model instruction

3.04.  There is no reason to modify the Model Instruction which adequately describes the burden of proof.   Defendant incorporates its instruction number 7 which appropriately describes the burden.

- **Plaintiff's Instruction No. 23:**  The only objection to this instruction is that it adds a requirement that all jurors sign the verdict form.  There is no reason for such a requirement.  If a party wishes to, it may poll the jury.

- **Plaintiff's Instruction No. 24:**  Defendant objects to Plaintiff's Instruction No. 24 as it misstates the requirements, provisions, and terms of the subject insurance policy and the applicable law concerning the same.   Defendant incorporates its briefing concerning its Motion for Summary Judgment. Defendant further refers the Court to Defendant's Instructions Nos. 5 and 6 and *Oral Surgeons, P.C. v. Cincinnati Ins. Co.*, 2 F.4th 1141, 1144 (8th Cir. 2021); *Santo's Italian Café LLC v. Acuity Ins. Co.*, No. 21-3068, 2021 U.S. App. LEXIS 28720, at *10 (6th Cir. Sep. 22, 2021); and *Promotional Headwear Int'l v. Cincinnati Ins. Co.*, 504 F. Supp. 3d 1191, 1203 (D. Kan. 2020).

- **Plaintiff's Instruction No. 25 (Verdict Form):**  Defendant objects to Plaintiff's verdict form because it does not list each KC Hopps entity individually and because it requires jury signature.

Defendant does not object to Plaintiff's Instructions Nos. 1, 2, 4, 5-9, 13-19, 21, and 22.

WALLACE SAUNDERS

By
Michael L. Brown    KS# 21313
10111 West 87th Street
Overland Park, KS 66212
(913) 888-1000 FAX - (913) 888-1065
mbrown@wallacesaunders.com

AND

LITCHFIELD CAVO LLP

BY:
Daniel Litchfield    *PHV*
Ericka Hammett    *PHV*
303 West Madison Street
Suite 300
Chicago, IL 60606
(312) 781-6669 FAX (312) 781-6630
litchfield@litchfieldcavo.com
hammett@litchfieldcavo.com

ATTORNEYS FOR DEFENDANT THE
CINCINNATI INSURANCE COMPANY

CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2021, I
electronically filed the foregoing with the Clerk of the
Court using the CM/ECF system which will send a
notice of electronic filing to:

John J. Schirger
Matthew W. Lytle
Joseph M. Feierabend
Miller Schirger LLC
4520 Main St., Suite 1570
Kansas City, MO 64111
jschirger@millerschirger.com
mlytle@millerschirger.com
jfeierabend@millerschirger.com

Patrick J. Stueve
Bradley T. Wilders
Curtis Shank
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
stueve@stuevesiegel.com
wilders@stuevesiegel.com
shank@stuevesiegel.com

J. Kent Emison
Patricia L. Campbell
Langdon & Emison LLC
911 Main Street
PO Box 220
Lexington, MO 64067
kent@lelaw.com
tricia@lelaw.com

Richard F. Lombardo
Shaffer Lombardo Shurin, P.C.
2001 Wyandotte Street
Kansas City, MO 64108
rlombardo@sls-law.com

ATTORNEYS FOR PLAINTIFF

 /s/    Michael L. Brown_____

INSTRUCTION NO. _____(Defendant's Instruction No. 1)

Members of the Jury: I am now going to give you some instructions about this case and about your duties as jurors. At the end of the trial I will give you more instructions. I may also give you instructions during the trial. All instructions - those I give you now and those I give you later - whether they are in writing or given to you orally – are equally important and you must follow them all.

[Describe your court's digital electronic device policy, such as "You must leave your cell phone, PDA, smart phone, iPhone, tablet computer, and any other wireless communication devices] in the jury room during the trial and may only use them during breaks. However, you are not allowed to have those devices in the jury room during your deliberations. You may give them to the [bailiff] [deputy clerk] [court security officer] for safekeeping just before you start to deliberate. They will be returned to you when your deliberations are complete."]

