IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| K.C. HOPPS, LTD., | |
| Plaintiff, | |
| v. | Case No. 4:20-cv-00437-SRB |
| THE CINCINNATI INSURANCE COMPANY, INC., | |
| Defendant. | |

**PLAINTIFF'S VERSION OF PROPOSED JURY INSTRUCTIONS UPON WHICH THE PARTIES DO NOT AGREE AND OBJECTION TO DEFENDANT'S VERSION**

This pleading includes Plaintiff's version of proposed jury instructions upon which the parties do not agree, along with Plaintiff's objection to Defendant's Proposed Jury Instructions (Doc. 167). The parties have separately filed the proposed jury instructions upon which they agree. (*See* Doc. 169, 169-1).

Attached hereto as Exhibit 1 and incorporated herein by reference is Plaintiff's version of proposed jury instructions upon which the parties do not agree. Because Defendant has already filed objections to certain of Plaintiff's proposed instructions (*see* Doc. 167); Plaintiff is submitting its proposed jury instructions using the same numbering convention as previously reflected on the version circulated to Defendant and upon which Defendant filed its objections. The gaps in numbering on Exhibit 1 reflect that many of Plaintiff's proposed instructions were agreed to by the parties and ultimately filed in the Proposed Jury Instructions Upon Which the Parties Agree (*see* Doc. 169, 169-1).

Subject to the submission of further proposed instructions or modifications or withdrawal of these instructions after the Court's forthcoming rulings, to reflect other developments between now and the time of trial and/or following the completion of the submission of evidence at trial,

Plaintiff K.C. Hopps, Ltd. submits proposed jury instructions (filed as Exhibit 1 hereto) taken from and/or drawn in the manner of the Model Civil Jury Instructions for the District Courts of the Eighth Circuit (2020) and/or Missouri Approved Jury Instructions (Civil), Eighth Edition where available and appropriate.

Plaintiff objects to the failure to give these instructions and objects to the use of any other instructions without Plaintiff's agreement. Plaintiff further requests the opportunity to state its distinct grounds for objections to any instruction herein that are not submitted or any instructions submitted that are inconsistent with the instructions herein.

Plaintiff reserves the right pursuant to Rules 51(b)(2) and 51(c)(2) to make additional objections before the instructions and arguments are delivered. Without waiver of additional objections and pursuant to Rule 51(c), Plaintiff objects to Defendant's Proposed Jury Instructions (Doc. 167) as follows:

**Defendant's Proposed Instruction No. 1**

Plaintiff objects to Defendant's Proposed Instruction No. 1, specifically the third paragraph, as inaccurate, not supported by the evidence, misstates the evidence and is not objective. Plaintiff refers the Court to Plaintiff's Proposed Instruction No. 3 as an alternate, proper instruction.

**Defendant's Proposed Instruction No. 2**

Plaintiff objects to Defendant's Proposed Instruction No. 2 as contrary to 8th Cir. Civil Jury Instr. § 3.04 cmt. (2020): "[J]udges may desire to use the burden-of-proof formulation found in the pattern jury instructions adopted by their particular states. If such a burden-of-proof instruction is used, this instruction must be modified accordingly." Plaintiff refers the Court to

Plaintiff's Proposed Instruction No. 20, based on the burden of proof instruction set forth in Mo. Approved Jury Instr. (Civil) 3.01 (8th ed) (MAI), as an alternate, proper instruction.

**Defendant's Proposed Instruction No. 3**

Plaintiff objects to Defendant's Proposed Instruction No. 3 as irrelevant, inaccurate, unnecessary and confusing because the existence and validity of the insurance policy at issue is not disputed. Plaintiff further objects to the use of any instruction from the Pattern Instructions of Kansas (PIK) because this case is governed by Missouri law. As this Court ruled on summary judgment, there is no actual conflict between Missouri and Kansas law. (Doc. 155 at 6-8). In the absence of any such conflict, the law of the forum state (Missouri) controls, which potentially implicates MAI, not PIK. Plaintiff has not proposed an alternate instruction because no such instruction is necessary or appropriate.

