IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

K.C. HOPPS, LTD.,

    Plaintiff,

v.

THE CINCINNATI INSURANCE COMPANY, INC.,

    Defendant.

Case No. 4:20-cv-00437-SRB

# EXHIBIT 1

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS
## UPON WHICH THE PARTIES DO NOT AGREE

**Plaintiff's Proposed Instruction No. 3**

Members of the Jury: I am now going to give you some instructions about this case and about your duties as jurors. At the end of the trial I will give you more instructions. I may also give you instructions during the trial. All instructions - those I give you now and those I give you later - whether they are in writing or given to you orally – are equally important and you must follow them all.

[Describe your court's digital electronic device policy, such as "You must leave your cell phone, PDA, smart phone, iPhone, tablet computer, and any other wireless communication devices] in the jury room during the trial and may only use them during breaks. However, you are not allowed to have those devices in the jury room during your deliberations. You may give them to the [bailiff] [deputy clerk] [court security officer] for safekeeping just before you start to deliberate. They will be returned to you when your deliberations are complete."]

This is a civil case brought by plaintiff K.C. Hopps, Ltd. against defendant The Cincinnati Insurance Company, Inc. This case involves a commercial property insurance policy that defendant sold to plaintiff. Plaintiff owns and operates several bars, restaurants, catering services and event spaces in the Kansas City metropolitan area. Plaintiff alleges in this lawsuit that defendant breached the terms of this insurance policy by failing to acknowledge coverage under the policy and pay plaintiff for its covered business interruption losses attributable to the on-site presence of the Coronavirus and the COVID-19 disease on plaintiff's properties. Defendant denies that it breached the terms of this insurance policy and alleges coverage was never triggered for plaintiff's economic losses.

In a case like this claiming a breach of contract, the judge decides what the terms of the contract mean and the obligations of the parties to that contract. At an earlier stage of this case, I determined as a matter of law that [INSERT FROM COURT'S ORDERS]. These earlier determinations will not be revisited and are considered conclusive at this trial.

It will be your duty to decide from the evidence whether the plaintiff is entitled to a verdict against the defendant.

Your duty is to decide what the facts are from the evidence. You are allowed to consider the evidence in the light of your own observations and experiences. After you have decided what the facts are, you will have to apply those facts to the law that I give you in these and in my other instructions. That is how you will reach your verdict. Only you will decide what the facts are.

However, you must follow my instructions, whether you agree with them or not. You have taken an oath to follow the law that I give you in my instructions.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any reasons they might have to testify a certain way, how they act while testifying, whether they said something different at another time, whether their testimony is generally reasonable, and how consistent their testimony is with other evidence that you believe.

Do not let sympathy, or your own likes or dislikes, influence you. The law requires you to come to a just verdict based only on the evidence, your common sense, and the law that I give you in my instructions, and nothing else.

Nothing I say or do during this trial is meant to suggest what I think of the evidence or I think your verdict should be.

This proposed instruction is not agreed upon by the parties.
8th Cir. Civil Jury Instr. § 1.03 (2020)

**Plaintiff's Proposed Instruction No. 10**

The plaintiff and the defendant have stipulated - that is, they have agreed - that if _____ were called as a witness [(he) (she)] would testify in the way counsel have just stated. You should accept that as being _____ 's testimony, just as if it had been given here in court from the witness stand.

This proposed instruction is not agreed upon by the parties.
8th Cir. Civil Jury Instr. § 2.02 (2020)

**Plaintiff's Proposed Instruction No. 11**

      The plaintiff and the defendant have stipulated -- that is, they have agreed -- that [certain facts are as counsel have just stated] [the following facts are true]. You must, therefore, treat those facts as having been proved.

This proposed instruction is not agreed upon by the parties.
8th Cir. Civil Jury Instr. § 2.03 (2020)

**Plaintiff's Proposed Instruction No. 12**

I have decided to accept as proved the following fact[s]: _____.

You must accept [(this) (these)] fact[s] as proved.

This proposed instruction is not agreed upon by the parties.
8th Cir. Civil Jury Instr. § 2.04 (2020)

**Plaintiff's Proposed Instruction No. 20**

Your verdict will depend on the facts you believe after considering all the evidence. The party who relies upon any disputed fact has the burden to cause you to believe that such fact is more likely true than not true. In determining whether or not you believe any fact, you must consider only the evidence and the reasonable conclusions you draw from the evidence.

You have probably heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than "more likely true than not true." It applies in criminal cases, but not in this civil case; so put it out of your mind.

This proposed instruction is not agreed upon by the parties.

8th Cir. Civil Jury Instr. § 3.04 (2020) (modified as per Committee Comments: "[J]udges may desire to use the burden-of-proof formulation found in the pattern jury instructions adopted by their particular states. If such a burden-of-proof instruction is used, this instruction must be modified accordingly.); Mo. Approved Jury Instr. (Civil) 3.01 (8th ed).

## **VERDICT DIRECTOR AND VERDICT FORM**

## Plaintiff's Proposed Instruction No. 24
## (VERDICT DIRECTOR – BREACH OF CONTRACT)

Your verdict must be for plaintiff if you believe:

First, at one or more of its properties, plaintiff suffered actual loss of net income that would have been earned and/or continuing normal operating expenses sustained, including payroll, due to the necessary slowdown or cessation of its business activities at those properties caused by physical loss or damage at one or more of those properties from March 2020 to March 2021;

Second, such property suffered physical loss or damage due to SARS-CoV-2; and

Third, the policy was in force on the date of such physical loss or physical damage.

The phrase "physical loss or physical damage" includes either physical alteration or physical contamination of property. A virus can cause physical loss or damage to the property.

This proposed instruction is not agreed upon by the parties.
Mo. Approved Jury Instr. (Civil) 31.09 (8th ed) – Insurance Policy on Property
*Oral Surgeons, P.C. v. Cincinnati Ins. Co.*, 2 F.4th 1141, 1144 (8th Cir. 2021)

**Plaintiff's Proposed Instruction No. 25**
**(BREACH OF CONTRACT DAMAGES)**

If you find in favor of plaintiff, then you must award plaintiff such sum as you believe will fairly and justly compensate plaintiff for any damages you believe plaintiff sustained as a direct result of the occurrence mentioned in the evidence.

This proposed instruction is not agreed upon by the parties.
Mo. Approved Jury Instr. (Civil) 4.01 (8th ed)

## Plaintiff's Proposed Verdict Form

## VERDICT FORM A – BREACH OF CONTRACT

Note: Complete this form by writing in the name required by your verdict.

    On the claim of plaintiff K.C. Hopps, Ltd. for breach of contract against defendant The Cincinnati Insurance Company, Inc., we the undersigned jurors, find in favor of:

_____
   Plaintiff K.C. Hopps, Ltd.   or   Defendant The Cincinnati Insurance Company, Inc.

Note: Complete the following paragraph only if the above finding is in favor of plaintiff K.C. Hopps, Ltd.

    We, the undersigned jurors, assess the damages of plaintiff K.C. Hopps, Ltd. at:

    $_____ (stating the amount).

                                                                   _____
                                                                   (Signature of Jury Foreperson)

This proposed instruction is not agreed upon by the parties.
Mo. Approved Jury Instr. (Civil) 36.01 (8th ed) (modified)