IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| K.C. HOPPS, LTD., <br><br> Plaintiff, <br><br> v. <br><br> THE CINCINNATI INSURANCE COMPANY, INC., <br><br> Defendant. | Case No. 4:20-cv-00437-SRB |

**PLAINTIFF'S MOTION FOR APPROVAL OF JUROR QUESTIONNAIRE
AND SUGGESTIONS IN SUPPORT**

Plaintiff K.C. Hopps, Ltd., by and through its undersigned counsel, respectfully moves the Court for an Order approving the use of Plaintiff's proposed juror questionnaire (in the form attached hereto as Exhibit 1 and incorporated herein by reference) to be completed by potential jurors and reviewed by counsel in advance of voir dire. The parties have met and conferred but have been unable to agree on the content of a proposed questionnaire.

In support of this motion, Plaintiff states as follows:

1. A fundamental component of a fair trial is an unbiased jury. There is great potential in this case for prospective jurors to hold preconceived ideas about the underlying subject matter and nature of the claims, defenses, evidence and expert testimony to be presented at trial. Identifying and understanding those preconceived ideas will likely implicate controversial, personal or sensitive issues that prospective jurors are more likely to candidly and honestly disclose in the context of a questionnaire than they are in open court. The use of a questionnaire would also permit prospective jurors to privately answer question where public responses could potentially taint other members of the jury pool. The use of a questionnaire should also make the jury selection process more efficient and result in the consumption of less actual courtroom time during jury selection.

2. A district court has broad discretion with respect to voir dire. *See Csiszer v. Wren*, 614 F.3d 866, 875 (8th Cir. 2010) ("The conduct of voir dire is generally left to the trial court's sound discretion."); *Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 884 (8th Cir. 2006) ("District courts have broad discretion to determine the scope of voir dire."); Fed. R. Civ. P. 47(a). Such discretion extends to the use of a juror questionnaire. *See United States v. Mann*, 685 F.3d 714, 719 (8th Cir. 2012) (discussing "jury questionnaires collected at the outset of the voir dire process" as within a district court's "broad discretion in determining how best to conduct voir dire"); *see also United States v. Matias-Torres*, 2019 WL 4467670, at *7 n.6 (W.D. Mo. Sept. 18, 2019) (discussing use of a "20-page juror questionnaire, to be completed by the 150-person venire and reviewed by attorneys in advance of trial").

3. District courts have found juror questionnaires to be particularly appropriate where, as here, the subject matter of the case necessitates inquiry into controversial, personal or sensitive issues. *See, e.g.*, *Snyder v. Phelps*, 533 F. Supp. 2d 567, 583 (D. Md. 2008) ("This Court took several measures to ensure that an unbiased jury would be empaneled. The parties requested, and this Court permitted, a jury questionnaire to be sent to all potential jurors, asking questions about their views on protesting, the military, the First Amendment of the United States Constitution, and other 'screening' questions. … The responses to the questionnaires were made available for all parties to review before trial. If the potential jurors' questionnaire responses indicated a bias towards or against one of the parties, they were stricken for cause by the Court during voir dire. Every potential juror who indicated that he or she had some knowledge of the case was questioned individually at the bench, and many were stricken if they had already formed an opinion about the case."); *Lowery v. City of Albuquerque*, 2012 WL 1372273, at *4-5 (D. N.M. April 11, 2012) (granting motion for use of juror questionnaire because "[t]he case involves some sensitive issues regarding governmental authority, drug use, and the health risks associated with the presence of

drugs"); *EEOC v. BOK Financial Corp.*, 2014 WL 12628594, at *2 (D. N.M. March 20, 2014) ("[S]upplemental juror questionnaires are generally reserved for cases directly implicating sensitive, personal or controversial issues.").

4. Plaintiff's proposed juror questionnaire (Exhibit 1) is 3 pages and includes 20 questions; it is narrowly tailored and appropriately focused to aid the parties in their efficient selection of an unbiased jury in a case directly implicating the need to inquire about controversial, personal or sensitive issues. Plaintiff provided Defendant its proposed juror questionnaire on September 27, 2021. For completeness, attached as Exhibit 2 is Defendant's redline of Plaintiff's proposed juror questionnaire, as received from Defendant's attorney D. Litchfield on the afternoon of October 1, 2021. While Plaintiff will continue to engage with Defendant in an effort to narrow the areas of dispute on the questionnaire; it seems clear at this juncture that the instant motion and a ruling from the Court will be necessary. Plaintiff has filed the instant motion to timely notify the Court of its proposed juror questionnaire and to invoke the formal motion process to obtain the Court's approval.

WHEREFORE, Plaintiff respectfully requests an Order approving the use of Plaintiff's proposed juror questionnaire (attached as Exhibit 1) to be completed by potential jurors and reviewed by counsel in advance of voir dire.

Respectfully submitted,                                    Dated:  October 1, 2021

**STUEVE SIEGEL HANSON LLP**

*/s/ Patrick J. Stueve*
Patrick J. Stueve, MO #37682
Bradley T. Wilders, MO #60444
Abby E. McClellan, MO # 66069
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone: 816-714-7100
Facsimile: 816-714-7101
Email: stueve@stuevesiegel.com
Email: wilders@stuevesiegel.com

**MILLER SCHIRGER LLC**
John J. Schirger, MO # 60583
Matthew W. Lytle, MO #59145
Joseph M. Feierabend, MO #62563
4520 Main Street, Suite 1570
Kansas City, MO 64111
Telephone: (816) 561-6500
Facsimile: (816) 561-6501
Email:jschirger@millerschirger.com
Email:mlytle@millerschirger.com
Email:jfeierabend@millerschirger.com

**LANGDON & EMISON LLC**
J. Kent Emison, MO #29721
911 Main Street
PO Box 220
Lexington, Missouri 64067
Telephone: (660) 259-6175
Facsimile: (660) 259-4571
Email: kent@lelaw.com

**SHAFFER LOMBARDO SHURIN, P.C.**
Richard F. Lombardo, MO# 29748
2001 Wyandotte Street
Kansas City, MO 64108
Telephone: 816-931-0500
Facsimile: 816-931-5775
Email: rlombardo@sls-law.com

*ATTORNEYS FOR PLAINTIFF*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 1, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to:

                                      */s/ Patrick J. Stueve*
                                      Attorney for Plaintiff