IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| K.C. HOPPS, LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-cv-00437-SRB |
| ) | |
| THE CINCINNATI INSURANCE COMPANY, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

# ORDER

Before this Court are Plaintiff K.C. Hopps, Ltd.'s ("Plaintiff") Motion in Limine No. 1 (Doc. #128) and Defendant The Cincinnati Insurance Company's ("Defendant") Motions in Limine Nos. 1 – 5 (Doc. #134).

Plaintiff seeks to prohibit Defendant from discussing PPP loans (generally including PPP, RRF, EIDL, and grants from Missouri and Kansas). Defendant seeks to "preclude Plaintiff from offering testimony or evidence suggesting that it sustained an actual loss of business income[.]" (Doc. #134, p. 8.) As the Court has previously noted during oral arguments on these Motions on October 15, 2021, PPP and similar loans are relevant evidence under Fed. R. Evid. 402. Rule 403 states "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." As the Advisory Committee notes, unfair prejudice "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Given the extreme views by Americans and potential jurors associated with COVID-19 and PPP loans, the introduction of this evidence will only inflame an already emotional case. Further complicating

the introduction of this evidence is that the PPP loans were not booked as income until after the "period of restoration" as defined by the insurance policy. The introduction of evidence of income outside the claim period would only serve to confuse the issues and mislead the jury. This Court is not ruling on whether PPP and similar other loans or grants are subject to the collateral source rule. *See Overton v. U.S.*, 619 F.2d 1299, 1306 (8th Cir. 1980). If the jury returns a verdict on liability and makes a finding of "actual loss of 'Business Income'" pursuant to the insurance policy, this Court will revisit in post-trial Motions whether the PPP loans are subject to the collateral source rule.

The subject of PPP and related loans during voir dire will be addressed with the parties at a later time. Counsel is strongly cautioned to not violate this ruling and to approach the bench prior to any introduction or even mention of PPP or similar loans or grants. Counsel are instructed to provide a copy of this Order to all witnesses and instructed that any violation will immediately result in the witness being excluded and potentially sanctioned.

Accordingly, it is **ORDERED** that Plaintiff's Motion in Limine No. 1 (Doc. #128) is GRANTED and Defendant's Motions in Limine 1, 2, 4, and 5 (Doc. #134) are DENIED.

It is further **ORDERED** that Defendant's Motion in Limine No. 3 (Doc. #134) is DENIED because Plaintiff's expert has since supplemented its alleged losses, which the Court previously deemed admissible (Doc. #166). However, Plaintiff shall be precluded from arguing that it sustained a loss in excess of the amount determined in Plaintiff's expert's, Kevin Grudzien, supplemental report (Doc. #162-1).

IT IS SO ORDERED.

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: October 18, 2021