# EXHIBIT 5

| QUICK SUMMARY: MOTIONS IN LIMINE RULINGS | |
|---|---|
| **EXCLUDED** | **NOT EXCLUDED** |
| All evidence/argument of Plaintiff's application for, receipt of, and/or use of state and local grants and Small Business Administration Paycheck Protection Program loans ("PPP Loans"), Restaurant Revitalization Fund grants ("RRF Grants"), and Economic Injury Disaster Loan Program Loans ("EIDL Loans"), as well as the forgiveness of any such loans or grants. "Counsel is strongly cautioned to not violate this ruling and to approach the bench prior to any introduction or even mention of PPP or similar loans or grants. Counsel are instructed to provide a copy of this Order to all witnesses and instructed that any violation will immediately result in the witness being excluded and potentially sanctioned." (Doc. 199) (granting Plaintiff's MIL #1 (Doc. 128)). | All evidence suggesting Plaintiff sustained an actual loss of business income in connection with the events at issue in this case. (Doc. 199) (denying Defendant's MIL #1 (Doc. 134)). |
| All evidence/argument of Plaintiff's lawsuit against Quinton Lucas/Kansas City, Missouri. (Doc. 165 (granting Plaintiff's MIL #2 (Doc. 130)). | All evidence/argument that Plaintiff sustained any loss of business income exceeding $1,727,739, the amount determined by Plaintiff's expert Kevin Grudzien. (Doc. 199) (denying Defendant's MIL #3 (Doc. 134)). "However, Plaintiff shall be precluded from arguing that it sustained a loss in excess of the amount determined in" Mr. Grudzien's supplemental report. (Doc. 199). |
| All evidence/argument that the presence of COVID-19 on the premises is not physical loss or damage under the Policy and/or that structural alteration to the property is required for coverage under the Policy. (Doc. 165) (granting Plaintiff's MIL #3 (Doc. 130)). | Information in and testimony regarding Kevin Grudzien's September 17, 2021, supplemental report. (Doc. 165) (denying Defendant's MIL #11 (Doc. 142)). |
| All evidence/argument that Plaintiff did not request, ask about, or discuss insurance for pandemics or that Plaintiff did not ask about the meaning of physical loss or damage, pandemics, or viruses as related to insurance with its insurance agent. (Doc. 165) (granting Plaintiff's Plaintiff's MIL #4 (Doc. 130)). | |
| All evidence/argument that Plaintiff did not discuss with its insurance agent whether the Policy had a virus exclusion prior to obtaining the Policy. (Doc. 165) (granting Plaintiff's MIL #5 (Doc. 133)). | |
| All evidence/argument that Plaintiff chose the Policy issued by Cincinnati because it was cheaper than other alternatives or that price was a priority in coverage. (Doc. 165) (granting Plaintiff's MIL #6 (Doc. 133)). | |
| All evidence/argument that Plaintiff did not read the Policy. (Doc. 165) (granting Plaintiff's MIL #7 (Doc. 133)). | |
| All evidence/argument that Plaintiff has no criticisms of anybody at Cincinnati relating to this claim other than it would have preferred | |

