# EXHIBIT 6

Case 4:20-cv-00437-SRB   Document 201-3   Filed 10/18/21   Page 1 of 2

| SUMMARY JUDGMENT ORDER (DOC. 155): RULINGS ||
|---|---|
| **ISSUE** | **RULING** |
| Does the Court need to conduct a choice-of-law analysis to determine whether Kansas or Missouri law governs the Policy? | No. "The Court's outcome would be the same regardless of whether Missouri or Kansas law apply." (Doc. 155 at 8). |
| Does the Policy language "direct physical loss" or "direct physical damage" unambiguously require that there be actual, tangible, alteration to the property to trigger coverage? | No. "To be sure, the Policy, read as a whole, supports the interpretation that the 'physical loss' or 'physical damage' requirement can be satisfied by proof of physical contamination." (Doc. 155 at 12). The Eighth Circuit in *Oral Surgeons* held that where a policy "clearly requires direct 'physical loss' or 'physical damage' to trigger business interruption and extra expense coverage[,] . . . there must be some physicality to the loss or damage of property—*e.g.,* a physical alteration, physical contamination, or physical destruction." (Doc. 155 at 11) (internal quotation marks omitted) (quoting *Oral Surgeons, P.C. v. The Cincinnati Ins. Co.,* 2 F.4th 1141, 1144 (8th Cir. 2021)). "[T]he Court is not persuaded by Defendant's arguments and refuses to render the exclusions meaningless by narrowly defining 'physical loss' and 'physical damage' to categorically exclude physical contamination." (Doc. 155 at 13). |
| Does Plaintiff's receipt of PPP and other taxpayer aid preclude Plaintiff from showing an "actual loss" the Policy? | No. "The PPP loans did not compensate Plaintiff for its lost business income due to the presence of SARS-CoV-2 on its premises, but instead incentivized employee retention. Plaintiff would have received the PPP loans regardless of whether Plaintiff had to suspend[] its operations . . . The Court thus finds that Plaintiff adequately provides evidence supporting that it sustained an 'actual loss' of 'Business Income' which 'would have been earned or incurred' absent the presence of SARS-CoV-2 on its premises." (Doc. 155 at 21). "[T]he government relief Plaintiff received does not preclude coverage under the Policy." (Doc. 155 at 22). |
| Is Plaintiff entitled to civil authority coverage or ingress and egress coverage under the Policy? | No. "Nelson testified unequivocally that he was still able to 'get in to [his]business and do maintenance and cleaning and whatever[.]' (Doc. #136-1, p. 31.) While the Stay-at-Home orders limited Plaintiff's operations, they did not prevent Plaintiff from accessing its premises. As such, Defendant is entitled to summary judgment on Plaintiff's Civil Authority coverage and Ingress and Egress coverage claims." (Doc. 155 at 22). |
| Is coverage precluded under the "Ordinance or Law," "Delay or Loss of Use," or "Acts or Decisions" exclusions in the Policy? | No. "Plaintiff argues, in part, that these exclusions do not apply because an ordinance or law, delay or loss of use, and acts or decisions of others did not cause Plaintiff's 'loss.' As previously explained, 'loss' is defined as 'accidental physical loss or accidental physical damage.' (Doc. #99-1, p. 82.) Plaintiff's claims arise from the presence of SARS-CoV-2 on its premises. The record does not show that these exclusions "caused" SARS-CoV-2 to enter Plaintiff's premises. In turn, these exclusions do not apply to Plaintiff's claims." (Doc. 155 at 23). |

1