IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| K.C. HOPPS, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 4:20-CV-437 |
| | ) | |
| vs. | ) | |
| | ) | |
| THE CINCINNATI INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S
## TRIAL BRIEF AND MOTION TO RECONSIDER

Defendant The Cincinnati Insurance Company submits the following Response to Plaintiff's Trial Brief and Motion to Reconsider.

## Background

Plaintiff's Trial Brief does not conform to the Court's Scheduling and Trial Order ("STO") and Plaintiff's requests in it should be disregarded. The STO states each party "may file a trial brief stating the party's factual and legal contentions in this case. The trial brief should address any important evidentiary issues."[1] Plaintiff filed its Trial Brief, requesting the Court to instruct the jury on the elements of Plaintiff's cause of action, including the Court's definition of "direct physical loss or damage," prior to opening statements. Plaintiff's Trial Brief further asks the Court to instruct the jury to disregard three Policy Exclusions. Finally, Plaintiff's Trial Brief asks the Court to exclude argument and evidence related to the Policy's Pollutants Exclusion.

---

[1] The STO states that the parties "may" file a trial brief. Thus, one is not required. Cincinnati believes that given the Court's extensive involvement in this case over the past few weeks, particularly regarding multiple motions in limine, there was no need for Cincinnati to file a trial brief.

1

Each of these requests is improper. And to the extent the Court's Order on the Parties' Motions for Summary Judgment precludes argument and evidence related to the Policy Exclusions it discusses, Cincinnati respectfully requests the Court to reconsider this holding.

**Argument**

Plaintiff's requests should be denied because the Trial Brief is not the proper vehicle for them. Additionally, these requests should be denied on their merits.

### I.     Plaintiff's Proposed Jury Statement should not be read.

Plaintiff's request that the Court read a jury statement after voir dire and immediately prior to the parties' opening statements should be denied. First, the STO asks the parties to jointly submit a statement to be read to the jury *before* voir dire, not immediately before the opening statements, so this request necessary falls outside of the STO. Further, Plaintiff does not make its request by motion as required by Local Rule 7. Moreover, Plaintiff offers no authority for the novel proposition that the Court should provide jury instructions before opening statements and before "they hear the evidence." No such framing is necessary, and the jury will be provided the instructions approved by the Court prior to closing arguments pursuant to Rule 51. Therefore, Cincinnati respectfully requests the Court deny Plaintiff's request that the Court read a jury statement prior to opening statements.

### II.    The Jury should consider the Policy Exclusions.

Evidence and argument related to the Policy's "Ordinance or Law," "Delay or Loss of Use," and "Acts or Decisions" exclusions should be presented to the jury. Plaintiff's

2

102123159.v1

Case 4:20-cv-00437-SRB   Document 207   Filed 10/21/21   Page 2 of 7

Trial Brief argues the Court's Order on the parties' motions for summary judgment (Doc. 155, hereinafter Order") held the exclusions are inapplicable, and therefore evidence and argument of the same should be excluded from trial. To the extent the Court agrees, Cincinnati respectfully moves the Court to reconsider, and offers the following suggestions in support of its motion.

The Court's Order states the record at summary judgment "did not show that these exclusions 'caused' SARS-CoV-2 to enter Plaintiff's premises." Therefore, because "loss" is defined as "accidental physical loss or accidental physical damage," and Plaintiff's claims arise from the presence of SARS-CoV-2 on its premise, the exclusions do not apply.

But Plaintiffs seek damages for loss of revenue due to business interruption, not the repair or replacement value of physical loss or physical damage to their premises. This falls squarely within the "Delay or Loss of Use" exclusion. *See One Place Condo., LLC v. Travelers Prop. Cas. Co. of Am.*, No. 11 C 2520, 2015 WL 2226202, at *6 (N.D. Ill. Apr. 22, 2015) (analyzing builder's risk policy that excluded "Delay, loss of use or loss of market" that precluded coverage for consequential or indirect losses that result from the structure being damaged by a covered cause of loss). Therefore, to the extent the Court has determined the exclusions are inapplicable as a matter of law, Cincinnati respectfully requests the Court reconsider its ruling and/or allow Cincinnati to present argument and evidence of the exclusion to the jury.

