IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| K.C. HOPPS, LTD.,<br><br>       Plaintiff,<br><br>v.<br><br>THE CINCINNATI INSURANCE COMPANY,<br><br>       Defendant. | Case No. 4:20-CV-437-SRB |

**PLAINTIFF'S MOTION TO STRIKE AND EXCLUDE THE OCTOBER 19 REPORT OF DEFENDANT'S EXPERT WITNESS DAVID SCHLADER AND SUGGESTIONS IN SUPPORT**

Plaintiff K.C. Hopps, Ltd. moves to strike from the record and exclude from evidence what Defendant refers to as the "Oct. 19, 2021, Supplemental Report of David A. Schlader of BCS," *see* (Doc. 204), and states as follows:

**I. INTRODUCTION**

On September 17, 2021, Plaintiff timely served the supplemental report of its expert witness Kevin Grudzien ("Grudzien Supplemental Report") (attached as "Exhibit A"). (*See* Doc. 166 at 1–2) (denying Defendant's Motion in Limine Number 11 to exclude the Grudzien Supplemental Report and finding that "the supplement was timely"). Mr. Grudzien's supplemental report was limited to the calculations of damages from December 2020 to March 2021 based on financial data that became available to him after his initial report was prepared.

On October 19, 2021—more than a month after Plaintiff served the Grudzien Supplemental Report and less than a week before trial—Defendant served what it calls in its certificate of service the "Oct. 19, 2021, Supplemental Report of David A. Schlader of BCS" ("October 19 Schlader Report") (attached as "Exhibit B"). Defendant served the October 19 Schlader Report without

seeking this Court's leave or a modification of the Scheduling Order and without obtaining a stipulation by Plaintiff. Under a heading titled "Additional data and information considered," the October 19 Schlader Report states that "we have been provided the following information that we utilized in forming our current updated opinions and conclusions" and then lists a single piece of information: "Supplemental Expert Witness Report of Kevin Grudzien dated September 17, 2021." (Ex. B at 4). Despite admitting that the only new information made available to Mr. Schlader was Mr. Grudzien's supplemental report, the October 19 Schlader Report nonetheless advances new, distinct opinions and strays far beyond rebutting the Grudzien Supplemental Report or supplementing Mr. Schlader's earlier reports.

This Court should strike and exclude the October 19 Schlader Report because 1) it offers new expert opinions not based on any new information that was unavailable at the time of Defendant's previous expert disclosures, and Defendant could have disclosed such new opinions months ago but did not; 2) Defendant does not show good cause for modifying the expert disclosure deadlines in this Court's Scheduling Order, which modification is necessary for Defendant to properly serve and rely on the October 19 Schlader Report; 3) in the alternative, the October 19 Schlader Report is either an untimely-disclosed supplemental report under Federal Rule of Civil Procedure 26(e)(2) or untimely-disclosed rebuttal testimony under Rule 26(a)(2)(D)(ii); and 4) Defendant does not show that its failure to timely disclose this supplement or rebuttal testimony was substantially justified or is harmless.

## II.  LEGAL STANDARD

The October 19 Schlader Report implicates the Federal Rules of Civil Procedure governing scheduling orders of district courts and expert witness disclosure deadlines. First, "under Rule 16, a court 'must issue a scheduling order' and such an order 'must limit the time to .

2
Case 4:20-cv-00437-SRB   Document 208   Filed 10/21/21   Page 2 of 9

. . . complete discovery and file motions.'" *Petrone v. Werner Enterprises, Inc.*, 940 F.3d 425, 434 (8th Cir. 2019) (cleaned up) (quoting Fed. R. Civ. P. 16(b)(1), (3)(A)). A court's scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good-cause standard under Rule 16(b)(4)" is "mandatory," and a district court abuses its discretion when it "bypass[es]" this standard. *Id.* ("[T]he 'good-cause standard is not optional.'") (quoting *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 714 (8th Cir. 2008))).

