# EXHIBIT B

BCS
**BUCHANAN CLARKE SCHLADER**
certified public accountants

ATLANTA    DALLAS    HOUSTON    INDIANAPOLIS
KANSAS CITY    MIAMI    NEW YORK    ORANGE COUNTY    ORLANDO

October 19, 2021

Mr. Michael L. Brown
Wallace Saunders
10111 West 87th Street
Overland Park, KS 66212

**Re:** K.C. Hopps, Ltd. v. The Cincinnati Insurance Company, Inc.
United States District Court, Western District of Missouri Western Division
<u>**Supplemental Expert Witness Report**</u>
Case Number: 20-cv-00437-SRB
Our File Number: 86619

Dear Mr. Brown:

With respect to the above-captioned matter, you requested our opinions to-date regarding the economic damages claimed by the plaintiff, K.C. Hopps, Ltd. ("KC Hopps") a result of the COVID-19 pandemic. This report supplements our reports dated April 30, 2021 and May 26, 2021 and incorporates the content therein. Additional documentation that we utilize for our opinions has been provided by the plaintiff since our previous reports as outlined further below. As such, our opinions and conclusions have been updated and are subject to revision should new and further information come to light. These comments are strictly limited to you, your principals, and those knowledgeable of the facts and circumstances in the above-captioned matter.

As noted in our previous report dated May 26, 2021, we were able to confirm the U.S. Government's Small Business Administration Paycheck Protection Program (PPP) funds (first draw) received and forgiven totaling $1,804,632 exceed the plaintiff's business income loss claim for February 26, 2020 through December 29, 2020 (44 weeks) totaling $1,727,739. Therefore, with a reasonable degree of accounting certainty, it is our opinion the plaintiff's business income loss claim of $1,727,739 excludes and completely ignores the benefit of the PPP (first draw) funds received totaling $1,804,632 that was considered pertinent and necessary in determining the actual loss sustained by the plaintiff. We also previously confirmed the plaintiff received the following funds which are also summarized at KCHOPPS00011631 and as declared by Mr. Kevin O'Brien:

- COVID-19 Economic Injury Disaster Advances totaling $86,000 which we understand are forgivable and therefore a benefit to the plaintiff.

9 Corporate Woods • 9200 Indian Creek Parkway, Suite 320 • Overland Park, Kansas 66210
Tel (913) 491-0300 • Fax (913) 491-0346 • www.bcsllp.com


- SBA disaster funds totaling $1,402,300. At this time, we are not aware if these funds are eligible to be forgiven.
- KS Spark Grants totaling $20,000, Johnson County Kansas Grants totaling $40,000 and Missouri Department of Economic Development Grants totaling $67,103. All which appear not to require repayment and therefore a benefit to the plaintiff.
- PPP (second draw) funds totaling $2,515,477 specific for purposes of reduced business earnings during 2020 as a result of the governmental shutdown due to ordered pandemic restrictions.

Concerning funds received from governmental entities:

- The proper accounting period under the COVID-related Tax Relief Act of 2020 (Section 276) for the treatment of tax-exempt PPP income is the time period when the business paid for or incurred qualifying expenses.
- First round PPP funds were utilized as direct incentive to keep their workers on payroll in 2020.
- Forgiven PPP loans are properly accounted for as business income in the year during which the business incurred the qualifying expenses or in the year recorded.
- KC Hopps received $1,804,632 in PPP income for qualified business expenses incurred in 2020 which should be accounted for as business income for 2020.
- The 2020 claimed business income loss stated by Mr. Grudzien is overstated by at least $1,804,632.
- Based on my experience and training, and the records of KC Hopps, the 2021 claimed business income loss by Mr. Grudzien is also overstated by at least $304,982.
- In addition to PPP funds, KC Hopps received at least $86,000 for COVID-19 Economic Injury Disaster Advances, $1,402,300 for SBA disaster funds; State Grants totaling over $120,000.
- KC Hopps received a second round of PPP funds totaling at least $2,515,477.
- The second round of PPP funds were only available if the business could demonstrate at least a 25% reduction in gross receipts between comparable quarters in 2019 and 2020. Therefore, not all businesses were eligible.
- PPP funds and fund forgiveness are not solely "Taxpayer aid." Rather it is to assist small business for the economic crisis caused by the COVID-19 pandemic. Non-taxpayers, such as non-profit organizations and veterans' organizations, were eligible for PPP funds.
- Loans intended to be forgiven would properly be financially accounted for as other income, not to be taxable to the entity. This is a recognized type of accounting treatment for PPP funds.
- The PPP funds were received by KC Hopps as a direct result of the pandemic and government orders affecting its business, and they were used to cover actual business operating

