IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| K.C. HOPPS, LTD., ) | |
| ) | |
| Plaintiff, ) | CASE NO. 4:20-CV-437 |
| ) | |
| vs. ) | |
| ) | |
| THE CINCINNATI INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT THE CINCINNATI INSURANCE COMPANY'S MOTION AND SUGGESTIONS IN SUPPORT OF ITS MOTION FOR AN ORDER ALLOWING ITS RETAINED EXPERT KEITH ARMITAGE, M.D., TO TESTIFY OUT OF ORDER AT TRIAL, OR, IN THE ALTERNATIVE, FOR AN ORDER ALLOWING DR. ARMITAGE TO TESTIFY VIA ZOOM OR SIMILAR ELECTRONIC MEANS, OR, IN THE ALTERNATIVE, FOR A TRIAL CONTINUANCE**

Defendant The Cincinnati Insurance Company ("Cincinnati"), by and through its undersigned counsel, respectfully requests this Court enter an order allowing Cincinnati's retained expert, Dr. Keith Armitage, to testify out of order at trial, or, in the alternative, allowing Armitage to testify via zoom or similar electronic means, or, in the alternative, for a trial continuance. In support of this Motion, Cincinnati states as follows.

1. On April 30, 2021, Cincinnati timely served Defendant's Expert Disclosures upon counsel for Plaintiff, K.C. Hopps, Ltd. ("Cincinnati's Disclosure"), a copy of which is attached as Exhibit 1 to this Motion. (*See also*, Dkt. Nos. 39, 60, Scheduling Order for Jury Trial, as amended by the Court's Text Order of April 14, 2021). Cincinnati's Disclosure identified, among others, Dr. Keith Armitage as an individual that Cincinnati may use to present expert testimony at trial. Cincinnati's Disclosure included a copy of Dr. Armitage's written report, CV, and testimonial history. Dr. Armitage has not been deposed, thus there are no deposition designations respecting him.

1

102124505.v1

Case 4:20-cv-00437-SRB   Document 209   Filed 10/21/21   Page 1 of 6

2. Dr. Armitage is a medical doctor licensed to practice medicine in the State of Ohio. He spends more than 75% of his time in the practice of medicine and teaching. He is board certified in Internal Medicine and Infectious Diseases, and has practiced medicine for more than twenty-eight years. Dr. Armitage is a full professor at Case Western Reserve University School of Medicine, which is located in Cleveland, Ohio. He is also the Vice Chair of the University's Department of Medicine, and regularly teaches medical students, residents and fellows, including in a clinical setting. In addition to being involved locally and nationally with SARS-CoV-2 education, and locally with infection control initiatives, Dr. Armitage is ***involved directly with the care of many patients with Covid-19***. (Armitage Decl., ¶ 2, attached hereto as Exhibit 2 to this Motion).

3. Cincinnati at all times intended, and still intends, that Dr. Armitage will present his trial testimony in-person, subject to the additional circumstances/limitations described below. (Litchfield Decl., ¶ 5, attached hereto as Exhibit 3 to this Motion).

4. On October 12, 2021, Cincinnati learned from Dr. Armitage that he would likely have travel difficulties during the week of trial. During further conversation on October 14, 2021, it was learned that Dr. Armitage is only available to testify in person during a short window on October 27, 2021. (Armitage Decl., ¶ 2).

5. On October 13, 2021, Cincinnati's counsel informed Plaintiff's counsel, Patrick Stueve, that Cincinnati's counsel had learned there would be an issue with Dr. Armitage's availability during certain of the anticipated days of trial. On October 15, 2021, Cincinnati's counsel informed Mr. Stueve that Dr. Armitage would be available to testify live on October 27, 2021 between 11:00 am and 1:30 pm, CST. This window of availability is dictated by the flights that would permit Dr. Armitage to travel to Kansas City for a day. There are no direct flights

between Cleveland and Kansas City. Cincinnati's counsel also proposed, in the event that the live testimony window would not work, that the parties agree that Dr. Armitage would testify by video when called in Cincinnati's case. Mr. Stueve agreed to consult with his co-counsel and follow up with Cincinnati with Plaintiffs' position. (Litchfield Decl., ¶¶ 2-3).

6. Dr. Armitage's limited availability is due to his professional obligations to his patients and for administration at his hospital, the Cleveland Clinic. His responsibilities in this regard have recently heightened because of his and his department's treatment of Covid-19 patients. (Armitage Decl., ¶ 2).

7. On October 18, 2021, Mr. Stueve advised Cincinnati's counsel that Plaintiff did not anticipate that it would complete the presentation of its case-in-chief until late afternoon, Wednesday, October 27. Mr. Stueve also stated that Plaintiff objects to Dr. Armitage testifying out of turn during his window of live availability on October 27, 2021. Mr. Stueve also stated that Plaintiff objects to Dr. Armitage testifying in Cincinnati's case through a live-video feed. (Litchfield Decl., ¶ 4).

