IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| K.C. HOPPS, LTD., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE CINCINNATI INSURANCE COMPANY, ) <br> INC., ) <br> ) <br> Defendant. ) | Case No. 20-cv-00437-SRB |

## ORDER

In Plaintiff K.C. Hopps, Ltd.'s ("Plaintiff") Trial Brief, Plaintiff requests to prohibit references to various exclusions in the insurance policy (the "Policy"). (Doc. #201.) Plaintiff also requests the Court should instruct the jury on its definition of "direct physical loss or damage" prior to the hearing of evidence. The Court construes these requests as motions in limine. Defendant The Cincinnati Insurance Company ("Defendant") filed a response opposing Plaintiff's requests. (Doc. #207.) Upon review, Plaintiff's requests are GRANTED IN PART and DENIED IN PART.

### I. The Exclusions Decided on Summary Judgment

Plaintiff requests the Court "instruct the jury not to consider these exclusions during their deliberations, given that the Policy will likely be admitted into evidence." (Doc. #201, p. 7.)[1] The exclusions are the Policy's "Ordinance or Law," "Delay or Loss of Use," and "Acts or Decisions" exclusions of the Policy. This request is denied. While the Court previously decided Defendant was not entitled to summary judgment, it finds that material issues of fact exist regarding the "exclusions. In turn, Defendant may reference and rely on these exclusions at trial.

---

[1] All page numbers refer to pagination automatically generated by CM/ECF.

## II. The "Pollutants" Exclusion

Plaintiff also seeks to prohibit references to the Policy's "Pollutants" exclusion at trial. The Policy's "Pollutants" exclusion provides, in relevant part, that:

[Defendant] will not pay for 'loss' caused directly or indirectly by . . .

(L) Pollutants

> Discharge, dispersal, seepage, migration, release, escape or emission of 'pollutants' unless the discharge, dispersal, seep age, migration, release, escape or emission is itself caused by any of the 'specified causes of loss'.

(Doc. #99-1, p. 54.) The Policy further defines "Pollutants" as "any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, asbestos, chemicals, petroleum, petroleum products and petroleum by-products, and waste." (Doc. #99-1, p. 83.) The Policy also notes that "'Pollutants' include but are not limited to substances which are generally recognized in industry or government to be harmful or toxic to persons, property, or the environment regardless of whether injury or damage is caused directly or indirectly by the 'pollutants[.]'" (Doc. #99-1, p. 83.)

The Court agrees with Plaintiff that the exclusion "is limited to losses arising from traditional industrial- or environmental-like pollution" and not "the natural spread of a deadly communicable virus[.]" (Doc. #201, p. 6.) Other courts have held similarly. *See American Nat'l Prop. & Cas. Co v. Wyatt*, 400 S.W.3d 417, 426 (Mo. App. W.D. 2013) (holding that carbon monoxide within a building is not a "pollutant" because the "use of terms 'discharge,' 'dispersal,' 'seepage,' 'migration,' 'release,' and 'escape,' which are terms regularly applied to describe events of general environmental pollution. . . . these terms, used in conjunction with 'pollutant,' commonly refer to the sort of conventional environmental pollution at which the pollution exclusion was primarily targeted") (citations and quotation marks omitted); *Pepsico,*

2

*Inc. v. Winterthur Int'l Am. Ins. Co.*, 13 A.D.3d 599, 601 (N.Y. App. Div. 2004) (holding a policy with similar "pollutant" language "unmistakably is directed to environmental pollution"). While the Policy in this case also includes chemicals, petroleum, and other industrial by-products as "pollutants," the inclusion of these substances only further supports Plaintiff's interpretation that the exclusion is meant for industrial- and environmental-like substances, not a virus.

Defendant argues that "SARS-CoV-2 is a contaminant," but the Court is not persuaded the "Pollutant" exclusion should be read so broadly. (Doc. #207, p. 5.) As Missouri courts have determined:

> The terms 'irritant' and 'contaminant,' when viewed in isolation, are virtually boundless, for there is virtually no substance or chemical in existence that would not irritate or damage some person or property. In other words, practically every substance would qualify as a 'pollutant' under this definition, rendering the exclusion meaningless. Without some limiting principle, the pollution exclusion clause would extend far beyond its intended scope, and lead to some absurd results.

*Wyatt*, 400 S.W.3d at 424-25 (citations and quotation marks omitted). Further, such a broad interpretation of the word "pollutant" or "contaminant" would render many other Policy exclusions meaningless, such as the specific exclusion of "bacteria." (Doc. #99-1, p. 60.) As the Court has already explained, "Defendant chose to exclude some contaminates, yet decided not to exclude others, such as viruses. Both Missouri and Kansas law require the Policy be read as a whole, including what was and was not excluded." (Doc. #156, p. 12.) Plaintiff's request to prohibit references to the Policy's "Pollutants" exclusion at trial is thus granted.

### III. Instruction on "Direct Physical Loss or Damage"

Plaintiff also requests that the Court read to the jury the definition of "direct physical loss or damage" prior to hearing evidence. Plaintiff argues that "[b]ecause the Policy language is likely to be discussed during the testimony of witnesses in this case, it is important that the jury understand, before they hear the evidence, what the Court has decided the language means."

(Doc. #201, p. 7.) Defendant argues that this request does not comply with the Scheduling and Trial Order and Plaintiff offers no authority for its proposition. Given the importance of the definition of "direct physical loss or damage" to the disposition of this trial and the substantial risk of jury confusion on key issues without such an instruction prior to the presentation of evidence, Plaintiff's request is granted.

Accordingly, Plaintiff's request to prohibit references to various exclusions in the Policy is GRANTED IN PART and DENIED IN PART. The request is granted insofar as the parties are hereby prohibited from referencing the "Pollutants" exclusion to the jury. The request is denied in all other respects.

It is FURTHER ORDERED that Plaintiff's request that the Court instruct the jury on the definition of "direct physical loss or damage" prior to the presentation of evidence is GRANTED.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: October 22, 2021