IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| K.C. HOPPS, LTD., <br><br> Plaintiff, <br><br> v. <br><br> THE CINCINNATI INSURANCE COMPANY, <br><br> Defendant. | Case No. 4:20-CV-437-SRB |

### RESPONSE TO DEFENDANT'S NOTICE OF WITHDRAWAL

Approximately twenty minutes after Plaintiff moved for an order regarding the Policy interpretation of the four exclusions (Doc. 218), Defendant filed a notice that it was withdrawing one of the exclusions ("Delay or Loss of Use") without explanation. Yet, a mere 48 hours earlier, Defendant successfully argued for submitting the Delay or Loss of Use exclusion to the jury. (Doc. 207 at 3). Plaintiff and its counsel were left to sort out: (1) what "genuine issues of fact" underly these exclusions, given the Court's previously ruled several of them "do not apply to Plaintiff's claims" and (2) how to avoid the substantial confusion these exclusions would present to the jury. Unable to do so, Plaintiff had no choice but to a file its pending motion.

Withdrawal of the Delay or Loss of Use exclusion defense and related instruction does not however moot or alter the need for an order on the remaining exclusions as Plaintiff requested. All four exclusions contain the very same Policy requirement that the exclusion *cause* the *physical* loss or damage to Plaintiff's property. There is not only a lack of evidence, but no plausible (much less reasonable) basis, for the jury to conclude these remaining exclusions caused the SARS-CoV-2 contamination or alteration of Plaintiff's properties that is the basis for coverage in this trial. According to Defendant, the exclusions (Ordinance or Law, Government Seizure, Acts or

Decisions of a Government Body) are based on the Stay-at-Home orders (Doc. 207 at 4) but the Court has held Plaintiff ***cannot*** prove ***physical*** loss or damage "simply because the COVID-19 pandemic resulted in Stay-at-Home orders[.]" (SJ Order, Doc. 155 at 11) (holding that "[i]n accordance with *Oral Surgeons*, the Court finds Plaintiff, to the extent it argues that it sustained 'physical loss' or 'physical damage' simply because the COVID-19 pandemic resulted in Stay-at-Home orders, may not proceed on that theory of coverage."). The term "loss" is the same for both Plaintiff's claim and Defendant's affirmative defenses under the Policy. Thus, not only would permitting Defendant to rely on the order for these defenses create an inconsistent interpretation of the Policy that is unfair, but it would also violate *Oral Surgeons'* definition of the phrase—which this Court had adopted.

Defendant appears to have strategically withdrawn Delay or Loss of Use but not Ordinance or Law, Acts of a Government Body or Government Seizure because Plaintiff gave the example in their motion that Defendant's interpretation of Loss Of Use would render Business Income coverage illusory in all cases. But that tactical decision does not rescue Defendant from a woefully unreasonable interpretation because the remaining exclusions would render Civil Authority coverage illusory in all cases: if government acts or orders foreclosed coverage whenever they caused a loss of Business Income but did not cause physical loss or damage to the property there would never be Civil Authority coverage for lost income. Defendant's interpretation, thus, does violence to the text of the Policy and is incompatible with the Policy as a whole.

While Cincinnati's withdrawal of the Delay or Lose of Use exclusion tacitly acknowledges that these exclusions have no place in this case, it does so only in part. The Court should finish the job and exclude all four exclusions under Federal Rule of Evidence 401-403.

Dated: October 22, 2021

**STUEVE SIEGEL HANSON LLP**

*s/ Patrick J. Stueve*
Patrick J. Stueve, MO #37682
Bradley T. Wilders, MO #60444
Curtis Shank, MO #66221
Abby E. McClellan, MO Bar # 66069
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone: 816-714-7100
Facsimile: 816-714-7101
Email: stueve@stuevesiegel.com
Email: wilders@stuevesiegel.com
Email: shank@stuevesiegel.com


**MILLER SCHIRGER LLC**

John J. Schirger, MO # 60583
Matthew W. Lytle, MO #59145
Joseph M. Feierabend, MO #62563
4520 Main Street, Suite 1570
Kansas City, MO 64111
Telephone: (816) 561-6500
Facsimile: (816) 561-6501
Email: jschirger@millerschirger.com
Email: mlytle@millerschirger.com
Email: jfeierabend@millerschirger.com

**LANGDON & EMISON LLC**

J. Kent Emison, MO #29721
911 Main Street
PO Box 220
Lexington, Missouri 64067
Telephone: (660) 259-6175
Facsimile: (660) 259-4571
Email: kent@lelaw.com

**SHAFFER LOMBARDO SHURIN, P.C.**
Richard F. Lombardo, MO# 29748
2001 Wyandotte Street
Kansas City, MO 64108
Telephone: 816-931-0500

Facsimile: 816-931-5775
Email: rlombardo@sls-law.com

*Attorneys for Plaintiff*