IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| K.C. HOPPS, LTD., | |
|---|---|
| Plaintiff, | |
| v. | Case No. 4:20-cv-00437-SRB |
| THE CINCINNATI INSURANCE COMPANY, INC., | |
| Defendant. | |

## THE PARTIES DEPOSITION DESIGNATIONS OF TONY HENN

Plaintiff hereby provide this notice setting for Plaintiff's deposition designations for Tony Henn and Defendant's objections and counter designations:

| Plaintiff's Designations | Defendant's Objections | Plaintiffs' response |
|---|---|---|
| 15:15 | 15:9-13, misstates scope of R.30(b)(6) examination | The witness answered the question affirmatively and there was no re-direct. |
| 5:1-7; 7:19-25; 8:1-6; 12:19-25; 13:1-10; 15:1-13(beginning with the word "you've"); | n/a | |
| 152:10-13; 152:15-22; 152:24-25; 153:1-2; 153:4-9; 153:14-19; 153:24-25; 154:1-5; 154:7-9 | FRE 401, 402, 403; contrary to rulings on Defend-ant's Motions in Limine 6-9. (Dkt. No. 134; Parole evidence – Cincinnati drafting history, policies and procedures, and other circumstances where virus may or may not cause physical loss or damage to property not relevant, as | The witness was not asked about extrinsic evidence or drafting history. The witness was asked about Cincinnati's present position with respect to coverage relating to physical loss or damage caused by a virus. Certainly, why Cincinnati denied coverage is relevant to the issues to be tried. |

1

| | virus is not causing physical loss or damage here;<br><br>attorney-client privilege (See, e.g., designations at omitted objections; counter-designations, pp. 154-155);<br><br>incomplete/misstatement of earlier questions and testimony (See, counter-designations, p. 42) | There is no foundation that the witnesses answers were privileged; even if they were, he waived any privilege by answering the question.<br><br>There is no misstatement or incompleteness. |
|---|---|---|
| | Cincinnati further objects to Plaintiff's purported "reserv[ation] [of] the right to introduce the deposition exhibits discussed in this testimony at trial," as the deposition exhibits were not moved into evidence during the deposition. | There is no obligation for a party to "move" an exhibit into evidence during a discovery deposition. |
| **Defendant's counter designations** | **Plaintiff's Objections** | **Defendant's Response** |
| 154:19 through 155:3 | No objection | |

/s/ Patrick J. Stueve
Patrick J. Stueve
Bradley T. Wilders
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
stueve@stuevesiegel.com
wilders@stuevesiegel.com
shank@stuevesiegel.com

John J. Schirger
Matthew W. Lytle
Joseph M. Feierabend
Miller Schirger LLC
4520 Main St., Suite 1570
Kansas City, MO 64111
jschirger@millerschirger.com
mlytle@millerschirger.com
jfeierabend@millerschirger.com

2

Case 4:20-cv-00437-SRB   Document 224   Filed 10/26/21   Page 2 of 3

J. Kent Emison
Patricia L. Campbell
Langdon & Emison LLC
911 Main Street
PO Box 220
Lexington, MO 64067
kent@lelaw.com
tricia@lelaw.com