## INSTRUCTION NO. 1

Members of the Jury Panel, from now until you are discharged from the case, and for those who are selected to try the case, from now until you retire to deliberate on a verdict at the end of the trial, you may not discuss this case with anyone, even the other jurors. You may tell your family, close friends, and other people about your participation in this trial so that you can explain when you are required to be in court. If you do so, you should warn them not to ask you about this case, tell you anything they know or think they know about it, or discuss this case in your presence.

Furthermore, you must not post any information on any social media or a social network, or communicate with anyone about the parties, witnesses, participants, claims, evidence or anything else related to this case.

After you retire to deliberate on a verdict at the end of the trial, you must discuss the case with only the other jurors. You must not tell anyone else anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so. If you discuss the case with someone other than the other jurors during deliberations, you may be influenced in your verdict by their opinions. That would not be fair to the parties and it would result in a verdict that is not based entirely on the evidence and the law.

Also, while you are in the courthouse and until you are discharged in this case, do not provide any information to anyone by any means about this case. Thus, for example, do not talk face-to-face or use any electronic device or social media or in any other way communicate to anyone any information about this case until I accept your verdict or until you have been excused as a juror.

Those of you who are selected for the jury in this case must decide this case based only on the evidence received by the court here in the courtroom and the instructions on the law that I give

the jury. Do not do any research – on the Internet, through social media, in libraries, in the newspapers, or in any other way – or make any investigation about this case on your own. Do not visit or view any place discussed in this case and do not use Internet programs or other device to search for or to view any place discussed in the testimony. Also, do not research any information about this case, the law, the people involved, including the parties, the witnesses, the lawyers, or the judge until you have been excused as jurors.

The important reason for your not talking with anyone about the case is that the parties have a right to have this case decided only on evidence they know about and that has been presented here in court. If you do some research or investigation or experiment that we don't know about, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the Rules of Evidence, the trial process, including the oath to tell the truth and by cross-examination. Each of the parties is entitled to a fair trial, rendered by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide a case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules. Failure to follow these instructions, and indeed any instructions the court gives you throughout the trial could result in the case having to be retried. And failure to follow these and the court's other instructions could result in you being held in contempt of the court and punished accordingly.

## INSTRUCTION NO. 2

During this recess, and every other recess, do not discuss this case among yourselves or with anyone else, including your family and friends. Do not allow anyone to discuss the case with you or within your hearing. "Do not discuss" also means do not e-mail, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed you earlier.

You must decide this case only from the evidence received by the court here in the courtroom and the instructions on the law that I give you. Do not read any newspaper or other written account, watch any televised account or streamed video account, or listen to any streamed internet or radio program on the subject of this trial. Do not conduct any Internet research or consult with any other sources about this case, the people involved in the case, or its general subject matter. You must keep your mind open and free of outside information. Only in this way will you be able to decide the case fairly based solely on the evidence received in court and my instructions on the law. If you decide this case on anything else, you will have done an injustice. It is very important that you follow these instructions.

I may not repeat these things to you before every recess, but keep them in mind until you are discharged.

## INSTRUCTION NO. 3

Members of the Jury: I am now going to give you some instructions about this case and about your duties as jurors. At the end of the trial I will give you more instructions. I may also give you instructions during the trial. All instructions – those I give you now and those I give you later – whether they are in writing or given to you orally – are equally important and you must follow them all.

You must leave your cell phone in the jury room during the trial and may only use them during breaks. However, you are not allowed to have those devices in the jury room during your deliberations. You may give them to the courtroom deputy for safekeeping just before you start to deliberate. They will be returned to you when your deliberations are complete.

This is a civil case brought by plaintiff K.C. Hopps, Ltd. against defendant The Cincinnati Insurance Company, Inc. This case involves a contract dispute arising under the commercial property policy of insurance Cincinnati issued to plaintiff. Plaintiff owns and operates several bars, restaurants, catering services and event spaces on both the Kansas and Missouri sides of the Kansas City metropolitan area. Plaintiff contends in this lawsuit that the insurance policy provides coverage for economic losses it allegedly sustained between March 2020 and March 2021 as a result of the Coronavirus. Defendant denies these allegations. It will be your duty to decide from the evidence whether the plaintiff is entitled to a verdict against the defendant.

