# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

| | |
|---|---|
| K.C. HOPPS, LTD., | |
| Plaintiff, | |
| v. | Case No. 4:20-cv-437-SRB |
| THE CINCINNATI INSURANCE COMPANY, | |
| Defendant. | |

## PLAINTIFF'S POST-TRIAL MOTION FOR DIRECTED VERDICT AND MEMORANDUM IN SUPPORT THEREOF

On October 28, 2021, after the close of Defendant's case at trial, Plaintiff moved for judgment as a matter of law pursuant to Rule 50(a) of the Federal Rules of Civil Procedure on Defendant's Affirmative Defense No. 4 (the "Ordinance or Law" and "Acts or Decisions" exclusions) and Affirmative Defense No. 11 (mitigation of damages). Pursuant to Rule 50(b), Plaintiff now renews that motion following judgment as to Affirmative Defense No. 4. Plaintiffs incorporate by reference the arguments filed in their Rule 50(a) motion (Doc. 234) and the arguments contained in their Motion for a New Trial that is being filed contemporaneously with this Motion.

## LEGAL STANDARD

This Court is permitted to grant a motion for judgment as a matter of law against a party on an issue if "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed. R. Civ. P. 50(a). "If, for any reason, the court does not grant a motion for judgment as a matter of law made at the close of all the evidence, the court is considered to have submitted the action to jury subject to the court's later deciding the legal questions raised by

the motion." Fed. R. Civ. P. 50(b). If the jury returns a verdict and a party chooses to renew its motion and challenge the jury's verdict, the Court must assess "whether there is sufficient evidence supporting a jury verdict." *White v. Pence,* 961 F.2d 776, 779 (8th Cir. 1992); *see also Sip-Top, Inc. v. Ekco Grp., Inc.,* 86 F.3d 827, 830 (8th Cir. 1996). The Court may grant the renewed motion and enter judgment as a matter of law if the Court finds that no reasonable jury could find for the nonmoving party under any permissible claim or theory. *See Waner v. Ford Motor Co.,* 331 F.3d 851 (Fed. Cir. 2003).

Although the non-movant must receive the benefit of all reasonable inferences, the non-movant may not be accorded "the benefit of unreasonable inferences, or those at war with the undisputed facts." *Larson by Larson v. Miller,* 76 F.3d 1446, 1452 (8th Cir. 1996); *Sip-Top, Inc.,* 86 F.3d at 830. And when "the record contains no proof *beyond speculation* to support the verdict," judgment as a matter of law is appropriate. *Larson,* 76 F.3d at 1452 (citation omitted) (emphasis added).

## ARGUMENT

Plaintiff seeks a new trial based on the submission to the jury of the Ordinance or Law and Acts or Decisions exclusion because those defenses were not supported by substantial evidence. *See* Pl. Mot. for a New Trial and Supporting Mem. In fact, even a scintilla of evidence did not support the application of those exclusions because, as explained more fully in that Motion and in Plaintiff's Rule 50(a) motion, Defendant Cincinnati Insurance Co. ("Cincinnati") argued only that the government orders caused the "loss" required of the exclusions. As a matter of law, however, the orders themselves did not and could not cause physical loss or physical damage as required under the Policy. *Oral Surgeons, P.C. v. Cincinnati, Ins. Co*., 2 F.4th 1141, 1144 (8th Cir. 2021). Nor could those orders have caused or contributed to the presence of SARS-CoV-2 virus on

Plaintiffs' property. No such evidence was presented at trial; nor could there have been any basis for the jury to reasonably conclude that these orders caused or contributed to any physical damage or physical loss. Consequently, there was no evidence to support the exclusions. The Court should therefore direct a verdict on Plaintiff's behalf with respect to these defenses and order a new trial without submission of these defenses to the jury for all the reasons more fully explained in Plaintiff's Motion for a New Trial.

## CONCLUSION

The Court should grant Plaintiff's Post-Trial Motion for Directed Verdict related to the Acts or Decisions and Ordinance or Law Policy exclusions.

Dated:  November 24, 2021               Respectfully submitted,

**STUEVE SIEGEL HANSON LLP**

*s/ Patrick J. Stueve*
Patrick J. Stueve, MO #37682
Bradley T. Wilders, MO #60444
Abby E. McClellan, MO Bar # 66069
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone:      816-714-7100
Facsimile:      816-714-7101
Email:          stueve@stuevesiegel.com
Email:          wilders@stuevesiegel.com

**MILLER SCHIRGER LLC**
John J. Schirger, MO # 60583
Matthew W. Lytle, MO #59145
Joseph M. Feierabend, MO #62563
4520 Main Street, Suite 1570
Kansas City, MO 64111
Telephone:      (816) 561-6500
Facsimile:      (816) 561-6501
Email: jschirger@millerschirger.com
Email: mlytle@millerschirger.com
Email: jfeierabend@millerschirger.com

3

**LANGDON & EMISON LLC**

J. Kent Emison, MO #29721
911 Main Street
PO Box 220
Lexington, Missouri 64067
Telephone:      (660) 259-6175
Facsimile:      (660) 259-4571
Email:          kent@lelaw.com

**SHAFFER LOMBARDO SHURIN, P.C.**
Richard F. Lombardo, MO# 29748
2001 Wyandotte Street
Kansas City, MO 64108
Telephone:      816-931-0500
Facsimile:      816-931-5775
Email:          rlombardo@sls-law.com

*Attorneys for Plaintiff*