This is a civil case brought by plaintiff K.C. Hopps, Ltd. against defendant The Cincinnati Insurance Company, Inc. This case involves a contract dispute arising under the commercial property policy of insurance Cincinnati issued to plaintiff. Plaintiff owns and operates several bars, restaurants, catering services and event spaces on both the Kansas and Missouri sides of the Kansas City metropolitan area. Plaintiff contends in this lawsuit that the insurance policy provides coverage for economic losses it allegedly sustained between March 2020 and December 2020 as a result of the Coronavirus. Plaintiff contends that Defendant breached the terms of the insurance policy by failing to acknowledge coverage under the policy and pay plaintiff for its alleged business interruption losses. Defendant denies that the policy provides coverage for plaintiff's alleged economic losses, and, as such, denies that it breached the insurance policy

In a case like this claiming a breach of contract, the judge decides what the terms of the contract mean and the obligations of the parties to that contract. At an earlier stage of this case, I determined as a matter of law that [INSERT FROM

FORTHCOMING ORDER]. These earlier determinations will not be revisited and are considered conclusive at this trial.

It will be your duty to decide from the evidence whether the plaintiff is entitled to a verdict against the defendant.

Your duty is to decide what the facts are from the evidence. You are allowed to consider the evidence in the light of your own observations and experiences. After you have decided what the facts are, you will have to apply those facts to the law that I give you in these and in my other instructions. That is how you will reach your verdict. Only you will decide what the facts are. However, you must follow my instructions, whether you agree with them or not. You have taken an oath to follow the law that I give you in my instructions.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any reasons they might have to testify a certain way, how they act while testifying, whether they said something different at another time, whether their testimony is generally reasonable, and how consistent their testimony is with other evidence that you believe.

Do not let sympathy, or your own likes or dislikes, influence you. The law requires you to come to a just verdict based only on the evidence, your common sense, and the law that I give you in my instructions, and nothing else.

Nothing I say or do during this trial is meant to suggest what I think of the evidence or I think your verdict should be.

This proposed instruction is agreed upon by the parties.

8th Cir. Civil Jury Instr. § 1.03 (2020).

**INSTRUCTION NO. \_\_\_\_ (Defendant's Instruction No. 2)**

You will have to decide whether certain facts have been proved. A fact has been proved, if you find that it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable.

You have probably heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than "more likely true than not true." It applies in criminal cases, but not in this civil case; so put it out of your mind.

This proposed instruction is [is not] agreed upon by the parties.

8th Cir. Civil Jury Instr. § 3.04 (2020)

102112654.v1

**INSTRUCTION NO. _____ (Defendant's Instruction No. 3)**

(DEFINITION OF CONTRACT)

A contract is an agreement between two or more persons consisting of a set of promises that are legally enforceable.

This proposed instruction is [is not] agreed upon by the parties.

PIK 4th 124.01.

102112654.v1

**INSTRUCTION NO. _____(Defendant's Instruction No. 4)**

(POLICY TERMS)

The obligation of the insurance company is governed by the provisions of the policy. Endorsements are a part of the policy.

Words used in an insurance policy are to be read and understood in their ordinary and usual meaning except those specially defined by the court in these instructions.

This proposed instruction is [is not] agreed upon by the parties.

PIK 4th 124.31

INSTRUCTION NO. _____(Defendant's Instruction No. 5)

(VERDICT DIRECTOR – BREACH OF CONTRACT)

Your verdict must be for plaintiff if you believe:

First, Defendant issued to Plaintiff a commercial property insurance policy bearing Policy No. EPP 012 40 51 / EBA 012 40 51, for the coverage period from January 25, 2020, through January 25, 2023.

Second, the policy was in force on the date of any direct physical loss or direct physical damage to property at one or more of Plaintiff's premises.