**Defendant's Proposed Instruction No. 4**

Plaintiff objects to Defendant's Proposed Instruction No. 4 as irrelevant, inaccurate, unnecessary and confusing because there is no dispute concerning the terms of the policy and defendant's obligation to perform its agreement. Plaintiff further objects to the use of any instruction from the Pattern Instructions of Kansas (PIK) because this case is governed by Missouri law. As this Court ruled on summary judgment, there is no actual conflict between Missouri and Kansas law. (Doc. 155 at 6-8). In the absence of any such conflict, the law of the forum state (Missouri) controls, which potentially implicates MAI, not PIK. Plaintiff has not proposed an alternate instruction because no such instruction is necessary or appropriate.

**Defendant's Proposed Instruction No. 5 and 6**

Plaintiff objects to Defendant's Proposed Instruction Nos. 5 and 6 (Verdict Director – Breach of Contract; Verdict Director Breach of Contract (Converse)) because it misstates the

requirements, provisions, and terms of the insurance policy at issue and the applicable law concerning same. Plaintiff refers to and incorporates by reference this Court's summary judgment Order (Doc. 155), orders on motions in limine and other orders issued between now and final jury arguments, as the law of the case. Plaintiff refers the Court to Plaintiff's Proposed Instruction No. 24 as an alternate, proper instruction / verdict director. Plaintiff has no objection to a proper converse instruction of Plaintiff's Proposed Instruction No. 24 (Verdict Director) if requested by Defendant.

**Defendant's Proposed Instruction No. 7**

Plaintiff objects to Defendant's Proposed Instruction No. 7 because it misstates the requirements, provisions, and terms of the insurance policy at issue and the applicable law concerning same. This instruction is also improper because there is no dispute concerning the terms of the policy and defendant's obligation to perform its agreement. Plaintiff refers to and incorporates by reference this Court's summary judgment Order (Doc. 155), orders on motions in limine and other orders issued between now and final jury arguments, as the law of the case. Plaintiff has not proposed an alternate instruction because no such instruction is necessary or appropriate.

**Defendant's Proposed Instruction No. 8**

Plaintiff objects to Defendant's Proposed Instruction No. 8 because it misstates the requirements, provisions, and terms of the insurance policy at issue and the applicable law concerning same. This instruction is also improper because there is no dispute concerning the terms of the policy and defendant's obligation to perform its agreement. Plaintiff refers to and incorporates by reference this Court's summary judgment Order (Doc. 155), orders on motions in limine and other orders issued between now and final jury arguments, as the law of the case.

Plaintiff has not proposed an alternate instruction because no such instruction is necessary or appropriate.

**<u>Defendant's Proposed Instruction No. 9</u>**

Plaintiff objects to Defendant's Proposed Instruction No. 9 because it misstates the requirements, provisions, and terms of the insurance policy at issue and the applicable law concerning same. This instruction is also improper because there is no dispute concerning the terms of the policy and defendant's obligation to perform its agreement. Plaintiff refers to and incorporates by reference this Court's summary judgment Order (Doc. 155), orders on motions in limine and other orders issued between now and final jury arguments, as the law of the case. Plaintiff has not proposed an alternate instruction because no such instruction is necessary or appropriate.

**<u>Defendant's Proposed Instruction No. 10</u>**

Plaintiff objects to Defendant's Proposed Instruction No. 10 because it misstates the requirements, provisions, and terms of the insurance policy at issue and the applicable law concerning same. This instruction is also improper because there is no dispute concerning the terms of the policy and defendant's obligation to perform its agreement. Plaintiff refers to and incorporates by reference this Court's summary judgment Order (Doc. 155 at 23) (holding that "Ordinance or Law" exclusion does not apply to Plaintiff's claims as a matter of law)), orders on motions in limine and other orders issued between now and final jury arguments, as the law of the case. Plaintiff has not proposed an alternate instruction because no such instruction is necessary or appropriate.

**Defendant's Proposed Instruction No. 11**

Plaintiff objects to Defendant's Proposed Instruction No. 11 because it misstates the requirements, provisions, and terms of the insurance policy at issue and the applicable law concerning same. This instruction is also improper because there is no dispute concerning the terms of the policy and defendant's obligation to perform its agreement. Plaintiff refers to and incorporates by reference this Court's summary judgment Order (Doc. 155), orders on motions in limine and other orders issued between now and final jury arguments, as the law of the case. For the reasons stated in Plaintiff's forthcoming trial brief and motion for judgment as a matter of law, the policy's "Governmental Action" exclusion does not apply to Plaintiff's claims as a matter of law. Plaintiff has not proposed an alternate instruction because no such instruction is necessary or appropriate.