| | |
|---|---|
| Cincinnati to pay the claim. (Doc. 165) (granting Plaintiff's MIL #8 (Doc. 133)). | |
| All evidence/argument related to Plaintiff's separate riot-related business interruption coverage claim that Plaintiff made under the Policy on behalf of O'Dowd's in 2020. (Doc. 165) (granting Plaintiff's MIL #9 (Doc. 133)). | |
| All evidence/argument that Plaintiff did not advise customers of its knowledge that 50 or so of its employees tested positive for COVID-19 in and around the Summer of 2020. (Doc. 165) (granting Plaintiff's MIL #10 (Doc. 133)). | |
| All evidence/argument regarding Plaintiff's insurance agent's training concerning or discussions about insurance coverage for pandemics, SARs, or biological viruses. (Doc. 165) (granting Plaintiff's MIL #11 (Doc. 133)). | |
| All evidence/argument of Plaintiff's attorneys' fees. (Doc. 165) (granting Plaintiff's MIL #12 (Doc. 133)). | |
| Any informing or instructing the jury that Plaintiff alone bears the burden of proof. (Doc. 165) (granting Plaintiff's MIL #13 (Doc. 133)). | |
| All evidence/argument of the consequences that an award on Plaintiff's claims and similar claims will cause to Cincinnati or the insurance industry, including any evidence/argument regarding the impact of Plaintiff's recovery (if any) in insurance premiums. (Doc. 165) (granting Plaintiff's MIL #14 (Doc. 133)). | |
| Any reference to the parties' pleadings in this case. (Doc. 165) (granting Plaintiff's MIL #15 (Doc. 133)). | |
| All evidence/argument relating to attorney advertising, Plaintiff's engagement of counsel, or societal litigiousness. (Doc. 165) (granting Plaintiff's MIL #16 (Doc. 133)). | |
| Any statement/argument related to Plaintiff's lawsuit being frivolous. (Doc. 165) (granting Plaintiff's MIL #17 (Doc. 133)). | |
| Any statement/argument that Defendant is "innocent until proven guilty." (Doc. 165) (granting Plaintiff's MIL #18 (Doc. 133)). | |
| Any reference to the parties' motions in limine in the jury's presence. (Doc. 165) (granting Plaintiff's MIL #19 (Doc. 133)). | |
| All parol evidence regarding the Policy. (Doc. 165) (granting Defendant's MIL #6 (Doc. 134)). | |

| | |
|---|---|
| All evidence of the Policy's drafting history. (Doc. 165) (granting Defendant's MIL #7 (Doc. 134)). | |
| All evidence of other claims and lawsuits involving Cincinnati. (Doc. 165) (granting Defendant's MIL #8 (Doc. 134)). | |
| All evidence of Cincinnati's policies and procedures. (Doc. 165) (granting Defendant's MIL #9 (Doc. 134)). | |
| All evidence of the amount of Cincinnati's reserves. (Doc. 165) (granting Defendant's MIL #10 (Doc. 134)). | |
| All evidence/argument of Plaintiff's application for, receipt of, and/or use of state and local grants and Small Business Administration Paycheck Protection Program loans ("PPP Loans"), Restaurant Revitalization Fund grants ("RRF Grants"), and Economic Injury Disaster Loan Program Loans ("EIDL Loans"), as well as the forgiveness of any such loans or grants. (Doc. 199) (granting Plaintiff's MIL #1 (Doc. 128)). | |
| Jury instruction that the gross amount of forgiven PPP loans, and other relief funds not subject to repayment or a right of reimbursement/subrogation, must be deducted from any calculation concerning the amount of Plaintiff's alleged actual loss of business income. (Doc. 199) (denying Defendant's MIL #2 to include such instruction (Doc. 134)). | |
| All evidence/argument that Plaintiff received anything less than $1,823,132 in PPP loans. (Doc. 199) (denying Defendant's MIL #4 (Doc. 134)). All evidence that Plaintiff received PPP and other taxpayer aid—including any mention of such aid—is excluded. (Doc. 199). | |
| All evidence/argument that Plaintiff is obligated, or potentially obligated, to repay or otherwise reimburse sums received under state and federal COVID-19 relief programs. (Doc. 199) (denying Defendant's MIL #5 (Doc. 134)). All evidence that Plaintiff received PPP and other taxpayer aid—including any mention of such aid—is excluded. (Doc. 199). | |