Likewise, under the "Ordinance or Law" exclusion, there is no coverage when the cause of loss, whether direct or indirect, is an ordinance or law regulating Plaintiff's use

3

of any building or structure. Whether the passing of the various COVID-19 related orders resulted in the complained-of interruption to Plaintiff's business should be submitted to the jury. To the extent the Court has determined this exclusion is inapplicable as a matter of law, Cincinnati respectfully requests the Court reconsider and allow evidence and argument related to the exclusion at trial.

Finally, the "Acts or Decisions exclusion" precludes coverage for loss arising from acts or decisions of Plaintiff itself or a governmental body. Plaintiff's claim for damages for loss of revenue stemming from business interruption should excluded under the Policy. Therefore, Cincinnati respectfully requests the Court reconsider whether this exclusion may be presented to the jury, to the extent the Court's Order precludes the same as a matter of law.

### III. The Jury should consider the Pollutants Exclusion.

Evidence and argument related to the "Pollutants" exclusion should be presented to the jury, and Plaintiff's Trial Brief's analysis is both too late for consideration and incorrect on the merits. Plaintiffs' request that the Court bar argument and evidence related to the "Pollutants" exclusion should have been brought as a motion for summary judgment to the extent it asks the Court to interpret the Policy as a matter of law. Plaintiff's request asks the Court to exclude Cincinnati's Policy defenses on the eve of trial, a remedy outside the bounds of the STO's description of a proper Trial Brief. This request should be ignored.

Regardless, Plaintiff's argument also fails on the merits. The plain language of the "Pollutants" exclusion is unambiguous and requires no interpretation. An

ordinary insurance purchaser would conclude that SARS-CoV-2, which can cause severe respiratory irritation, constitutes an irritant and a contaminant, and therefore a pollutant. *See United Fire & Cas. Co. v. Titan Contractors Serv., Inc.*, 751 F.3d 880, 884 (8th Cir. 2014). And unlike the carbon monoxide emitted by a car in a closed garage or faulty ingredients in a product, SARS-CoV-2 is a contaminant, as Plaintiff has repeatedly argued.

The time has passed for Plaintiff to ask the Court to interpret the "Pollutants" exclusion. Moreover, the Court has already determined that the policy is unambiguous. [CITE]. Accordingly, Cincinnati respectfully requests the Court to overrule any objection to evidence or argument related to the "Pollutants" exclusion at trial.

WHEREFORE, Defendant The Cincinnati Insurance Company respectfully requests the Court deny the relief sought in Plaintiff's Trial Brief.

WALLACE SAUNDERS

By: */s/ Bryan R. Kelly*
Michael L. Brown   KS# 21313
Bryan R. Kelly    KS# 27378
10111 West 87th Street
Overland Park, KS 66212
(913) 888-1000 FAX - (913) 888-1065
mbrown@wallacesaunders.com
bkelly@wallacesaunders.com

And

BY: */s/ Daniel Litchfield*
Daniel Litchfield     PHV
Ericka Hammett     PHV
303 West Madison Street
Suite 300
Chicago, IL 60606
(312) 781-6669 FAX (312) 781-6630
litchfield@litchfieldcavo.com
hammett@litchfieldcavo.com

ATTORNEYS FOR DEFENDANT THE CINCINNATI INSURANCE COMPANY

CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to:

John J. Schirger
Matthew W. Lytle
Joseph M. Feierabend
Miller Schirger LLC
4520 Main St., Suite 1570
Kansas City, MO 64111
jschirger@millerschirger.com
mlytle@millerschirger.com
jfeierabend@millerschirger.com

Patrick J. Stueve
Bradley T. Wilders
Curtis Shank
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
stueve@stuevesiegel.com
wilders@stuevesiegel.com
shank@stuevesiegel.com

J. Kent Emison
Patricia L. Campbell
Langdon & Emison LLC
911 Main Street

6

102123159.v1

Case 4:20-cv-00437-SRB    Document 207    Filed 10/21/21    Page 6 of 7

PO Box 220
Lexington, MO 64067
kent@lelaw.com
tricia@lelaw.com

Richard F. Lombardo
Shaffer Lombardo Shurin, P.C.
2001 Wyandotte Street
Kansas City, MO 64108
rlombardo@sls-law.com

ATTORNEYS FOR PLAINTIFF

*/s/ Bryan R. Kelly*
For the Firm