Second, Rules 26(a)(2)(A) and (B) require a party to identify any expert witness it may use at trial and disclose any such expert's written report. This report must contain, among other things, "a *complete statement* of *all opinions* the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B) (emphasis added). Third, all parties are under a duty to supplement their expert disclosures, Fed. R. Civ. P. 26(a)(2)(E), and must do so "by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Fed. R. Civ. P. 26(e)(2). Fourth, under Rule 26(a)(2)(D)(ii), if proffered expert testimony "is intended solely to contradict or rebut evidence on the same subject matter identified by another party," such rebuttal testimony must be disclosed "within 30 days after the other party's disclosure" that the proffered testimony is intended to rebut, "[a]bsent a stipulation or a court order." Finally, Rule 37(c)(1) allows a court to prevent a party from using information or a witness "to supply evidence on a motion, at a hearing, or at trial" if that party "fails to provide information or identify a witness as required by Rule 26(a) or (e), . . . unless the failure was substantially justified or is harmless."

### III. ARGUMENT

The October 19 Schlader Report is a trojan horse, dressed up as a mere supplement or rebuttal to the Grudzien Supplemental Report (albeit, an untimely one) but housing new and improper opinions that Defendant could have disclosed months ago on subject matter this Court

has explicitly excluded from trial in any event. *See* (Ex. B at 1–5); (Doc. 199 at 1–2) (granting Plaintiff's Motion in Limine Number 1 to prohibit Defendant from discussing or presenting evidence regarding Plaintiff's receipt of PPP and other taxpayer aid (Doc. 128) and ordering that "[c]ounsel is strongly cautioned to not violate this ruling and to approach the bench prior to any introduction or even mention of PPP or similar loans or grants"). Defendant served the October 19 Schlader Report without even seeking an order by this Court to modify the Scheduling Order or this Court's leave to serve it out of time, and without obtaining Plaintiff's stipulation. The Court should strike and exclude the untimely October 19 Schlader Report because there is no good cause to modify the expert disclosure deadlines in the Scheduling Order under Rule 16(b)(4) and, alternatively, Defendant's failure to timely serve it was not substantially justified and is not harmless under Rule 37(c)(1).

### A. The October 19 Schlader Report Is a New, Distinct Report, Not a Supplement or Rebuttal, and Defendant Cannot Show Good Cause under Rule 16(b)(4) to Modify the Court's Scheduling Order Deadlines for Expert Disclosures.

Where an expert report is "framed . . . as a mere supplement under Rule 26(e)" but the report is in fact "materially altering, not merely clarifying [the expert's] original report," such a "report is not a Rule 26(e) supplement; it is more appropriately characterized as a new, distinct report subject to the Rule 16(b) deadline for expert disclosures." *Petrone*, 940 F.3d at 434 (internal quotation marks omitted) (quoting *Williams v. TESCO Servs., Inc.*, 719 F.3d 968, 976 (8th Cir. 2013)). In such a case, "Rule 37(c)(1)"—including its "substantially justified" or "harmless" standard—is "unavailable to the district court" because "Rule 37(c)(1) applies only when a party fails to comply with Rule 26(a) and then seeks to use the information 'on a motion, at a hearing, or at a trial,'" and "Rule 37(c)(1) says nothing about its applicability when a court considers"

whether, "pursuant to Rule 16(b), to amend a progression order and extend the deadline for Rule 26 disclosures." *Id.* (footnote omitted).

Here, as in *Petrone*, the October 19 Schlader Report is "a new, distinct report," and thus modification of the Scheduling Order under Rule 16(b)(4) is required before Defendant can serve or rely on it in any capacity. *See Petrone*, 940 F.3d at 434 (holding that district court abused its discretion when it did not find good cause to extend the deadline for the purported supplemental report that was in effect a new report but, relying on Rules 1 and 37(c)(1), permitted party to file it because the information was useful and necessary to the merits of the case). The October 19 Schlader Report goes far beyond untimely rebuttal testimony. The Grudzien Supplemental Report, which the October 19 Schlader Report purports to rebut, contains only a few additional months of Plaintiff's financial records for purposes of updating the calculation of Plaintiff's business income losses under the Policy. (Ex. A. at 2–3). The Grudzien Supplemental Report does not discuss or even mention PPP or the other forms of taxpayer aid Plaintiff received during the coronavirus pandemic. In contrast, the October 19 Schlader Report is comprised *almost entirely* of discussion about PPP and taxpayer aid even though it states that the Grudzien Supplemental Report is the *only* "[a]dditional data and information considered." (Ex. B at 4).