expenses incurred by the KC Hopps during the claimed loss period. Therefore, for accounting purposes, the amount of PPP funds received by KC Hopps is absolutely relevant and important to determine the amount, if any, of actual loss sustained as it is pertinent to the analysis of overall economic losses of the plaintiff.

- KC Hopps received forgivable COVID funds in excess of the amount of claimed business income or economic losses calculated by Mr. Grudzien.

- Generally Accepted Accounting Principles (GAAP) indicate that business expenses incurred must be recorded in the same period as related revenues and revenues should be recorded in the same period as related incurred business expenses. Thus, pursuant to proper accounting methods specifically the matching principle in accordance with GAAP, the revenue from foreseeable forgiven PPP and other COVID funds should be applied to the same accounting period as when the expenses were incurred or recorded.

- Mr. Grudzien improperly confuses operating income as business income. Forgiven PPP grants and funds are business net income generally classified as "other income" on the business' income statement.

- The first round of PPP loan funding required certain restrictions for forgiveness including a requirement that 60% of the expenses be spent for employer payroll. Pursuant to accounting principles, it is a normal business activity to pay employees.

- PPP funds utilized for labor and other operating expenses impact net income or loss.

- A PPP fund recipient could apply for forgiveness once all PPP fund proceeds for which the forgiveness is requested have been used. Based upon KC Hopps' financial records provided to-date, this requirement was met in 2020 at which time KC Hopps would have reasonably expected the funds to be forgiven.

- After all PPP fund proceeds for which the forgiveness is requested have been used, applying for forgiveness is a ministerial task.

- The actual timing of the plaintiff applying for and being granted forgiveness of PPP funds (2020 or early 2021) is irrelevant to the measurement of the actual business income losses sustained during the claimed loss period.

### Updated/additional opinions

1. Based upon the updated financial statements and claim information provided by the plaintiff and in addition to PPP (first and second draws), as well as other COVID-19 related funds noted above, the plaintiff received Employee Retention Credits totaling $765,869 (for January, February and March 2021 only) as a direct result of COVID-19 and the CARES Act which in our opinion further offset the plaintiff's actual incurred expenses in 2020 and 2021. Therefore, it remains our opinion the plaintiff's updated business income loss claim totaling $2,032,721 inappropriately completely ignores the direct COVID-19 benefits of the PPP (first and second draw) and the ERC funds received totaling $5,085,978.