8. In light of the foregoing, and out of an abundance of caution, Cincinnati respectfully requests this Court enter an Order permitting Dr. Armitage to testify at or around 11:00 a.m. on Wednesday, October 27, with all testimony to be completed no later than 1:30 p.m. This will provide ample time for his examination. Due to the scope of Dr. Armitage's proffered opinions, and Plaintiff's decision not to depose Dr. Armitage, the direct, cross- and re-direct examination of Dr. Armitage, if any, can surely be completed within this 2 ½ hour time frame. The Court could instruct the jury regarding the calling of Dr. Armitage out of order. Plaintiff would suffer no prejudice. Additionally, because Plaintiff will be performing its direct examination of its own scientific experts during its case-in-chief, allowing the examination of Dr. Armitage during this

same stage of the case will streamline the presentation of scientific evidence to the jury and cause minimal, if any, disruption to the presentation of Plaintiff's case.

9. Alternatively, if this Court is not inclined to allow Dr. Armitage to testify at the proposed time, Cincinnati respectfully requests this Court enter an order allowing Dr. Armitage to testify via Zoom or other live-video feed during Cincinnati's case-in-chief. Dr. Armitage's appearance by live-video feed will allow the testimony to be presented to the jury in the same way it would have been if Dr. Armitage had appeared live. Plaintiff would not be prejudiced. Dr. Armitage is able to appear by video for a reasonable period of time on October 28, 2021, but cannot travel for the day. Furthermore, as this Court is aware, due to the ongoing pandemic, appearance via live-video feed has become commonplace in judicial proceedings throughout the country. As such, it will present minimal if any disruption, and will not require the installation or use of audio-video equipment that is not already available to the Court, the parties, their counsel, and the witness. Dr. Armitage's availability later in the day on October 27th, or on October 28th, would only be made possible by his not having to travel.

10. The use of a live-video feed does not present any danger of jury confusion because the jurors will have likely utilized similar technology in their personal and/or work lives, particularly during the pandemic. Furthermore, the trial testimony of Plaintiff's own expert witness, Dr. Goodman, will also be presented via video, by the agreement of the parties, and as previously approved by the Court. (Dkt. No. 98).

11. Rule 611(a) indicates that the court should exercise reasonable control of the order of examining witnesses so as to "make those procedures effective for determining the truth."

4
102124505.v1
Case 4:20-cv-00437-SRB   Document 209   Filed 10/21/21   Page 4 of 6

11. If Cincinnati is not permitted to present Dr. Armitage live during his window of availability on October 27th, or to present Dr. Armitage by video outside of that window, then the trial should be continued so that Dr. Armitage may testify to the jury.

WHEREFORE, Defendant The Cincinnati Insurance Company respectfully requests an order allowing Cincinnati's retained expert, Dr. Keith Armitage, to testify out of order at trial, or, in the alternative, an order allowing Armitage to testify via zoom or similar electronic means, or, in the alternative, for a trial continuance.

October 20, 2021.

Respectfully submitted by:

**DEFENDANT, THE CINCINNATI INSURANCE COMPANY**

WALLACE SAUNDERS

BY:  /s/ *Michael L. Brown*
Michael L. Brown    KS# 21313
10111 West 87th Street
Overland Park, KS 66212
(913) 888-1000 FAX - (913) 888-1065
mbrown@wallacesaunders.com

LITCHFIELD CAVO LLP

BY:  /s/ *Daniel Litchfield*
Daniel Litchfield    PHV
Ericka Hammett    PHV
303 West Madison Street
Suite 300
Chicago, IL 60606
(312) 781-6669 FAX (312) 781-6630
litchfield@litchfieldcavo.com
hammett@litchfieldcavo.com

ATTORNEYS FOR DEFENDANT THE CINCINNATI INSURANCE COMPANY

CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to:

John J. Schirger
Matthew W. Lytle
Joseph M. Feierabend
Miller Schirger LLC
4520 Main St., Suite 1570
Kansas City, MO 64111
jschirger@millerschirger.com
mlytle@millerschirger.com
jfeierabend@millerschirger.com

Patrick J. Stueve
Bradley T. Wilders
Curtis Shank
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
stueve@stuevesiegel.com
wilders@stuevesiegel.com
shank@stuevesiegel.com

J. Kent Emison
Patricia L. Campbell
Langdon & Emison LLC
911 Main Street
PO Box 220
Lexington, MO 64067
kent@lelaw.com
tricia@lelaw.com

Richard F. Lombardo
Shaffer Lombardo Shurin, P.C.
2001 Wyandotte Street
Kansas City, MO 64108
rlombardo@sls-law.com

ATTORNEYS FOR PLAINTIFF

   /s/ Michael L. Brown_____
Michael L. Brown