Your duty is to decide what the facts are from the evidence. You are allowed to consider the evidence in the light of your own observations and experiences. After you have decided what the facts are, you will have to apply those facts to the law that I give you in these and in my other instructions. That is how you will reach your verdict. Only you will decide what the facts are.

However, you must follow my instructions, whether you agree with them or not. You have taken an oath to follow the law that I give you in my instructions.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any reasons they might have to testify a certain way, how they act while testifying, whether they said something different at another time, whether their testimony is generally reasonable, and how consistent their testimony is with other evidence that you believe.

Do not let sympathy, or your own likes or dislikes, influence you. The law requires you to come to a just verdict based only on the evidence, your common sense, and the law that I give you in my instructions, and nothing else.

Nothing I say or do during this trial is meant to suggest what I think of the evidence or I think your verdict should be.

# INSTRUCTION NO. 4

When I use the word "evidence," I mean the testimony of witnesses; documents and other things I receive as exhibits; facts that I tell you the parties have agreed are true; and any other facts that I tell you to accept as true.

Some things are not evidence. I will tell you now what is not evidence:

1. Lawyers' statements, arguments, questions, and comments are not evidence.

2. Documents or other things that might be in court or talked about, but that I do not receive as exhibits, are not evidence.

3. Objections are not evidence. Lawyers have a right – and sometimes a duty – to object when they believe something should not be a part of the trial. Do not be influenced one way or the other by objections. If I sustain a lawyer's objection to a question or an exhibit, that means the law does not allow you to consider that information. When that happens, you have to ignore the question or the exhibit, and you must not try to guess what the information might have been.

4. Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence, and you must not consider them.

5. Anything you see or hear about this case outside the courtroom is not evidence, and you must not consider it unless I specifically tell you otherwise.

Also, I might tell you that you can consider a piece of evidence for one purpose only, and not for any other purpose. If that happens, I will tell you what purpose you can consider the evidence for and what you are not allowed to consider it for. You need to pay close attention when I give an instruction about evidence that you can consider for only certain purposes, because you might not have that instruction in writing later in the jury room.

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." You should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.

## INSTRUCTION NO. 5

During the trial, I will sometimes need to talk privately with the lawyers. I may talk with them here at the bench while you are in the courtroom, or I may call a recess and let you leave the courtroom while I talk with the lawyers. Either way, please understand that while you are waiting, we are working. We have these conferences to make sure that the trial is proceeding according to the law and to avoid confusion or mistakes. We will do what we can to limit the number of these conferences and to keep them as short as possible.

## INSTRUCTION NO. 6

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a written copy of the testimony to refer to. Because of this, you have to pay close attention to the testimony and other evidence as it is presented here in the courtroom.

If you wish, however, you may take notes to help you remember what witnesses say. If you do take notes, do not show them to anyone until you and your fellow jurors go to the jury room to decide the case after you have heard and seen all of the evidence. And do not let taking notes distract you from paying close attention to the evidence as it is presented. My courtroom deputy will provide each of you with a pad of paper and a pen or pencil. At each recess, leave them in your chair.

When you leave at night, your notes will be locked up and returned to you when you return. When the trial is over your notes will be destroyed. They will not be read by anyone other than you.

# INSTRUCTION NO. 7

Jurors, to make sure this trial is fair to both parties, you must follow these rules:

*First*, do not talk or communicate among yourselves about this case, or about anyone involved with it, until the end of the trial when you go to the jury room to consider your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended and your verdict has been accepted by me. If someone tries to talk to you about the case during the trial, please report it to the courtroom deputy.