Third, Plaintiff suffered direct physical loss or direct physical damage to property at one or more of the premises involved here, caused by SARS-CoV-2.

Fourth, Plaintiff suffered actual loss of Business Income due to the necessary suspension of Plaintiff's operations during a period of restoration;

Fifth, the period of restoration was caused and made necessary by direct physical loss or damage to property at one or more of Plaintiff's premises caused by SARS-CoV-2; and

Sixth, Defendant refused coverage and was therefore in breach of contract.

Unless, you believe plaintiff is not entitled to recover by reason of Instructions Numbered _____

This proposed instruction is [is not] agreed upon by the parties.

*Oral Surgeons, P.C. v. Cincinnati Ins. Co.*, 2 F.4th 1141, 1144 (8th Cir. 2021);
*Santo's Italian Café LLC v. Acuity Ins. Co.*, No. 21-3068, 2021 U.S. App. LEXIS 28720, at *10 (6th Cir. Sep. 22, 2021);
*Promotional Headwear Int'l v. Cincinnati Ins. Co.*, 504 F. Supp. 3d 1191, 1203 (D. Kan. 2020);
The Insurance Policy;
Mo. Approved Jury Instr. (Civil) 31.09 (8th ed);
P.I.K.4t 124.01A.

INSTRUCTION NO. _____(Defendant's Instruction No. 6)

## (VERDICT DIRECTOR – BREACH OF CONTRACT (CONVERSE))

Your verdict must be for defendant unless you believe:

First, Defendant issued to Plaintiff a commercial property insurance policy bearing Policy No. EPP 012 40 51 / EBA 012 40 51, for the coverage period from January 25, 2020, through January 25, 2023.

Second, the policy was in force on the date of any direct physical loss or direct physical damage to property at one or more of Plaintiff's premises.

Third, Plaintiff suffered direct physical loss or direct physical damage to property at one or more of the premises involved here, caused by SARS-CoV-2.

Fourth, Plaintiff suffered actual loss of Business Income due to the necessary suspension of Plaintiff's operations during a period of restoration;

Fifth, the period of restoration was caused and made necessary by direct physical loss or damage to property at one or more of Plaintiff's premises caused by SARS-CoV-2; and

Sixth, Defendant refused coverage and was therefore in breach of contract.

This proposed instruction is [is not] agreed upon by the parties.

*Oral Surgeons, P.C. v. Cincinnati Ins. Co.*, 2 F.4th 1141, 1144 (8th Cir. 2021);
*Santo's Italian Café LLC v. Acuity Ins. Co.*, No. 21-3068, 2021 U.S. App. LEXIS 28720, at *10 (6th Cir. Sep. 22, 2021);
*Promotional Headwear Int'l v. Cincinnati Ins. Co.*, 504 F. Supp. 3d 1191, 1203 (D. Kan. 2020);
Mo. Approved Jury Instr. (Civil) 31.09 (8th ed);
The insurance policy; and
P.I.K.4t 124.01A.

**INSTRUCTION NO. _____(Defendant's Instruction No. 7)**

**(CONTRACT TERMS)**

Wherever in these instructions the term direct physical loss or direct physical damage are used, that means that property has not suffered direct physical loss or direct physical damage unless it requires repair, rebuilding or replacement. There must be some physicality, such as physical loss, physical contamination or damage to property. The Coronavirus pandemic and related government-imposed restrictions do not constitute direct physical loss or direct physical damage to property. A government order prohibiting in-person dining (or imposing other restrictions on a business) does not constitute direct physical loss or direct physical damage to property. Direct physical loss or direct physical damage under the Policy requires more than mere diminution in value or impairment of use of the property.

This proposed instruction is [is not] agreed upon by the parties.