**Defendant's Proposed Instruction No. 12**

Plaintiff objects to Defendant's Proposed Instruction No. 12 because it misstates the requirements, provisions, and terms of the insurance policy at issue and the applicable law concerning same. This instruction is also improper because there is no dispute concerning the terms of the policy and defendant's obligation to perform its agreement. Plaintiff refers to and incorporates by reference this Court's summary judgment Order (Doc. 155 at 23) (holding that "Delay or Loss of Use" exclusion does not apply to Plaintiff's claims as a matter of law)), orders on motions in limine and other orders issued between now and final jury arguments, as the law of the case. Plaintiff has not proposed an alternate instruction because no such instruction is necessary or appropriate.

**Defendant's Proposed Instruction No. 13**

Plaintiff objects to Defendant's Proposed Instruction No. 13 because it misstates the requirements, provisions, and terms of the insurance policy at issue and the applicable law concerning same. This instruction is also improper because there is no dispute concerning the terms of the policy and defendant's obligation to perform its agreement. Plaintiff refers to and incorporates by reference this Court's summary judgment Order (Doc. 155), orders on motions *in limine* and other orders issued between now and final jury arguments, as the law of the case. For the reasons stated in Plaintiff's forthcoming trial brief and motion for judgment as a matter of law, the policy's "Pollutants" exclusion does not apply to Plaintiff's claims as a matter of law. The "Pollutants" exclusion encompasses at most losses resulting from traditional environmental or industrial pollutants or contaminants and does not clearly and unambiguously exclude coverage for losses caused by a naturally-occurring, communicable disease (COVID-19) or virus (coronavirus). *See, e.g.*, *Seifert v. IMT Ins. Co.*, 495 F. Supp. 3d 747, 752 n.6 (D. Minn. 2020) (rejecting insurer's "attempt to place the coronavirus in the same category of pollutants as 'smoke, vapor, soot, fumes, acids, alkalis, chemicals, and waste'" for purposes of an exclusion to coverage); *SWB Yankees, LLC v. CNA Fin. Corp.*, 2021 WL 3468995, at *29 (Pa. Ct. Com. Pl. Lackawanna Cty. Aug. 4, 2021) (stating that "[a]bsent express inclusion of the word 'virus' within the exclusion, such exclusions," *i.e.*, "[e]xclusions for contaminants, pollutants, fungi, wet rot, dry rot, and microbes," have been "interpreted as not prohibiting business interruption coverage for losses caused by COVID-19"); *Brown's Gym, Inc. v. Cincinnati Insurance Co.*, 2021 WL 3036545, at *21 (Pa. Ct. Com. Pl. Lackawanna Cty. July 13, 2021) (declining to apply pollution exclusion to policyholder's claim because insurer "had the power to bar business income and extra expense coverage for losses caused by viruses by simply including a virus exclusion among its

7

many exclusions, but it failed to do so"); *JGB Vegas Retail Lessee, LLC v. Starr Surplus Lines, Insurance Co.*, 2020 WL 7190023, at *3 (Nev. Dist. Ct. Clark Cty. Nov. 30, 2020) (holding that Pollution and Contamination Exclusion did not clearly and unambiguously apply to exclude plaintiff's claims due to the coronavirus). Plaintiff has not proposed an alternate instruction because no such instruction is necessary or appropriate.

**Defendant's Proposed Instruction No. 14**

Plaintiff objects to Defendant's Proposed Instruction No. 14 because it misstates the requirements, provisions, and terms of the insurance policy at issue and the applicable law concerning same. This instruction is also improper because there is no dispute concerning the terms of the policy and defendant's obligation to perform its agreement. Plaintiff refers to and incorporates by reference this Court's summary judgment Order (Doc. 155 at 23) (holding that "Acts or Decisions" exclusion does not apply to Plaintiff's claims as a matter of law)), orders on motions in limine and other orders issued between now and final jury arguments, as the law of the case. Plaintiff has not proposed an alternate instruction because no such instruction is necessary or appropriate.