3

| MOTIONS IN LIMINE INDEX | | |
|---|---|---|
| MOTION | REQUEST | RESULT |
| Plaintiff's MIL #1 (Doc. 128) | Exclude all evidence/argument of Plaintiff's application for, receipt of, and/or use of state and local grants and Small Business Administration Paycheck Protection Program loans ("PPP Loans"), Restaurant Revitalization Fund grants ("RRF Grants"), and Economic Injury Disaster Loan Program Loans ("EIDL Loans"), as well as the forgiveness of any such loans or grants. | Granted. Such evidence and argument are excluded. "Counsel is strongly cautioned to not violate this ruling and to approach the bench prior to any introduction or even mention of PPP or similar loans or grants. Counsel are instructed to provide a copy of this Order to all witnesses and instructed that any violation will immediately result in the witness being excluded and potentially sanctioned." (Doc. 199). |
| Plaintiff's MIL #2 (Doc. 130) | Exclude all evidence/argument of Plaintiff's lawsuit against Quinton Lucas/Kansas City, Missouri. | Granted. Such evidence and argument are excluded. (Doc. 165). |
| Plaintiff's MIL #3 (Doc. 130) | Exclude all evidence/argument that the presence of COVID-19 on the premises is not physical loss or damage under the Policy and/or that structural alteration to the property is required for coverage under the Policy. | Granted. Such evidence and argument are excluded. (Doc. 165). |
| Plaintiff's MIL #4 (Doc. 133) | Exclude all evidence/argument that Plaintiff did not request, ask about, or discuss insurance for pandemics or that Plaintiff did not ask about the meaning of physical loss or damage, pandemics, or viruses as related to insurance with its insurance agent. | Granted. Such evidence and argument are excluded. (Doc. 165). |
| Plaintiff's MIL #5 (Doc. 133) | Exclude all evidence/argument that Plaintiff did not discuss with its insurance agent whether the Policy had a virus exclusion prior to obtaining the Policy. | Granted. Such evidence and argument are excluded. |
| Plaintiff's MIL #6 (Doc. 133) | Exclude all evidence/argument that Plaintiff chose the Policy issued by Cincinnati because it was cheaper than other alternatives or that price was a priority in coverage. | Granted. Such evidence and argument are excluded. (Doc. 165). |
| Plaintiff's MIL #7 (Doc. 133) | Exclude all evidence/argument that Plaintiff did not read the Policy. | Granted. Such evidence and argument are excluded. (Doc. 165). |
| Plaintiff's MIL #8 (Doc. 133) | Exclude all evidence/argument that Plaintiff has no criticisms of anybody at Cincinnati relating to this claim other than it would have preferred Cincinnati to pay the claim. | Granted. Such evidence and argument are excluded. (Doc. 165). |
| Plaintiff's MIL #9 (Doc. 133) | Exclude all evidence/argument related to Plaintiff's separate riot-related business interruption coverage claim that Plaintiff made under the Policy on behalf of O'Dowd's in 2020. | Granted. Such evidence and argument are excluded. (Doc. 165). |

| MOTION | REQUEST | RESULT |
|---|---|---|
| Plaintiff's MIL #10 (Doc. 133) | Exclude all evidence/argument that Plaintiff did not advise customers of its knowledge that 50 or so of its employees tested positive for COVID-19 in and around the Summer of 2020. | Granted. Such evidence and argument are excluded. (Doc. 165). |
| Plaintiff's MIL #11 (Doc. 133) | Exclude all evidence/argument regarding Plaintiff's insurance agent's training concerning or discussions about insurance coverage for pandemics, SARs, or biological viruses. | Granted. Such evidence and argument are excluded. (Doc. 165). |
| Plaintiff's MIL #12 (Doc. 133) | Exclude all evidence/argument of Plaintiff's attorneys' fees. | Granted. Such evidence and argument are excluded. (Doc. 165). |
| Plaintiff's MIL #13 (Doc. 133) | Exclude any informing or instructing the jury that Plaintiff alone bears the burden of proof. | Granted. The jury will not be so informed or instructed. (Doc. 165). |
| Plaintiff's MIL #14 (Doc. 133) | Exclude all evidence/argument of the consequences that an award on Plaintiff's claims and similar claims will cause to Cincinnati or the insurance industry, including any evidence/argument regarding the impact of Plaintiff's recovery (if any) in insurance premiums. | Granted. Such evidence and argument are excluded. (Doc. 165). |
| Plaintiff's MIL #15 (Doc. 133) | Exclude any reference to the parties' pleadings in this case. | Granted. All references to the parties' pleadings in this case are excluded. (Doc. 165). |
| Plaintiff's MIL #16 (Doc. 133) | Exclude all evidence/argument relating to attorney advertising, Plaintiff's engagement of counsel, or societal litigiousness. | Granted. Such evidence and argument are excluded. (Doc. 165). |
| Plaintiff's MIL #17 (Doc. 133) | Exclude all statements/argument related to this lawsuit being frivolous. | Granted. Such statement and argument are excluded. (Doc. 165). |
| Plaintiff's MIL #18 | Exclude all statements/argument that Defendant is "innocent until proven guilty." | Granted. Such statements and argument are excluded. (Doc. 165). |
| Plaintiff's MIL #19 (Doc. 133) | Exclude all references to the parties' motions in limine in the jury's presence. | Granted. Such references in the jury's presence are excluded. (Doc. 165). |
| Defendant's MIL #1 (Doc. 134) | Exclude all evidence suggesting Plaintiff sustained an actual loss of business income in connection with the events at issue in this case. | Denied. Such evidence is not excluded. (Doc. 199). |