Nor is the October 19 Schlader Report a mere supplement to Mr. Schlader's prior reports and testimony. "Supplementation of an expert report under Rule 26(a) 'means correcting inaccuracies or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure.'" *Doubletap Defense, LLC, v. Hornady Manufacturing Co., Defendant.*, No. 8:18CV492, 2021 WL 3631135, at *9 (D. Neb. Aug. 17, 2021) (quoting *Keener v. United States*, 181 F.R.D. 639, 640 (D. Mont. 1998)). The October 19 Schlader Report does anything but fill gaps in Mr. Schlader's prior reports based on information

not available at the time of these disclosures. Instead, it is rife with new opinions regarding PPP and other taxpayer aid that Plaintiff received during the coronavirus pandemic and the application of so-called "Generally Accepted Accounting Principles" to this aid. *See, e.g.*, (Ex. B. at 2–3) (setting forth bullet-point list of opinions purporting to show that PPP and other government relief should be included in the calculation of Plaintiff's business income losses under the Policy); (*id.* at 3–4) (opining that Plaintiff "inappropriately completely ignores" the taxpayer aid and that Mr. Grudzien's accounting methods do "not attempt to match the PPP forgiven funds, or other income, in the same periods in which the expenses were incurred").[1] And these new opinions are not based on new information; they are based entirely on information Defendant has long possessed.

These so-called "[u]pdated/additional opinions" "materially alter[], not merely clarify[,]" Mr. Schlader's prior reports. *See Petrone*, 940 F.3d at 434 (internal quotation marks omitted) (quoting *Williams*, 719 F.3d at 976). Even more egregious, the new material in the October 19 Schlader Report is *precisely* what this Court *excluded from trial* in its Order granting Plaintiff's Motion in Limine Number 1. *See* (Doc. 199) (excluding all evidence of and reference to Plaintiff's receipt of PPP and other taxpayer aid during the coronavirus pandemic). Moreover, by the time Defendant served the October 19 Schlader Report, Defendant could not have attempted to use it to supply evidence on a motion, at a hearing, or at trial for Rule 37(c)(1) purposes because this Court had already granted Plaintiff's Motion in Limine Number 1. The mandatory good cause standard of Rule 16(b)(4) governs, and Defendant cannot meet it.

Even had Defendant moved to modify the Scheduling Order—it has not—Defendant has not and cannot show good cause for the Court to do so under Rule 16(b)(4). "To establish good

---

[1] The post-hoc attempt to support Mr. Schlader's opinions related to the taxpayer aid with reference to the General Accepted Accounting Principles ("GAAP") is obviously in response to Plaintiff's counsel pointing out at the October 15 hearing that Mr. Schlader never made any opinions based on GAAP in his earlier two reports.

cause, a party must show its diligence in attempting to meet the [scheduling] order." *See Petrone*, 940 F.3d at 434 (internal quotation marks omitted) (quoting *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006)). Defendant has not shown its diligence. Under the Court's Scheduling Order, Defendant's expert witness disclosures were due on or before April 30, 2021, and Defendant's rebuttal expert disclosures were due on or before May 21, 2021. (Doc. 60). Defendant could have disclosed these opinions months ago when it served Mr. Schlader's previous reports but did not. The October 19 Schlader Report does not base the new opinions it advances on any new information that was not available to Defendant at the time of its previous expert disclosures. Plaintiff should not be penalized as a result. The Court should not modify its Scheduling Order and instead should strike and exclude the October 19 Schlader Report.