| KC Hopps - business unit | KC Hopps LTD Ownership | Paycheck Protection Program funds | | | Employee Retention Credit (thru 3/23/21) | Total PP1, PP2 & ERC |
|---|---|---|---|---|---|---|
| | | First draw | Second draw | Total (A) | | |
| Arena Promotions, LLC | 100.00% | $5,855 | $7,591 | $13,446 | $4,402 | $17,848 |
| Barley's Brewhaus, LLC | 100.00% | 226,200 | 336,934 | 563,134 | 118,060 | 681,194 |
| Falcon Ridge Restaurant, LLC dba Blue Moose Falcon Rid | 100.00% | 212,900 | 300,587 | 513,487 | 111,217 | 624,704 |
| Mosaic, LLC dba Blue Moose Prairie Village | 74.60% | 197,000 | 292,000 | 489,000 | 95,836 | 584,836 |
| South East KC Restaurant, LLC dba Blue Moose Red Bridg | 50.00% | 201,372 | 296,761 | 498,133 | 84,982 | 583,115 |
| Briarcliff Events, LLC | 100.00% | 39,400 | 50,613 | 90,013 | 19,422 | 109,435 |
| Hopps Catering, LLC | 100.00% | 155,905 | 205,607 | 361,512 | 36,895 | 398,407 |
| Hopps Management, LLC | 99.00% | 295,100 | 396,791 | 691,891 | 113,107 | 804,998 |
| O'Dowd's, LLC | 56.71% | 251,400 | 327,411 | 578,811 | 51,977 | 630,788 |
| Pan Fried 2, LLC dba Stroud's 135th Street | 100.00% | 219,500 | 301,182 | 520,682 | 129,971 | 650,653 |
| Total PPP - KC Hopps | | $1,804,632 | $2,515,477 | $4,320,109 | $765,869 | $5,085,978 |

(A) Agrees to PPP payable @ 3/23/2021 balance sheets.

2. The plaintiff's accounting cycle consists of thirteen 4-week periods. Mr. Grudzien mentions in his September 17, 2021 report that it is his understanding the plaintiff's business income coverage is limited to 12-month period. However, we note his business income loss claim totaling $2,032,721 is actually for a 56-week period from February 26, 2020 through March 23, 2021 (summarized by 4-week periods on Exhibit A).

3. As shown on Schedule 3 (2021 4-week period income statements) of each of the claimed entities (Exhibits B through B10) provided with Mr. Grudzien's Supplemental Report, it appears the plaintiff properly accrues Employee Retention Credits in the 4-week period earned (accrual basis). However, does not attempt to match the PPP forgiven funds, or other income, in the same periods in which the expenses were incurred (2020).

## Additional data and information considered

Since our previous report dated May 26, 2021, we have been provided the following information that we utilized in forming our current updated opinions and conclusions:

1. Supplemental Expert Witness Report of Kevin Grudzien dated September 17, 2021.

## Conclusion

Based upon our analysis of the documentation provided to-date, at this time it remains unclear to us the date(s) of direct physical loss or damage, if any, as well as the specific restoration period(s), if any. In addition, we note the plaintiff's claim does not specifically identify city mandated shutdown period(s) versus reduced and full capacity period(s) which could directly impact operations and potentially be unrelated to the claim. In our opinion, clarification is necessary for us, or anybody, to further measure any actual business income loss sustained and potentially apply any appropriate waiting period deductible(s).



However, even if we were to accept the plaintiff's updated claimed restoration period utilized in plaintiff's business income loss claim of February 26 through March 23, 2021 (56 weeks), <u>which we do not</u>, it is our opinion that forgiven federal, state and local funds received by the plaintiff in total exceed the claimed business income loss value of $2,032,721 and therefore it is our opinion with a reasonable degree of accounting certainty that in total no actual business income loss was sustained by the plaintiff.

We trust the foregoing comments are clear. However, should you require any additional information from our files, or us, please do not hesitate to contact me at this office.

Very truly yours,

**Buchanan Clarke Schlader**
Certified Public Accountants

David A. Schlader, CPA, CFE, CFF

Wallace Saunders
Re: KC Hopps LTD v. The Cincinnati Insurance Companies

**Summary of Claimed Monthly Business Income Loss Values**
**For February 26, 2020 Through March 23, 2021 (56 Weeks - During Claimed Loss Period)**
**As Claimed**