*Fourth*, during the trial, do not talk with or speak to any of the parties, lawyers, or witnesses in this case – not even to pass the time of day. It is important not only that you do justice in this case, but also that you act accordingly. If a person from one side of the lawsuit sees you talking to a person from the other side – even if it is just about the weather – that might raise a suspicion about your fairness. So, when the lawyers, parties and witnesses do not speak to you in the halls, on the elevator or the like, you must understand that they are not being rude. They know they are not supposed to talk to you while the trial is going on, and they are just following the rules.

*Fifth*, you may need to tell your family, close friends, and other people that you are a part of this trial. You can tell them when you have to be in court, and you can warn them not to ask you about this case, tell you anything they know or think they know about this case, or talk about this case in front of you. But, you must not communicate with anyone or post information in any manner about the parties, witnesses, participants, claims, evidence, or anything else related to this case.

You must not tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so. If you talk about the case with someone besides the other jurors during deliberations, it looks as if you might already have decided the case or that you might be influenced in your verdict by their opinions. That would not be fair to the parties, and it might result in the verdict being thrown out and the case having to be tried over again. During the trial, while you are in the courthouse and after you leave for the day, do not give any information to anyone, by any means, about this case. For example, do not talk face-to-face or use any electronic device, such as a telephone, cell phone, smart phone, Blackberry, PDA, computer, or computer-like device. Likewise, do not use the Internet or any Internet service; do not text or send instant messages; do not go on or use any internet or other medium, including an Internet chat room, blog, or other websites such as Facebook, YouTube, or Twitter. In other words, do not communicate with anyone about this case – except for the other jurors during deliberations – until I accept your verdict.

*Sixth*, do not do any research -- on the Internet, in libraries, newspapers, or otherwise – and do not investigate this case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or other means to search for or view any place discussed in the testimony. Also, do not look up any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or me, or the court.

*Seventh*, do not read or otherwise receive any information, including any news stories or Internet articles or blogs that are about the case, or about anyone involved with it. Do not listen to any radio or television reports, or digital streaming, about the case or about anyone involved with it. In fact, until the trial is over I suggest that you reduce or limit reading or receiving any digital streaming or any newspapers or news journals, and avoid listening to any television or radio

newscasts at all. I do not know whether there will be news reports about this case, but if there are, you might accidentally find yourself reading or listening to something about the case. If you want, you can have someone collect information or clip out any stories and set them aside to give to you after the trial is over. I can assure you, however, that by the time you have heard all the evidence in this case, you will know what you need to return a just verdict.

The parties have a right to have you decide their case based only on evidence admitted here in court. If you research, investigate, or experiment on your own, or get information from other sources, your verdict might be influenced by inaccurate, incomplete, or misleading information. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through cross-examination. All of the parties are entitled to a fair trial and an impartial jury, and you have to conduct yourselves in a way that assures the integrity of the trial process. If you decide a case based on information not admitted in court, you will deny the parties a fair trial. You will deny them justice. Remember, you have taken an oath to follow the rules, and you must do so. If you do not, the case might have to be retried, and you could be held in contempt.

*Eighth*, do not make up your mind during the trial about what your verdict should be. Keep an open mind until after you and your fellow jurors have discussed all the evidence.

## INSTRUCTION NO. 8

The trial will proceed in the following manner:

First, the plaintiff's lawyer may make an opening statement. Next, the defendant's lawyer may make an opening statement. An opening statement is not evidence, but it is a summary of the evidence the lawyers expect you will see and hear during the trial.

After opening statements, the plaintiff will then present evidence. The defendant's lawyer will have a chance to cross-examine the plaintiff's witnesses. After the plaintiff has finished presenting its case, the defendant may present evidence, and the plaintiff's lawyer will have a chance to cross-examine its witnesses.

After you have seen and heard all of the evidence from both sides, the lawyers will make closing arguments that summarize and interpret the evidence. Just as with opening statements, closing arguments are not evidence. Before the closing arguments, I will instruct you further on the law. After the lawyers' arguments and after the court's instructions you will go to the jury room to deliberate and decide on your verdict.