*Oral Surgeons, P.C. v. Cincinnati Ins. Co.*, 2 F.4th 1141, 1144 (8th Cir. 2021);
*Santo's Italian Café LLC v. Acuity Ins. Co.*, No. 21-3068, 2021 U.S. App. LEXIS 28720, at *10 (6th Cir. Sep. 22, 2021);
*Promotional Headwear Int'l v. Cincinnati Ins. Co.*, 504 F. Supp. 3d 1191, 1203 (D. Kan. 2020);
The Insurance Policy.

INSTRUCTION NO. _____(Defendant's Instruction No. 8)

(CONTRACT TERMS)

Physical contamination is more than the presence of contaminants but means contaminants that permeate the property and are not removable by ordinary cleaning or disinfection.

This proposed instruction is [is not] agreed upon by the parties.

*Oral Surgeons, P.C. v. Cincinnati Ins. Co.*, 2 F.4th 1141, 1144 (8th Cir. 2021);
*Santo's Italian Café LLC v. Acuity Ins. Co.*, No. 21-3068, 2021 U.S. App. LEXIS 28720, at *10 (6th Cir. Sep. 22, 2021);
*Promotional Headwear Int'l v. Cincinnati Ins. Co.*, 504 F. Supp. 3d 1191, 1203 (D. Kan. 2020); and
The Insurance Policy.

102112654.v1

**INSTRUCTION NO. _____(Defendant's Instruction No. 9)**

**(CONTRACT TERMS)**

Insurance is a matter of contract and parties have the right to employ whatever terms they wish. Words used in an insurance policy are to be read and understood in their ordinary and usual meaning. Exclusions are necessary provisions in insurance policies. It is the insured's burden to establish coverage and the insurer's burden to show that an exclusion to coverage applies.

This proposed instruction is [is not] agreed upon by the parties.

*Monday Restaurants LLC v. Intrepid Ins. Co.*, No. 4:20 CV 1015 SNLJ, 2021 WL 2222692, at *2 (E.D. Mo. June 2, 2021) quoting *Todd v. Mo. United Sch. Ins. Council*, 223 S.W.3d 156, 163 (Mo. banc 2007);
Mo. Approved Jury Instr. (Civil) 32.24 (8th ed);
Pattern Inst. Kan. Civil 124.31; Comment to Pattern Inst. Kan. Civil 124.31.

INSTRUCTION NO. _____(Defendant's Instruction No. 10)

## (CONTRACT TERMS)

Your verdict must be for Defendant if you believe that any alleged loss was caused directly or indirectly by an Ordinance or Law regulating the use of any building or structure regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

.

This proposed instruction is [is not] agreed upon by the parties.

*Monday Restaurants LLC v. Intrepid Ins. Co.*, No. 4:20 CV 1015 SNLJ, 2021 WL 2222692, at *2 (E.D. Mo. June 2, 2021) quoting *Todd v. Mo. United Sch. Ins. Council*, 223 S.W.3d 156, 163 (Mo. banc 2007);
*Vogelsang v. Travelers Home & Marine Ins. Co.*, No. ED 109377, 2021 WL 3086223, at *1 (Mo. Ct. App. June 29, 2021), *reh'g and/or transfer denied* (Aug. 2, 2021);
Pattern Inst. Kan. Civil 106.1; CACI No. 2303, Affirmative Defense - Insurance Policy Exclusion;
The Insurance Policy;
Mo. Approved Jury Instr. (Civil) 31.09 (8th ed); and
Mo. Approved Jury Instr. (Civil) 4.01 (8th ed).

INSTRUCTION NO. _____(Defendant's Instruction No. 11)

(CONTRACT TERMS)

Your verdict must be for Defendant if you believe that any alleged loss was caused directly or indirectly by any seizure or destruction of property by order of governmental authority regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

This proposed instruction is [is not] agreed upon by the parties.