**Defendant's Proposed Instruction No. 15**

Plaintiff objects to Defendant's Proposed Instruction No. 15 because it misstates the requirements, provisions, and terms of the insurance policy at issue and the applicable law concerning same. This instruction is also improper because there is no dispute concerning the terms of the policy and defendant's obligation to perform its agreement. Plaintiff refers to and incorporates by reference this Court's summary judgment Order (Doc. 155), orders on motions in limine and other orders issued between now and final jury arguments, as the law of the case. There is no evidence of any "failure to mitigate" by Plaintiff that would warrant any instruction on this

8

Case 4:20-cv-00437-SRB   Document 170   Filed 09/30/21   Page 8 of 12

subject matter. Plaintiff further objects to the use of any instruction from the Pattern Instructions of Kansas (PIK) because this case is governed by Missouri law. As this Court ruled on summary judgment, there is no actual conflict between Missouri and Kansas law. (Doc. 155 at 6-8). In the absence of any such conflict, the law of the forum state (Missouri) controls, which potentially implicates MAI, not PIK. Plaintiff has not proposed an alternate instruction because no such instruction is necessary or appropriate.

**Defendant's Proposed Instruction No. 16**

Plaintiff objects to Defendant's Proposed Instruction No. 16 because it misstates the requirements, provisions, and terms of the insurance policy at issue and the applicable law concerning same. This instruction is also improper because there is no dispute concerning the terms of the policy and defendant's obligation to perform its agreement. Plaintiff refers to and incorporates by reference this Court's summary judgment Order (Doc. 155), orders on motions in limine and other orders issued between now and final jury arguments, as the law of the case. Plaintiff further objects to the use of any instruction from the Pattern Instructions of Kansas (PIK) because this case is governed by Missouri law. As this Court ruled on summary judgment, there is no actual conflict between Missouri and Kansas law. (Doc. 155 at 6-8). In the absence of any such conflict, the law of the forum state (Missouri) controls, which potentially implicates MAI, not PIK. Plaintiff refers the Court to Plaintiff's Proposed Instruction No. 25, based on the burden of proof instruction set forth in Mo. Approved Jury Instr. (Civil) 4.01 (8th ed), as an alternate, proper instruction.

**Defendant's Proposed Instruction No. 17**

The parties have submitted this instruction by agreement as Joint Proposed Instruction No. 18.

**Defendant's Proposed Instruction Nos. 18-26 (Verdict Forms A – I)**

Plaintiff objects to Defendant's Proposed Instruction Nos. 18-26 (Verdict Forms A-I) as improper and inconsistent with the evidence in the record and to be submitted at trial. This case involves a single plaintiff and should be submitted on a single verdict director as such. Defendant's denial of coverage made no distinction between or among Plaintiff's insured premises. This case should be submitted to the jury on a single Verdict Form (*see* Plaintiff's proposed Verdict Form A as an alternate, proper verdict form).

Respectfully submitted,                                    Dated:  September 30, 2021

**STUEVE SIEGEL HANSON LLP**

*/s/ Patrick J. Stueve*
Patrick J. Stueve, MO #37682
Bradley T. Wilders, MO #60444
Abby E. McClellan, MO # 66069
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone: 816-714-7100
Facsimile: 816-714-7101
Email: stueve@stuevesiegel.com
Email: wilders@stuevesiegel.com

**MILLER SCHIRGER LLC**
John J. Schirger, MO # 60583
Matthew W. Lytle, MO #59145
Joseph M. Feierabend, MO #62563
4520 Main Street, Suite 1570
Kansas City, MO 64111
Telephone: (816) 561-6500
Facsimile: (816) 561-6501
Email:jschirger@millerschirger.com
Email:mlytle@millerschirger.com
Email:jfeierabend@millerschirger.com

**LANGDON & EMISON LLC**
J. Kent Emison, MO #29721
911 Main Street
PO Box 220
Lexington, Missouri 64067
Telephone: (660) 259-6175
Facsimile: (660) 259-4571
Email: kent@lelaw.com

**SHAFFER LOMBARDO SHURIN, P.C.**
Richard F. Lombardo, MO# 29748
2001 Wyandotte Street
Kansas City, MO 64108
Telephone: 816-931-0500
Facsimile: 816-931-5775
Email: rlombardo@sls-law.com

*ATTORNEYS FOR PLAINTIFF*

**CERTIFICATE OF SERVICE**

       I hereby certify that on September 30, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to:

                                        */s/ Patrick J. Stueve*
                                        Attorney for Plaintiff