5

## Motions in Limine Index

| MOTION | REQUEST | RESULT |
|---|---|---|
| Defendant's MIL #2 (Doc. 134) | Include jury instruction that the gross amount of forgiven PPP loans, and other relief funds not subject to repayment or a right of reimbursement/subrogation, must be deducted from any calculation concerning the amount of Plaintiff's alleged actual loss of business income. | Denied. No such instruction will be given. (Doc. 199). |
| Defendant's MIL #3 (Doc. 134) | Exclude all evidence/argument that Plaintiff sustained any loss of business income exceeding $1,727,739, the amount determined by Plaintiff's expert Kevin Grudzien. | Denied. Such evidence and argument are not excluded because Grudzien properly supplemented his report. "However, Plaintiff shall be precluded from arguing that it sustained a loss in excess of the amount determined in" Mr. Grudzien's supplemental report. (Doc. 199). |
| Defendant's MIL #4 (Doc. 134) | Exclude all evidence/argument that Plaintiff received anything less than $1,823,132 in PPP loans. | Denied. All evidence that Plaintiff received PPP and other taxpayer aid—including any mention of such aid—is excluded. (Doc. 199). |
| Defendant's MIL #5 (Doc. 134) | Exclude all evidence/argument that Plaintiff is obligated, or potentially obligated, to repay or otherwise reimburse sums received under state and federal COVID-19 relief programs. | Denied. All evidence that Plaintiff received PPP and other taxpayer aid—including any mention of such aid—is excluded.. (Doc. 199). |
| Defendant's MIL #6 (Doc. 134) | Exclude all parol evidence regarding the Policy. | Granted. Such evidence is excluded. (Doc. 165). |
| Defendant's MIL #7 (Doc. 134) | Exclude all evidence of the Policy's drafting history. | Granted. Such evidence is excluded. (Doc. 165). |
| Defendant's MIL #8 (Doc. 134) | Exclude all evidence of other claims and lawsuits involving Cincinnati. | Granted. Such evidence is excluded. (Doc. 165). |
| Defendant's MIL #9 (Doc. 134) | Exclude all evidence of Cincinnati's policies and procedures. | Granted. Such evidence is excluded. (Doc. 165). |
| Defendant's MIL #10 (Doc. 134) | Exclude all evidence of the amount of Cincinnati's reserves. | Granted. Such evidence is excluded. (Doc. 165). |
| Defendant's MIL #11 (Doc. 142) | Limit the testimony and evidence of Plaintiff's expert Kevin Grudzien to the information in his March 29, 2021, report. In other words, exclude Grudzien's September 17, 2021, supplemental report. | Denied. Mr. Grudzien's supplemental report is not excluded; Plaintiff shall make Mr. Grudzien available by October 18, 2021, for a limited |

| MOTIONS IN LIMINE INDEX |||
| MOTION | REQUEST | RESULT |
| | | deposition regarding his supplemental report. (Doc. 166). |