**B. To the Extent the October 19 Schlader Report is a Supplement or Proffered Rebuttal Testimony, Defendant Fails to Comply with Rule 26(a) and (e); This Failure Was Neither Substantially Justified Nor Is It Harmless.**

To the extent the Court disagrees with Plaintiff and finds not only that the October 19 Schlader Report is either a supplement under Rule 26(e)(2) or rebuttal testimony under Rule 26(a)(2)(D)(ii), but also that Defendant could use this testimony on a motion, at a hearing, or at trial despite the Court's granting Plaintiff's Motion in Limine Number 1, the Court should strike and exclude the October 19 Schlader Report under Rule 37(c)(1). The parties' Rule 26(a)(3) pretrial disclosures, and thus any supplement to the parties' expert disclosures, were due on September 17, 2021. *See* (Doc. 166 at 2). Defendant served the October 19 Schlader Report over a month after this deadline had passed. It was also served after the Rule 26(a)(2)(D)(ii) expert rebuttal testimony deadline of October 18, 2021. Either way, the October 19 Schlader Report is untimely. Defendant therefore "fails to provide information . . . as required by Rule 26(a) or (e)"

and "is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Rule 37(c)(1).

Defendant's failure was not substantially justified and is not harmless. The October 19 Schlader Report itself offers *no* justification for its untimely service. While a few portions of it purport to rebut the Grudzien Supplemental Report, this alone provides no justification for failing to meet the September 17 supplement deadline or the October 18 rebuttal testimony deadline. As discussed above, PPP and taxpayer aid has been a part of the parties' arguments for months at the very least, and there was nothing stopping Defendant from including the opinions stated in the October 19 Schlader Report in Mr. Schlader's prior reports or deposition testimony. Allowing the October 19 Schlader Report to stand would be harmful, not harmless. It is inundated with the exact material this Court excluded from trial when it granted Plaintiff's Motion in Limine Number 1. *See* (Doc. 199). In doing so, the Court explicitly recognized the unfair prejudice and other harm that would result from such evidence or argument being presented to a jury. (Doc. 199 at 1–2) (finding that any probative value of such evidence was substantially outweighed by danger of unfair prejudice to Plaintiff, confusing the issues, and misleading the jury). The Court should strike the October 19 Schlader Report under Rule 37(c)(1).

### C.  CONCLUSION

For these reasons, Plaintiff's Motion to Strike and Exclude the October 19 Report of Defendant's Expert David Schlader should be granted.

Dated: October 21, 2021

**STUEVE SIEGEL HANSON LLP**

*s/ Patrick J. Stueve*
Patrick J. Stueve, MO #37682
Bradley T. Wilders, MO #60444
Curtis Shank, MO #66221

Abby E. McClellan, MO Bar # 66069
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone:     816-714-7100
Facsimile:     816-714-7101
Email:         stueve@stuevesiegel.com
Email:         wilders@stuevesiegel.com
Email:         shank@stuevesiegel.com


**MILLER SCHIRGER LLC**

John J. Schirger, MO # 60583
Matthew W. Lytle, MO #59145
Joseph M. Feierabend, MO #62563
4520 Main Street, Suite 1570
Kansas City, MO 64111
Telephone:     (816) 561-6500
Facsimile:     (816) 561-6501
Email: jschirger@millerschirger.com
Email: mlytle@millerschirger.com
Email: jfeierabend@millerschirger.com

**LANGDON & EMISON LLC**

J. Kent Emison, MO #29721
911 Main Street
PO Box 220
Lexington, Missouri 64067
Telephone:     (660) 259-6175
Facsimile:     (660) 259-4571
Email:         kent@lelaw.com

**SHAFFER LOMBARDO SHURIN, P.C.**
Richard F. Lombardo, MO# 29748
2001 Wyandotte Street
Kansas City, MO 64108
Telephone:     816-931-0500
Facsimile:     816-931-5775
Email:         rlombardo@sls-law.com

*Attorneys for Plaintiff*