| Business unit | 2/26 to 03/24/20 | 3/25 to 04/21/20 | 4/22 to 05/19/20 | 5/20 to 06/16/20 | 6/17 to 07/14/20 | 7/15 to 08/11/20 | 8/12 to 09/08/20 | 9/9 to 10/06/20 | 10/7 to 11/03/20 | 11/4 to 12/01/20 | 12/2 to 12/29/20 | 12/30 to 01/26/21 | 1/27 to 02/23/21 | 2/24 to 03/23/21 | Total for 14 periods ending Mar. 23, 2021 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Number of weeks considered in claim | 4 | 4 | 4 | 4 | 4 | 4 | 4 | 4 | 4 | 4 | 4 | 4 | 4 | 4 | 56 |
| Aha Promotions, LLC | $8,360 | $5,514 | $5,365 | $9,398 | $4,867 | $7,043 | $2,471 | $3,651 | $5,916 | $6,257 | $4,461 | $8,433 | $14,064 | $14,705 | $100,505 |
| Bey's Brewhaus, LLC | 25,999 | 47,592 | 46,215 | 17,500 | 14,914 | 25,060 | 17,510 | 15,884 | 19,991 | 36,552 | 47,692 | 19,225 | 30,135 | (6,806) | 357,463 |
| Falcon Ridge Restaurant, LLC dba Blue Moose Falcon Ridge | 24,821 | 28,227 | 30,182 | 12,281 | 11,272 | 4,841 | 7,743 | 5,218 | (1,833) | (14,409) | 3,628 | 50 | 14,840 | 6,041 | 132,902 |
| Mosaic, LLC dba Blue Moose Prairie Village | 10,906 | 23,895 | 27,110 | 14,779 | 12,100 | (1,343) | (4,746) | 3,010 | 7,575 | 5,570 | 2,866 | 11,658 | 14,553 | 10,937 | 138,870 |
| South East KC Restaurant, LLC dba Blue Moose Red Bridge | 20,804 | 32,021 | 28,373 | 19,168 | 7,290 | 13,076 | 5,101 | 14,494 | 22,099 | 19,044 | 33,069 | 27,020 | 20,896 | 23,951 | 286,406 |
| Briarcliff Events, LLC | 6,381 | 4,259 | 33,541 | 30,941 | 2,473 | 37,979 | 8,188 | 34,623 | (2,038) | 21,607 | 51,657 | 13,150 | (2,998) | 6,878 | 246,641 |
| Hopps Catering, LLC | (10,433) | 5,632 | 78,858 | 47,370 | 27,329 | 16,983 | 46,388 | 47,452 | 60,060 | 35,469 | 103,811 | (38,052) | 31,652 | 29,381 | 481,900 |
| Hopps Management, LLC | 2,816 | (2,553) | 62,894 | 43,100 | 15,081 | 424 | 7,777 | (5,343) | (5,976) | (5,303) | (6,028) | (1,012) | 2,505 | 4,541 | 112,923 |
| Obwd's, LLC | 16,036 | 60,761 | 99,463 | 17,654 | (8,347) | (25,222) | (59,265) | (88,539) | (9,966) | 24,635 | 96,911 | 29,331 | 25,947 | 39,749 | 219,148 |
| Pan Fried 2, LLC dba Stroud's 135th Street | 6,263 | (2,944) | (1,510) | 1,377 | (12,831) | (5,732) | (8,827) | (14,302) | 5,841 | 9,148 | 25,272 | (25,701) | (4,462) | (15,629) | (44,037) |
| Total business income loss - as claimed | $111,953 | $202,404 | $410,491 | $213,568 | $74,148 | $73,109 | $22,340 | $16,148 | $101,669 | $138,570 | $363,339 | $44,102 | $147,132 | $113,748 | $2,032,721 |
| Cumulative business income loss total - as claimed | $111,953 | $314,357 | $724,848 | $938,416 | $1,012,564 | $1,085,673 | $1,108,013 | $1,124,161 | $1,225,830 | $1,364,400 | $1,727,739 | $1,771,841 | $1,918,973 | $2,032,721 | |

(A) Refer to Schedule 2.

Note: We note the loss period includes 56 weeks which appears to exceed the allowable indemnity period.

Source: Supplemental Expert Witness Report of Kevin Grudzien dated September 17, 2021.

*Preliminary and for discussion purposes only.*

Exhibit A