## INSTRUCTION NO. 9

During this recess, and every other recess, do not discuss this case among yourselves or with anyone else, including your family and friends. Do not allow anyone to discuss the case with you or within your hearing. "Do not discuss" also means do not e-mail, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed you before.

Do not read or listen to any statements about this trial in any method of communication, including any newspaper or other written account, any televised account, any radio program, any digital streaming or other production, on the Internet or elsewhere. Do not conduct any Internet research or consult with any other sources about this case, the people involved in the case, or its general subject matter. You must keep your mind open and free of outside information. Only in this way will you be able to decide the case fairly based solely on the evidence and my instructions on the law. If you decide this case on anything else, you will have done an injustice. It is very important that you follow these instructions.

I may not repeat these things to you before every recess, but keep them in mind throughout the trial.

## INSTRUCTION NO. 10

The plaintiff and the defendant have stipulated—that is, they have agreed—that certain

facts are as counsel have just stated. You must, therefore, treat those facts as having been proved.

The plaintiff and defendant have stipulated to the following facts:

1.     Plaintiff owns in whole or in part, or is the managing member of, several entities

that operate the following nine bars, restaurants, catering services, and event spaces in the Kansas

City metropolitan area ("Plaintiff's Establishments"):

a.   O'Dowd's, LLC, a Missouri limited liability company, d/b/a O'Dowd's Gastrobar, 4742 Pennsylvania Avenue, Kansas City, MO 64112;

b.   Briarcliff Events, LLC, a Missouri limited liability company, d/b/a The View at Briarcliff Event Space, 4000 N Mulberry Drive, Kansas City, MO 64116;

c.   Arena Promotions, LLC, a Missouri limited liability company providing food beverage and catering services at Hy-Vee Arena, 1800 Genessee Street, Kansas City, MO 64102;

d.   Southeast KC Restaurant Co., LLC, a Missouri limited liability company, d/b/a Blue Moose Bar & Grill, Red Bridge, 11134 Holmes Road, Kansas City, MO 64131;

e.   Blue Moose, LLC, a Kansas limited liability company, d/b/a Blue Moose Bar & Grill, Prairie Village, 4160 W 71st Street, Prairie Village, KS 66208;

f.   Barley's Brewhaus, LLC, a Kansas limited liability company, d/b/a Barley's Brewhaus, 16649 Midland Drive, Shawnee, KS 66217;

g.   Falcon Ridge Restaurant, LLC, a Kansas limited liability company, d/b/a Blue Moose Bar & Grill, Lenexa, 10064 Woodland Road, Lenexa, KS 66220;

h.   Hopps Catering, LLC, a Kansas limited liability company, d/b/a Relish Classic Catering and Moose Truck food truck, 9112 Cody Street, Overland Park, KS 66214; and

i.   Pan Fried 2, LLC, a Kansas limited liability company, d/b/a Stroud's Overland Park, 8301 W 135th Street, Overland Park, KS 66223.

2.     Plaintiff does not own any of the buildings housing the above nine listed Plaintiff's

Establishments.

3.    Defendant issued to Plaintiff a commercial property insurance policy bearing Policy No. EPP 012 40 51 / EBA 012 40 51, for the coverage period from January 25, 2020, through January 25, 2023 (the "Policy").

4.    Plaintiff is a Named Insured under the Policy, as are each of Plaintiff's Establishments listed above.

5.    The premium required by the Policy has been paid and the Policy remains in force today.

6.    The Policy defines "Loss" as "accidental physical loss or accidental physical damage."

7.    The Policy defines "Business Income" as follows:

    a.  Net Income (net profit or loss before income taxes) that would have been earned or incurred; and

    b.  Continuing normal operating expenses sustained, including payroll.

8.    The Policy states that the amount of "Business Income" "loss" will be determined based on:

    a.  The Net Income of the business before the direct 'loss' occurred;

    b.  The likely Net Income of the business if no direct 'loss' had occurred, but not including any Net Income that would likely have been earned as a result of an increase in the volume of business due to favorable business conditions caused by the impact of the Covered Cause of Loss on customers or on other businesses;

c. The operating expenses, including payroll expenses, necessary to resume 'operations' with the same quality of service that existed just before the direct 'loss'; and

d. Other relevant sources of information, including

    i. The Plaintiff's financial records and accounting procedures;

    ii. Bills, invoices and other vouchers; and

    iii. Deeds, liens or contracts.