*Monday Restaurants LLC v. Intrepid Ins. Co.*, No. 4:20 CV 1015 SNLJ, 2021 WL 2222692, at *2 (E.D. Mo. June 2, 2021) quoting *Todd v. Mo. United Sch. Ins. Council*, 223 S.W.3d 156, 163 (Mo. banc 2007);
*Vogelsang v. Travelers Home & Marine Ins. Co.*, No. ED 109377, 2021 WL 3086223, at *1 (Mo. Ct. App. June 29, 2021), *reh'g and/or transfer denied* (Aug. 2, 2021);
Pattern Inst. Kan. Civil 106.1; CACI No. 2303, Affirmative Defense - Insurance Policy Exclusion;
The Insurance Policy;
Mo. Approved Jury Instr. (Civil) 31.09 (8th ed); and
Mo. Approved Jury Instr. (Civil) 4.01 (8th ed).

INSTRUCTION NO. _____(Defendant's Instruction No. 12)

(CONTRACT TERMS)

Your verdict must be for Defendant if you believe that any alleged loss was caused by or resulted from any delay, loss of use or loss of market.

This proposed instruction is [is not] agreed upon by the parties.

*Monday Restaurants LLC v. Intrepid Ins. Co.*, No. 4:20 CV 1015 SNLJ, 2021 WL 2222692, at *2 (E.D. Mo. June 2, 2021) quoting *Todd v. Mo. United Sch. Ins. Council*, 223 S.W.3d 156, 163 (Mo. banc 2007);
*Vogelsang v. Travelers Home & Marine Ins. Co.*, No. ED 109377, 2021 WL 3086223, at *1 (Mo. Ct. App. June 29, 2021), *reh'g and/or transfer denied* (Aug. 2, 2021);
Pattern Inst. Kan. Civil 106.1; CACI No. 2303, Affirmative Defense - Insurance Policy Exclusion;
The Insurance Policy;
Mo. Approved Jury Instr. (Civil) 31.09 (8th ed); and
Mo. Approved Jury Instr. (Civil) 4.01 (8th ed).

INSTRUCTION NO. _____(Defendant's Instruction No. 13)

(CONTRACT TERMS)

Your verdict must be for Defendant if you believe that any alleged loss was caused by or resulting from Discharge, dispersal, seepage, migration, release, escape or emission of pollutants.

The term Pollutants means any physical irritant or contaminant.

This proposed instruction is [is not] agreed upon by the parties.

*Monday Restaurants LLC v. Intrepid Ins. Co.*, No. 4:20 CV 1015 SNLJ, 2021 WL 2222692, at *2 (E.D. Mo. June 2, 2021) quoting *Todd v. Mo. United Sch. Ins. Council*, 223 S.W.3d 156, 163 (Mo. banc 2007);

*Vogelsang v. Travelers Home & Marine Ins. Co.*, No. ED 109377, 2021 WL 3086223, at *1 (Mo. Ct. App. June 29, 2021), *reh'g and/or transfer denied* (Aug. 2, 2021);

Pattern Inst. Kan. Civil 106.1; CACI No. 2303, Affirmative Defense - Insurance Policy Exclusion;

The Insurance Policy;

Mo. Approved Jury Instr. (Civil) 31.09 (8th ed); and

Mo. Approved Jury Instr. (Civil) 4.01 (8th ed).

INSTRUCTION NO. _____(Defendant's Instruction No. 14)

(CONTRACT TERMS)

Your verdict must be for Defendant if you believe that any alleged loss was caused by or resulting from acts or decisions, including the failure to act or decide, of any person, group, organization or governmental body.

This proposed instruction is [is not] agreed upon by the parties.

*Monday Restaurants LLC v. Intrepid Ins. Co.*, No. 4:20 CV 1015 SNLJ, 2021 WL 2222692, at *2 (E.D. Mo. June 2, 2021) quoting *Todd v. Mo. United Sch. Ins. Council*, 223 S.W.3d 156, 163 (Mo. banc 2007);
*Vogelsang v. Travelers Home & Marine Ins. Co.*, No. ED 109377, 2021 WL 3086223, at *1 (Mo. Ct. App. June 29, 2021), *reh'g and/or transfer denied* (Aug. 2, 2021);
Pattern Inst. Kan. Civil 106.1; CACI No. 2303, Affirmative Defense - Insurance Policy Exclusion;
The Insurance Policy;
Mo. Approved Jury Instr. (Civil) 31.09 (8th ed); and
Mo. Approved Jury Instr. (Civil) 4.01 (8th ed).