9. The Policy states that "Period of restoration" means the period of time that:

a. Begins at the time of direct "loss."

b. Ends on the earlier of:

    (1) The date when the property at the "premises" should be repaired, rebuilt or replaced with reasonable speed and similar quality; or

    (2) The date when business is resumed at a new permanent location; or

    (3) The number of consecutive months after the date of direct physical "loss" indicated in the Schedule of this endorsement, which is 12 months.

c. The expiration date of the policy will not cut short the "period of restoration."

10. In the event of a loss, the Policy required the Plaintiff to take all reasonable steps to protect the Covered Property from further loss. It also required Plaintiff to resume all or part of its business activities as quickly as possible.

11. Severe Acute Respiratory Syndrome Coronavirus 2 (SARS-CoV-2) is a novel zoonotic pathogen that is responsible for causing Coronavirus Disease 2019 (COVID-19).

12.     On or about March 24, 2020, Plaintiff made a claim under the Policy for business income.

13.     Defendant denied Plaintiff's claim for coverage by letter dated May 15, 2020. Plaintiff filed this lawsuit on June 4, 2020

## INSTRUCTION NO. 11

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the books, records, or other underlying evidence in the case. Those charts or summaries are used for convenience. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the books, records or other underlying evidence.

## INSTRUCTION NO. 12

Testimony was presented to you in the form of a deposition. A deposition is the recorded answers a witness made under oath to questions asked by lawyers before trial. The deposition testimony to be offered was electronically video recorded and that recording was played for you. You should consider the deposition testimony, and judge its credibility, as you would that of any witness who testifies here in person.

## INSTRUCTION NO. 13

Members of the jury, the instructions I gave at the beginning of the trial and during the trial are still in effect. Now I am going to give you some additional instructions.

You have to follow all of my instructions – the ones I gave you earlier, as well as those I give you now. Do not single out some instructions and ignore others, because they are all important. This is true even though I am not going to repeat some of the instructions I gave you at the beginning of the trial.

You will have copies of all of the instructions in the jury room.

## INSTRUCTION NO. 14

I have not intended to suggest what I think your verdict should be by any of my rulings or comments during the trial.

## INSTRUCTION NO. 15

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way; how a witness acted while testifying; whether a witness said something different at another time; whether a witness's testimony sounded reasonable; and whether or to what extent a witness's testimony is consistent with other evidence you believe.

In deciding whether to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things. You will have to decide whether a contradiction is an innocent misrecollection, or a lapse of memory, or an intentional falsehood; that may depend on whether it has to do with an important fact or only a small detail.

## INSTRUCTION NO. 16

You will have to decide whether certain facts have been proved by the greater weight of the evidence. A fact has been proved by the greater weight of the evidence, if you find that it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable.

You have probably heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than "more likely true than not true." It applies in criminal cases, but not in this civil case; so put it out of your mind.

## INSTRUCTION NO. 17

There are rules you must follow when you go to the jury room to deliberate and return with your verdict.

*First*, you will select a foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement, if you can do this without going against what you believe to be the truth, because all jurors have to agree on the verdict.

Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you should. But, do not come to a decision just because other jurors think it is right, or just to reach a verdict. Remember you are not for or against any party. You are judges – judges of the facts. Your only job is to study the evidence and decide what is true.

*Third*, if you need to communicate with me during your deliberations, send me a note signed by one or more of you. Give the note to the court room deputy and I will answer you as soon as I can, either in writing or here in court. While you are deliberating, do not tell anyone – including me – how many jurors are voting for any side.

*Fourth*, your verdict has to be based only on the evidence and on the law that I have given to you in my instructions. Nothing I have said or done was meant to suggest what I think your verdict should be. The verdict is entirely up to you.