**INSTRUCTION NO. _____ (Defendant's Instruction No. 15)**

**MITIGATION OF LOSS**

If you find that the plaintiff is entitled to recover damages for breach of the contract, then in fixing the amount of damages you should not include any loss that it could have prevented by reasonable care and diligence.

PIK 4th 124.18

102112654.v1

INSTRUCTION NO. _____(Defendant's Instruction No. 16)

## MEASURE OF DAMAGES FOR BREACH OF CONTRACT

If you find for the plaintiff, then you should award the plaintiff such sum as you believe will fairly and justly compensate the plaintiff for the damages you believe it sustained as a direct result of the breach of contract by the defendant.

In determining plaintiff's damages you should consider any of the following elements of damage that you find were the result of the breach: The amount of actual loss of Business Income due to the necessary suspension of Plaintiff's operations during a period of restoration caused by direct physical loss or damage to property at one or more of Plaintiff's premises, caused by SARS-CoV-2.

You may also consider the amount of government assistance and grants, including but not limited to grants from the PPP and CARES Act programs, received by Plaintiff.

The total amount of your verdicts may not exceed the total sum of $1,727,739, the amount of plaintiff's claim.

This proposed instruction is [is not] agreed upon by the parties.

PIK 4th 124.16 (modified)

102112654.v1

**INSTRUCTION NO. _____(Defendant's Instruction No. 17)**


  The verdict form included in these instructions contains directions for completion and will allow you to return the permissible verdicts in this case. All of you must agree in order to return any verdict.

This proposed instruction is [is not] agreed upon by the parties.

Mo. Approved Jury Instr. (Civil) 2.04 (8th ed) (modified).

102112654.v1

**VERDICT FORM A – BREACH OF CONTRACT** (Defendant's Instruction No. 18)


Note: Complete this form by writing in the name required by your verdict.

      On the claim of plaintiff K.C. Hopps, Ltd. for breach of contract against defendant The Cincinnati Insurance Company, Inc., concerning O'Dowd's, LLC, a Missouri limited liability company, d/b/a O'Dowd's Gastrobar, 4742 Pennsylvania Avenue, Kansas City, MO 64112, we the jurors, find in favor of:


_____

    Plaintiff K.C. Hopps, Ltd.   or   Defendant The Cincinnati Insurance Company,
Inc.



Note: Complete the following paragraph only if the above finding is in favor of
      plaintiff K.C. Hopps, Ltd.


    We, the jurors, assess the damages of plaintiff K.C. Hopps, Ltd. at:


    $_____ (stating the amount).




This proposed instruction is [is not] agreed upon by the parties.
Mo. Approved Jury Instr. (Civil) 36.01 (8th ed) (modified)
Removed Signatures pursuant to 8th Circuit Verdict Forms.

## <u>VERDICT FORM B – BREACH OF CONTRACT</u> (Defendant's Instruction No. 19)

Note: Complete this form by writing in the name required by your verdict.

On the claim of plaintiff K.C. Hopps, Ltd. for breach of contract against defendant The Cincinnati Insurance Company, Inc., concerning Briarcliff Events, LLC, a Missouri limited liability company, d/b/a The View at Briarcliff Event Space, 4000 N Mulberry Drive, Kansas City, MO 64116, we the jurors, find in favor of:

_____

Plaintiff K.C. Hopps, Ltd.    or    Defendant The Cincinnati Insurance Company, Inc.

Note: Complete the following paragraph only if the above finding is in favor of plaintiff K.C. Hopps, Ltd.