*Finally*, the verdict forms are your written decision in this case. The forms read: (read forms). You will take these forms to the jury room, and when you have all agreed on the verdicts, your foreperson will fill in the forms, sign and date them, and tell courtroom deputy that you are ready to return to the courtroom.

If more than one form was furnished, you will bring the unused forms in with you.

## INSTRUCTION NO. 18

You have heard testimony from Dr. Marc Goodman, Dr. Alexander Klibanov, Kevin Grudzien, Dr. Keith Armitage, and Dr. Wayne Thomann, who testified to opinions and the reasons for their opinions. This opinion testimony is allowed because of the education or experience of these witnesses.

You should judge this opinion testimony just as you would any other testimony. You may accept it or reject it and give it the weight as you think it deserves, considering the witnesses' education and experience, the reasons given for the opinions, and all other evidence in this case.

## INSTRUCTION NO. 19

Wherever in these instructions the term direct physical loss or physical damage are used, that means that property has suffered some physicality to the loss or damage to the property – *e.g.*, a physical alteration, physical contamination, or physical destruction.

## INSTRUCTION NO. 20

All words used in an insurance policy are to be read and understood in their plain and ordinary meaning. Exclusions are provisions in insurance policies. It is the plaintiff's burden to establish coverage and the defendant's burden to establish an exclusion under Instructions 21 and 22 or a failure to mitigate damages under Instruction 25.

## INSTRUCTION NO. 21

Your verdict must be for the defendant if you believe that the physical loss or physical damage to the plaintiff's properties by SARS-CoV-2 from Instruction 19 was caused directly or indirectly by an Ordinance or Law regulating the use of any building or structure regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

## INSTRUCTION NO. 22

Your verdict must be for the defendant if you believe that the physical loss or physical damage to the plaintiff's properties by SARS-CoV-2 from Instruction 19 was caused by or resulting from acts or decisions, including the failure to act or decide, of any person, group, organization or governmental body, unless you determine that a portion of the physical loss or physical damage to the plaintiff's properties by SARS-CoV-2 was caused by physical loss or physical damage other than these acts or decisions. However, this exclusion does not apply if the acts or decisions were by any person other than the plaintiff or beyond the plaintiff's direction or control.

## INSTRUCTION NO. 23

Your verdict must be for the plaintiff if you believe:

First, the defendant issued its policy to plaintiff on ~~nine~~ _ten_ different properties covering direct physical loss or physical damage at one of more of those properties from March 2020 to March 2021; and

Second, such property suffered direct physical loss or physical damage due to SARS-CoV-2; and

Third, the plaintiff suffered actual loss of business income due to the necessary suspension of the plaintiff's operations during a period of restoration that was caused by direct physical loss or physical damage to the plaintiff's properties.

Unless you believe the plaintiff is not entitled to recover by reason of Instructions 21 or 22.

**INSTRUCTION NO. 24**

Your verdict must be for the defendant unless you believe:

First, the defendant issued its policy to plaintiff on ~~nine~~ *TEN* different properties covering direct physical loss or physical damage at one of more of those properties from March 2020 to March 2021; and

Second, such property suffered direct physical loss or physical damage due to SARS-CoV-2; and

Third, the plaintiff suffered actual loss of business income due to the necessary suspension of the plaintiff's operations during a period of restoration that was caused by direct physical loss or physical damage to the plaintiff's properties.

## INSTRUCTION NO. 25

If you find that the plaintiff is entitled to recover damages for breach of the contract, then in fixing the amount of damages you should not include any loss that it could have prevented by reasonable care and diligence.

## INSTRUCTION NO. 26

If you find in favor of plaintiff, then you must award plaintiff such sum as you believe will fairly and justly compensate plaintiff for any damages you believe plaintiff sustained as a direct result of the occurrence mentioned in the evidence. If you find that plaintiff failed to mitigate damages as submitted in Instruction 25, in determining plaintiff's total damages you must not include those damages that would not have occurred without such failure.