We, the jurors, assess the damages of plaintiff K.C. Hopps, Ltd. at:

$_____ (stating the amount).

This proposed instruction is [is not] agreed upon by the parties.
Mo. Approved Jury Instr. (Civil) 36.01 (8th ed) (modified)
Removed Signatures pursuant to 8th Circuit Verdict Forms.

**VERDICT FORM C – BREACH OF CONTRACT** (Defendant's Instruction No. 20)


Note: Complete this form by writing in the name required by your verdict.

On the claim of plaintiff K.C. Hopps, Ltd. for breach of contract against defendant The Cincinnati Insurance Company, Inc., concerning Arena Promotions, LLC, a Missouri limited liability, 1800 Genessee Street, Kansas City, MO 64102, we the jurors, find in favor of:


_____

    Plaintiff K.C. Hopps, Ltd.   or    Defendant The Cincinnati Insurance Company, Inc.



Note: Complete the following paragraph only if the above finding is in favor of plaintiff K.C. Hopps, Ltd.


We, the jurors, assess the damages of plaintiff K.C. Hopps, Ltd. at:


$_____ (stating the amount).




This proposed instruction is [is not] agreed upon by the parties.
Mo. Approved Jury Instr. (Civil) 36.01 (8th ed) (modified)
Removed Signatures pursuant to 8th Circuit Verdict Forms.

## VERDICT FORM D – BREACH OF CONTRACT (Defendant's Instruction No. 21)

Note: Complete this form by writing in the name required by your verdict.

On the claim of plaintiff K.C. Hopps, Ltd. for breach of contract against defendant The Cincinnati Insurance Company, Inc., concerning Southeast KC Restaurant Co., LLC, a Missouri limited liability company, d/b/a Blue Moose Bar & Grill, Red Bridge, 11134 Holmes Road, Kansas City, MO 64131, we the jurors, find in favor of:

_____

   Plaintiff K.C. Hopps, Ltd.   or   Defendant The Cincinnati Insurance Company, Inc.

Note: Complete the following paragraph only if the above finding is in favor of plaintiff K.C. Hopps, Ltd.

We, the jurors, assess the damages of plaintiff K.C. Hopps, Ltd. at:

$_____ (stating the amount).

This proposed instruction is [is not] agreed upon by the parties.
Mo. Approved Jury Instr. (Civil) 36.01 (8th ed) (modified)
Removed Signatures pursuant to 8th Circuit Verdict Forms.

102112654.v1

**<u>VERDICT FORM E – BREACH OF CONTRACT</u> (Defendant's Instruction No. 22)**

Note: Complete this form by writing in the name required by your verdict.

On the claim of plaintiff K.C. Hopps, Ltd. for breach of contract against defendant The Cincinnati Insurance Company, Inc., concerning Blue Moose, LLC, a Kansas limited liability company, d/b/a Blue Moose Bar & Grill, Prairie Village, 4160 W 71st Street, Prairie Village, KS 66208, we the jurors, find in favor of:

_____

   Plaintiff K.C. Hopps, Ltd.   or   Defendant The Cincinnati Insurance Company, Inc.

Note: Complete the following paragraph only if the above finding is in favor of plaintiff K.C. Hopps, Ltd.

We, the jurors, assess the damages of plaintiff K.C. Hopps, Ltd. at:

$_____ (stating the amount).

This proposed instruction is [is not] agreed upon by the parties.
Mo. Approved Jury Instr. (Civil) 36.01 (8th ed) (modified)
Removed Signatures pursuant to 8th Circuit Verdict Forms.

**<u>VERDICT FORM F – BREACH OF CONTRACT</u> (Defendant's Instruction No. 23)**

Note: Complete this form by writing in the name required by your verdict.

On the claim of plaintiff K.C. Hopps, Ltd. for breach of contract against defendant The Cincinnati Insurance Company, Inc., concerning Barley's Brewhaus, LLC, a Kansas limited liability company, d/b/a Barley's Brewhaus, 16649 Midland Drive, Shawnee, KS 66217, we the jurors, find in favor of:

_____

Plaintiff K.C. Hopps, Ltd.    or    Defendant The Cincinnati Insurance Company,
Inc.

Note: Complete the following paragraph only if the above finding is in favor of plaintiff K.C. Hopps, Ltd.

We, the jurors, assess the damages of plaintiff K.C. Hopps, Ltd. at:

$_____ (stating the amount).

This proposed instruction is [is not] agreed upon by the parties.
Mo. Approved Jury Instr. (Civil) 36.01 (8th ed) (modified)
Removed Signatures pursuant to 8th Circuit Verdict Forms.

## VERDICT FORM G – BREACH OF CONTRACT (Defendant's Instruction No. 24)

Note: Complete this form by writing in the name required by your verdict.

On the claim of plaintiff K.C. Hopps, Ltd. for breach of contract against defendant The Cincinnati Insurance Company, Inc., concerning Falcon Ridge Restaurant, LLC, a Kansas limited liability company, d/b/a Blue Moose Bar & Grill, Lenexa, 10064 Woodland Road, Lenexa, KS 66220, we the jurors, find in favor of:

_____

Plaintiff K.C. Hopps, Ltd.    or    Defendant The Cincinnati Insurance Company, Inc.

Note: Complete the following paragraph only if the above finding is in favor of plaintiff K.C. Hopps, Ltd.

We, the jurors, assess the damages of plaintiff K.C. Hopps, Ltd. at:

$_____ (stating the amount).

This proposed instruction is [is not] agreed upon by the parties.
Mo. Approved Jury Instr. (Civil) 36.01 (8th ed) (modified)
Removed Signatures pursuant to 8th Circuit Verdict Forms.

## VERDICT FORM H – BREACH OF CONTRACT (Defendant's Instruction No. 25)

Note:  Complete this form by writing in the name required by your verdict.

On the claim of plaintiff K.C. Hopps, Ltd. for breach of contract against defendant The Cincinnati Insurance Company, Inc., Hopps Catering, LLC, a Kansas limited liability company, d/b/a Relish Classic Catering and Moose Truck food truck, 9112 Cody Street, Overland Park, KS 66214, we the jurors, find in favor of:

_____

Plaintiff K.C. Hopps, Ltd.    or    Defendant The Cincinnati Insurance Company, Inc.

Note:  Complete the following paragraph only if the above finding is in favor of plaintiff K.C. Hopps, Ltd.

We, the jurors, assess the damages of plaintiff K.C. Hopps, Ltd. at:

$_____ (stating the amount).

This proposed instruction is [is not] agreed upon by the parties.
Mo. Approved Jury Instr. (Civil) 36.01 (8th ed) (modified)
Removed Signatures pursuant to 8th Circuit Verdict Forms.

102112654.v1

**VERDICT FORM I – BREACH OF CONTRACT** (Defendant's Instruction No. 26)


Note: Complete this form by writing in the name required by your verdict.

On the claim of plaintiff K.C. Hopps, Ltd. for breach of contract against defendant The Cincinnati Insurance Company, Inc., Pan Fried 2, LLC, a Kansas limited liability company, d/b/a Stroud's Overland Park, 8301 W 135th Street, Overland Park, KS 66223, we the jurors, find in favor of:


_____

   Plaintiff K.C. Hopps, Ltd.   **or**   Defendant The Cincinnati Insurance Company,
Inc.


Note: Complete the following paragraph only if the above finding is in favor of
plaintiff K.C. Hopps, Ltd.


We, the jurors, assess the damages of plaintiff K.C. Hopps, Ltd. at:


$_____ (stating the amount).


This proposed instruction is [is not] agreed upon by the parties.
Mo. Approved Jury Instr. (Civil) 36.01 (8th ed) (modified)
Removed Signatures pursuant to 8th Circuit Verdict Forms.